UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS, d.b.a. ACERTHORN                               PLAINTIFF

VS.                      CASE NO. __3:21-cv-04184-JSC__

KARL POLANO, d.b.a. SOFIANNP                                   DEFENDANT

### MOTION FOR APPOINTMENT OF COUNSEL UNDER 28 USC § 1915(e)(1)

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Appointment of Counsel under 28 USC § 1915(e)(1).

1. Plaintiff is applying for leave to proceed *in form pauperis*. This form should make it clear that Plaintiff cannot possibly afford a lawyer on retainer.

2. The ideal case for appointment of counsel is one where the case features highly complex legal questions, the Plaintiff has a high probability of success on the merits, and extenuating circumstances not the fault of the Plaintiff and not related to the merits of the case prevent the Plaintiff from obtaining counsel under his own power. See Agyeman v. Corrections Corp. of America, 390 F. 3d 1101 (9th Cir. 2004).

3. Copyright law is an exceptionally complex branch of law, and that complexity is practically tripled when fair use gets raised as a defense.

4. Plaintiff's complaint should demonstrate that he has a very high chance of success on the merits. His inability to obtain counsel under his own power is not due to a lack of merit to his claims. On multiple occasions, in his search for counsel, Plaintiff was very close to convincing an attorney to take his case on a contingency-fee basis. On a few occasions, various attorneys and paralegals would literally chuckle while saying "It is not fair use!" (referring to the 50-second video mention in ¶¶ 16-20 of the Complaint).

5. However, every attorney Plaintiff spoke to ultimately declined to represent Plaintiff for one of two reasons. Either (A) they don't take cases on contingency as a general matter, or (B) the fact that the Defendant lives in Switzerland presents significant logistical challenges to suing him that make a contingency-fee representation unfeasible.

6. That latter scenario is what has prevented Plaintiff from obtaining counsel on a contingency-fee basis under his own power.

7. So because this case has a high probability of success, contains exceptionally complex questions of law, and there are extenuating circumstances unrelated to the merits of the case that prevent Plaintiff from obtaining his own legal representation, Plaintiff believes that appointment of counsel pursuant to the court's authority under 28 USC § 1915(e)(1) is warranted.

8. Wherefore, premises considered, Plaintiff respectfully requests that the Court appoint an attorney to represent him in this case.

So requested on this, the ___29___ th day of May, 2021.

*David Stebbins* (signature)

David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com