UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

**CIVIL STANDING ORDER FOR
MAGISTRATE JUDGE JACQUELINE SCOTT CORLEY**
(Revised February 12, 2021)

**DUE TO THE PANDEMIC NO CHAMBERS COPIES SHALL BE SUBMITTED.**

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at http://www.cand.uscourts.gov.  The parties' failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

**CALENDAR DATES**

Civil motions are heard on Thursday at 9:00 a.m.  During the months when Judge Corley is on criminal duty, the Court may move any Thursday 9:00 a.m. motions to Thursday afternoon.

Civil case management and status conferences are heard on Thursdays at 1:30 p.m.  Pretrial conferences are at 2:00 p.m.

**SCHEDULING**

Parties should notice motions (other than discovery motions) pursuant to the local rules. Parties need not reserve a hearing date, but should confirm the Court's availability at http://www.cand.uscourts.gov. For scheduling questions, please contact Judge Corley's Courtroom Deputy, Ada Means at (415) 522-2015 or jsccrd@cand.uscourts.gov.

Parties seeking to appear telephonically at a hearing or case management conference must submit a written request to do so at least three days before the scheduled hearing.

**CONSENT CASES**

In civil cases that are randomly assigned to Judge Corley for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.  If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion.

In no event shall the consent or declination be filed later than the deadlines specified in Civil Local Rule 73-1(a)(1) and (2).

**INVITATION TO SELF-IDENTIFY PRONOUNS AND HONORIFICS**

If they so choose, litigants and lawyers may indicate their pronouns (e.g., she/her, he/him, they/their) and honorifics (e.g., Mr., Ms., Mx., Dr.) by adding the information in the name block or signature line of the pleadings.

**CHAMBERS COPIES AND PROPOSED ORDERS *TEMPORARILY SUSPENDED**

Under Civil Local Rule 5-1(b) parties must lodge an extra paper copy of any filing and mark it as a copy for "Chambers."  This includes chambers copies of Case Management Conference Statements.  However, the parties do not need to submit chambers copies for stipulations, pro hac vice applications, and similar non-motion filings.  Parties only need to submit chambers copies of other documents that (1) are related to a pending motion and/or discovery dispute <u>and</u> (2) exceed ten pages when combined.  (For example, if a motion is 8 pages and a supportive declaration is 5 pages, chambers copies are required.  However, if there is a 20-page stipulation and proposed order, no chambers copy is required.)

All chambers copies should be double-sided (when possible), three-hole punched along the left side of the page, and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page.  All exhibits shall be clearly delineated with labels along the right side.  If the filing includes exhibits over two-inches thick, the parties shall place the chambers copy in a binder.  In a case subject to electronic filing, chambers copies must be submitted by the close of the next court day following the day the papers are filed electronically.  The chambers copies shall be marked "Chambers Copy" and submitted to the Clerk's Office, in an envelope marked with "Magistrate Judge Corley," the case number, and "Chambers Copy."

Any stipulation or proposed order in a case subject to e-filing should, in addition to being e-filed, be submitted by email to jscpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed. This email address should only be used for this stated purpose unless otherwise directed by the Court.

**CIVIL CASE MANAGEMENT**

No later than seven (7) days before the initial case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Northern District of California's general standing order for civil cases entitled "Contents of Joint Case Management Statement," a copy of which is attached hereto.

Parties may not continue a case management, status, or pretrial conference without Court approval. Each party shall be represented in person at the Case Management Conference by counsel (or a party if in pro se), who shall be (1) prepared to address all of the matters referred to in the Northern District of California's general standing order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order. Permission for a party to attend by telephone may be

granted, in the Court's discretion, upon written request made in advance of the hearing if the Court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective conference.  The facts establishing good cause must be set forth in the request.

The Court strongly encourages parties to permit less experienced attorneys to actively participate in the proceedings by presenting argument at motion hearings or examining witnesses at trial.  The Court is amendable to permitting a number of attorneys to argue for one party at a motion hearing or case management conference if this creates an opportunity for such attorneys to participate.

All hearings, case management, status and pretrial conferences are audio recorded; court reporters are usually not provided.  Parties may request a copy of either the audio recording (on CD) or a transcription of the audio recording or the court reporter's transcript if applicable by following the procedures set forth at http://cand.uscourts.gov/transcripts.

**Amended Pleadings**
If a party files an amended pleading, they shall concurrently file a redlined or highlighted version comparing the amended pleading to the prior operative pleading.

**Documents filed on ECF**
All exhibits to motions and/or discovery disputes should be separately filed on ECF (For example, if the motion is Docket No. 30, and the declaration with 10 exhibits is Docket No. 31, Exhibit A would be filed as Docket No. 31-1, Exhibit B would be Docket No. 31-2, and so on).  All exhibits shall also be filed in a searchable OCR format where possible.

