UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS, <br> Plaintiff, <br> v. <br> KARL POLANO, <br> Defendant. | Case No. 21-cv-04184-JSC <br><br> **SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915 AND ORDER RE: MOTION TO APPOINT COUNSEL** <br><br> Re: Dkt. Nos. 1, 3 |

The Court previously granted Plaintiff's Application to Proceed in Forma Pauperis. (Dkt. No. 6.) It must now review the complaint's allegations under 28 U.S.C. § 1915. Because Plaintiff's claims for misrepresentation under 17 U.S.C. § 512(f)(2) and intentional infliction of emotional distress ("IIED") do not comply with Federal Rule of Civil Procedure 8, the Court gives Plaintiff the opportunity to amend the complaint.

Also pending before the Court is Plaintiff's motion to appoint counsel. (Dkt. No. 3.) For the reasons explained below, the Court DENIES the motion.

**COMPLAINT ALLEGATIONS**

Plaintiff has dedicated channels on YouTube and Twitch where he posts original videos under the alias Acerthorn. He uses both channels as a part-time source of income and hopes to earn enough to become full-time. Defendant is a resident of Switzerland who also has channels on YouTube and Twitch, using the alias SofiannP.

On April 10, 2021, Plaintiff accidentally broadcast a live video for about two hours on his own Twitch channel. Unbeknownst to Plaintiff, people who followed his Twitch channel could watch him in his daily activities. At one point, the live video included strange sounds that Plaintiff does not recognize. The strange noises were the most memorable part of an otherwise banal

video. After he realized the video was broadcast, Plaintiff registered a copyright and posted the video on his YouTube channel, with viewing access limited to followers who pay him $20 per month.

In mid-April 2021, Defendant began to harass Plaintiff online, including "doxxing" him by posting personal information on YouTube and Twitch. Defendant sent messages to new followers who came onto Plaintiff's channels "in an attempt to get them to likewise despise Plaintiff," thereby "heavily slowing down [] the growth of Plaintiff's fanbase" and paying followers. (Dkt. No. 1 at 3.) Defendant also sent harassing messages directly to Plaintiff.

On May 20, 2021, Defendant posted a video to his own YouTube channel. Of the 50 seconds in the video, 43 seconds were a direct clip from Plaintiff's April 10, 2021 video. Plaintiff alleges that the only way Defendant could have acquired the clip is by illegally downloading it from Plaintiff's Twitch channel with third-party software; there is no way to download directly from Twitch, and Plaintiff "knows for a fact" that Defendant does not have access to the video on YouTube because he does not pay Plaintiff $20 a month for access. (*Id.* at 4.) Below the video, Defendant included the following description:

> This is a parody. (obviously)
> Fair Use Disclaimer:
> - Copyright Disclaimer under Section 107 of the Copyright Act of 1976, allowance is made for 'fair use' for purposes such as criticism, comment, news reporting, teaching, scholarship, education and research.
> - Fair use is a use permitted by copyright statute that might otherwise be infringing.

(*Id.*) Plaintiff filed a "DMCA Takedown Notice" with YouTube, and Defendant's video was removed about an hour later. On May 25, 2021, Defendant filed a "DMCA Counter-Notice" with YouTube, in which he stated, "I've created the video as a parody of it's [sic] original content which was a 2 hour livestream, this parody is meant to be a meme and nothing like Acerthorns original content. This is Fair Use as his material has been altered to create new content and has also not been monetized." (*Id.* at 4-5.) Plaintiff alleges that Defendant's video "almost completely usurps the market" for his own video because "people are unlikely to pay [] the $20 per month fee to see the livestream and strange noises the legitimate way." (*Id.* at 4.) Defendant's

1  video will be automatically reinstated on June 8, 2021, unless Plaintiff files a lawsuit.

2  Plaintiff claims one count of copyright infringement for illegally downloading his video;
3  another count for using the video; violations of 17 U.S.C. § 512(f)(2); and IIED.

**LEGAL STANDARD**

A court must dismiss an *in forma pauperis* complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015). "While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint that fails to state a defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-CV-00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

Plaintiff is proceeding without representation by a lawyer. While the Court must construe the complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this

1 | District. *See* N.D. Cal. Civ. L.R. 3-9(a).

