UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS, d.b.a. ACERTHORN                                    PLAINTIFF

VS.                             Case 3:21-cv-04184-JSC

KARL POLANO, d.b.a. SOFIANNP, ALPHABET INC.,
DISCORD INC., FACEBOOK INC.,                                        DEFENDANTS
JOHN DOE #1, d.b.a. INITIATIVEKOOKIE, and
JOHN DOE #2, d.b.a. TGP482,

## MOTION FOR TEMPORARY RESTRAINING ORDER

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for a Temporary Restraining Order.

1.      This motion is explicitly permitted by statute to be heard ex parte. See 17 USC § 512(j)(3) ("Injunctive relief under this subsection shall be available only after notice to the service provider and an opportunity for the service provider to appear are provided, *except for orders ensuring the preservation of evidence* or other orders having no material adverse effect on the operation of the service provider's communications network") (emphasis added).

2.      Once this case moves to the discovery phase, I intend to search the Great Six Discord server for additional evidence of copyright infringement, as well as additional evidence of collusion between the three individual defendants. See Doc. 12, ¶ 43.

3.      However, I fear that, as soon as any of the three individual defendants get served with process, they will hastily move to delete any potentially incriminating evidence from the Great Six Discord server, as well as their own direct messages with other Discord members, that might incriminate them in this case. If any of the instances of copyright infringement, or any evidence that the three individual defendants were colluding this entire time to sabotage my career[1], are deleted from the Discord server, the prejudice that I will suffer to my case is irreparable.

4.      To prevent this tempering with evidence from happening, I ask the Court to issue a temporary restraining order, requiring Defendant Discord Inc. to …

(a)     … modify the Great Six Discord, so that no members of that Discord (including SofiannP and TGP482) will be able to edit or delete any messages or channels, and

(b)     … modify the individual accounts of SofiannP#1337, TGP482#7412, InitiativeKookie#7766, and VoreKeo777#4172, so that they cannot edit or delete any messages, regardless of whether those direct messages were directed to other Great Six members, and even if the messages were posted in Discord servers other than Great Six.

---

1   More evidence than what I already have, that is.

5.  This would prevent the trio of individual Defendants from being able to simply destroy any evidence that might incriminate them.

6.  This is an extremely unintrusive TRO. This does not impede any of the Defendants' ability to post new messages. They simply can't change the messages once they are initially submitted until this case is over.

7.  Even logistically, this is an extremely unintrusive TRO for Discord Inc. to comply with. Discord already has the infrastructure to give individuals or entire groups of people in a server the ability to "manage channels" or "manage messages[2]." See **Exhibit A**. The only thing Discord Inc. would be required to do that is even remotely out of the ordinary for them is to (A) prohibit ALL members of Great Six from managing channels or messages, including the moderators and administrators, and (B) make it so that these settings cannot be changed until this case is resolved.

8.  As you can see from Exhibit A, these two privileges are distinct from the "send messages" privilege, so disabling the first two privileges does not disable the third, so the individual users of Great Six will not have their ability to send or receive messages impaired by this TRO. Again, this is very unintrusive.

9.  The Great Six server should also have its ability to manage channels taken from it. This would prevent Karl Polano and/or TGP482 from being able to delete entire channels in order to get rid of the incriminating evidence contained in them. This would, of course, be a true nuclear option, as it would also delete all the legitimate messages from that same chat room. But I would not put it past them. Considering how unintrusive this TRO is, there is no reason not to include this.

10. No notice should be required to be given to any of the individual defendants. If notice is given, that undermines the whole point of this TRO in the first place: Preventing them from destroying incriminating evidence before they even get the chance. It would be like giving advance notice to a suspected drug user that police are seeking a warrant to search his home for drug paraphernalia.

11. Please find, attached to this motion, the following documents:

    (a)  A copy of the complaint, as required by Civil L.R. 65-1(a)(1)

    (b)  A memorandum of points and authorities in support of, as required by Civil L.R. 65-1(a)(2)

    (c)  proposed temporary restraining order, as required by Civil L.R. 65-1(a)(3)

    (d)  Exhibit A, a video, as required by Civil L.R. 65-1(a)(4), demonstrating how the

---

[2] Those who can "manage messages" are able to edit or even outright delete your own messages, or even the messages of other members. Meanwhile, "manage channels" allows you to delete entire chat rooms (known as "channels" in Discord), and all the message history contained therein.

ability to disable someone's ability to edit or delete messages and channels is an ability Discord Inc. already has, as well as demonstrating how the ability to send and receive messages on Discord is entirely severable from the ability to edit or delete messages and channels.

12. So requested on this, the 30th day of July, 2021.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave., APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