**Motions to File Under Seal**
Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal.  If a party wishes to file a document under seal, that party shall first file an administrative motion to seal in accordance with Local Rule 79-5.

The parties need not file paper copies of the administrative motion to seal with the clerk's office.  The parties only need to submit chambers copies of the administrative motion to seal and related filings.  Chambers copies should include all material — both redacted and unredacted — so that the chambers staff does not have to re-assemble the whole brief or declaration, although chambers copies should clearly delineate which portions are confidential (via highlighting).  Chambers copies shall also bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page.  Chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded.  **If the parties wish to dispose of documents filed under seal in some other way, they must expressly indicate as much in their sealing motion and make arrangements to pick up the documents upon disposition of the motion.**

**CIVIL DISCOVERY**

Parties should be mindful of the December 1, 2015 amendments to the Federal Rules of Civil Procedure, and in particular, the directive in Rule 1 that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding", and the proportionality requirements for discovery under Rule 26(b)(1).

Discovery disputes referred from a district court judge and those which occur in cases which are assigned to Judge Corley for all purposes through consent of the parties shall follow the same procedures as set forth below:

Upon referral from a District Judge or upon the development of an impasse with respect to discovery in a pending case assigned to Judge Corley, the parties must first meet and confer. That is, counsel for each party shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls or facsimile transmissions does not satisfy the meet and confer requirement.

If the parties are unable to resolve their dispute informally after a good faith effort, **including meet and confer efforts conducted by lead counsel**, the parties have two options:

1) If the dispute is straightforward, or the parties believe some initial informal guidance from the Court may help the parties resolve their dispute without the need for briefing, the parties may contact Judge Corley's Courtroom Deputy, Ada Means at (415) 522-2015 to arrange a telephonic conference with Judge Corley
2) For more complex disputes, the parties shall prepare a joint statement of not more than five pages (12-point or greater font) stating the nature and status of the dispute and attesting to their good faith meet and confer efforts.  Issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and provide each party's final proposed compromise before addressing the next issue.  It is preferable that the parties file a separate letter for each dispute. Where necessary, the parties may submit supporting declarations and documentation of up to 12 pages.  Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments.

   The parties are strongly encouraged to submit a joint statement, but in the rare instances when a joint statement is not possible, each side may submit a statement of not more than two pages (12-point font or greater).

> The joint statement or individual statements shall be e-filed (unless the case is exempt from e-filing requirements) and chambers copies submitted as required herein.  Whether joint or individual, the statement must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief."
>
> Upon review of the parties' submission[s], the Court will advise the parties of how the Court intends to proceed.  The Court may issue a ruling or schedule a telephone conference or in person conference with the parties, and at such conference may issue rulings, order more formal briefing, or set further hearing dates.  The Court may also order the parties to come to the courthouse to meet and confer in good faith.

**Protective Orders**

If parties believe a protective order is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at http://cand.uscourts.gov/stipprotectorder).  If the parties' proposed protective offer differs materially from the model protective order, the parties shall file a statement explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order.

**Privilege Logs**

If a party withholds material as privileged, *see* Fed. R. Civ. P. 26(b)(5) and 45(d)(2)(A), it must produce a privilege log as quickly as possible, but no later than fourteen days after its disclosures or discovery responses are due, unless the parties stipulate to or the Court sets another date.  Privilege logs must contain the following: (a) the subject matter or general nature of the document (without disclosing its contents); (b) the identity and position of its author; (c) the date it was communicated; (d) the identity and position of all addressees and recipients of the communication; (e) the document's present location; and (f) the specific privilege and a brief summary of any supporting facts.  Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

**Depositions**

Notice of  depositions must be given at least 30 days prior to the close of fact discovery.

**UNREPRESENTED (PRO SE) PARTIES**

Parties representing themselves should visit the link titled "Representing Yourself" on the Court's homepage, www.cand.uscourts.gov.  The link discusses the Court's "Legal Help Center" which provides free assistance at the San Francisco, Oakland, and San Jose courthouses for unrepresented parties.  Parties may visit the Legal Help Centers at the San Francisco and Oakland courthouses or call (415)-782-8982 to make an appointment.  Parties can make an appointment to visit the San Jose Legal Help Center by calling 408-297-1480.

//

IT IS SO ORDERED.

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

# STANDING ORDER FOR ALL JUDGES
# OF THE NORTHERN DISTRICT OF CALIFORNIA
## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

*Effective November 1, 2018*

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes ___ No

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

20. <u>Professional Conduct</u>: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.