**DISCUSSION**

**I.   Copyright Infringement**

To state a claim for copyright infringement, a plaintiff must allege facts plausibly showing (1) that he owns a valid copyright in the work, and (2) "copying" and "unlawful appropriation." *Skidmore for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc). For "copying," the alleged facts must plausibly show, directly, that the defendant copied or, circumstantially, that the defendant had access to the plaintiff's work and the works are strikingly similar. *Id.* For "unlawful appropriation," the alleged facts must plausibly show that specific elements of the works are objectively similar and that an ordinary observer would view the overall works as similar. *Id.*

Fair use is an affirmative defense establishing that the defendant's use did not infringe the copyright. *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012); *see Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1151-53 (9th Cir. 2016). It is "a mixed question of law and fact" that "requires a case-by-case determination whether a particular use is fair." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560, 549 (1985). Typically considered at the summary judgment stage, fair use "may be considered on a motion to dismiss . . . where no material facts are in dispute." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 530 (9th Cir. 2008). But, on the face of the complaint, "it is not necessary to plead facts that disprove fair use [for the complaint] to survive." *Peterman v. Republican Nat'l Comm.*, 320 F. Supp. 3d 1151, 1157 (D. Mont. 2018).

Plaintiff's complaint adequately alleges that he owned a copyright as the original and sole author of the April 10, 2021 video. The complaint also plausibly shows direct copying; Defendant stated his video, the majority of which was a direct clip from Plaintiff's, was a parody of Plaintiff's original video. The complaint alleges unlawful appropriation, in that both videos contained unique strange noises and the 43-second clip from Plaintiff's video would be recognizable to an ordinary observer. Moreover, although the complaint suggests Defendant will raise the issue of fair use, that is an affirmative defense that Plaintiff need not disprove at this

4

stage.

## II. Misrepresentation Under 17 U.S.C. § 512(f)(2)

To state a claim for misrepresentation under 17 U.S.C. § 512(f)(2), a plaintiff must allege facts plausibly showing (1) that the defendant knowingly and materially misrepresented that its material was removed or disabled by mistake or misidentification; (2) the internet service provider relied on the misrepresentation in replacing the removed material or ceasing to disable access to it; and (3) the plaintiff was injured as a result. *See Automattic Inc. v. Steiner*, 82 F. Supp. 3d 1011, 1026 (N.D. Cal. 2015). The first element is not met if the defendant had a subjective good faith belief that it was not making a misrepresentation—in this situation, if the defendant had a subjective good faith belief that its material was fair use and therefore removing it was a misidentification. *See Lenz*, 815 F.3d at 1153-54.

Plaintiff's complaint does not adequately allege the first element. Plaintiff alleges that Defendant's Counter-Notice claiming fair use was false and frivolous, and that Defendant's pattern of harassment suggests that Defendant's video was meant to harass, not parody. However, the facts as alleged do not plausibly suggest that any misrepresentation in Defendant's Counter-Notice was knowing. The allegations more plausibly suggest that Defendant believed his use of Plaintiff's video was fair use, and that such a belief might have been reasonable.

## III. Intentional Infliction of Emotional Distress

To state a claim for IIED, the plaintiff must allege facts that plausibly show: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009).

Plaintiff's complaint does not make clear which conduct is the basis for his IIED claim. (Dkt. No. 1 at 5 ("Plaintiff also believes his entitlement to judgment on the merits in regards to the [IIED] is also self-explanatory at this point.").) Regarding both Defendant's use of Plaintiff's video and earlier online harassment, the complaint does not allege facts to show the conduct was extreme and outrageous. Likewise, Plaintiff does not explain how or to what extent the conduct

5

1 caused him to suffer severe or extreme emotional distress, apart from his possible financial losses
2 due to Defendant's competing video.

**IV. Motion to Appoint Counsel**

Plaintiff asks the Court to appoint counsel. (Dkt. No. 3.) At this time, the Court determines that the case does not merit *pro bono* representation pursuant to Northern District of California General Order 25. Accordingly, the motion is DENIED.

## CONCLUSION

For the reasons described above, Plaintiff's 17 U.S.C. § 512(f)(2) and IIED claims do not comply with Rule 8. Leave to amend is appropriate. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *see also Lopez*, 203 F.3d at 1127. The Court encourages Mr. Stebbins to continue to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. In light of the ongoing COVID-19 pandemic, Mr. Stebbins should make a telephone appointment by calling (415) 782-8982.

If he chooses to amend, Plaintiff should: set forth the complaint's allegations in separate numbered paragraphs; set forth each claim in a separate numbered paragraph; and identify each factual allegation that supports each claim for relief. Additionally, Plaintiff is informed that the Court cannot refer to prior pleadings in order to make an amended complaint complete. The amended complaint must be complete in itself because it replaces the previously filed complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Accordingly, the amended complaint should contain all the defendants, claims, and specific factual allegations that Plaintiff wishes to put before the Court. Finally, Plaintiff is warned that failure to comply with the Federal Rules of Civil Procedure, the Local Rules, or any court order could result in a report and recommendation that his complaint be dismissed.

Plaintiff's amended complaint, if any, must be filed by July 30, 2021.

This Order disposes of Docket No. 3.

//

//

//

**IT IS SO ORDERED.**

Dated: June 30, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge