UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS, d.b.a. ACERTHORN                                      PLAINTIFF

VS.                              Case 3:21-cv-04184-JSC

KARL POLANO, d.b.a. SOFIANNP, ALPHABET INC.,
DISCORD INC., FACEBOOK INC.,                                          DEFENDANTS
JOHN DOE #1, d.b.a. INITIATIVEKOOKIE, and
JOHN DOE #2, d.b.a. TGP482,

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Memorandum of Points and Authorities in support of my Motion for a Temporary Restraining Order, as required by Local Rule 65-1.

### Ex Parte nature of motion

1. This motion is explicitly permitted by statute to be heard ex parte. See 17 USC § 512(j)(3) ("Injunctive relief under this subsection shall be available only after notice to the service provider and an opportunity for the service provider to appear are provided, *except for orders ensuring the preservation of evidence* or other orders having no material adverse effect on the operation of the service provider's communications network") (emphasis added).

### FACTS OF THE CASE

2. Once this case moves to the discovery phase, I intend to search the Great Six Discord server for additional evidence of copyright infringement, as well as additional evidence of collusion between the three individual defendants. See Doc. 11, ¶ 43. Defendant Karl Polano has *admitted* that these infringements are present in his Discord Server. See **Exhibit B**. While he is downright apaplectic in his insistance that these infringements are fair use, I nonetheless have the axiomatic right to see the infringements and litigate the point of fair use.

3. However, I fear that, as soon as any of the three individual defendants get served with process, they will hastily move to delete any potentially incriminating evidence from the Great Six Discord server, as well as their own direct messages with other Discord members, that might incriminate them in this case. If any of the instances of copyright infringement, or any evidence that the three individual defendants were colluding this entire time to sabotage my career[1], are deleted from the Discord server, the prejudice that I will suffer to my case is irreparable.

4. To prevent this tempering with evidence from happening, I ask the Court to issue a temporary restraining order, requiring Defendant Discord Inc. to …

---

1  More evidence than what I already have, that is.

(a)     … modify the Great Six Discord, so that no members of that Discord (including SofiannP and TGP482) will be able to edit or delete any messages or channels, and

(b)     … modify the individual accounts of SofiannP#1337, TGP482#7412, InitiativeKookie#7766, and VoreKeo777#4172, so that they cannot edit or delete any messages, regardless of whether those direct messages were directed to other Great Six members, and even if the messages were posted in Discord servers other than Great Six.

5.     This would prevent the trio of individual Defendants from being able to simply destroy any evidence that might incriminate them.

6.     The Great Six server should also have its ability to manage channels taken from it. This would prevent Karl Polano and/or TGP482 from being able to delete entire channels in order to get rid of the incriminating evidence contained in them. This would, of course, be a true nuclear option, as it would also delete all the legitimate messages from that same chat room. But I would not put it past them. Considering how unintrusive this TRO is (see ¶¶ 11-13 of this Memorandum), there is no reason not to include this.

## LEGAL ANALYSIS

7.     "A plaintiff seeking a [temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008).

### Likelihood of Success on the Merits

8.     I have demonstrated a likelihood of success on the merits. Defendant Karl Polano has *admitted* that numerous videos and images are present throughout his Discord server that infringe on my copyright. See Exhibit B. While he is downright apaplectic in his insistence that these infringements are fair use, that is an affirmative defense that the Defendant must prove. See Dr. Seuss Enterprises, LP v. Comicmix LLC, 983 F. 3d 443, 459 (9th Cir. 2020) ("Not much about the fair use doctrine lends itself to absolute statements, but the Supreme Court and our circuit have unequivocally placed the burden of proof on the proponent of the affirmative defense of fair use").

9.     Besides, even if the Court ultimately decides, not just that some, but literally all of the infringements in the Great Six Discord server are fair use, I have still demonstrated a very high likelihood that looking in his Discord server after the commencement of discovery in this case has a very high likelihood of yielding relevant evidence. That alone should be enough to satisfy the "high likelihood of success" requirement.

### Potential for irreparable harm

10.     I fear that, as soon as any of the three individual defendants get served with process, they will hastily move to delete any potentially incriminating evidence from the Great Six Discord

server, as well as their own direct messages with other Discord members, that might incriminate them in this case. If any of the instances of copyright infringement, or any evidence that the three individual defendants were colluding this entire time to sabotage my career, are deleted from the Discord server, the prejudice that I will suffer to my case is irreparable, and the irreparability of this prejudice is axiomatic.

### Balance of equities

11.     The relief requested in this Motion is extremely unintrusive. This does not impede any of the Defendants' ability to post new messages. They simply can't change the messages once they are initially submitted until this case is over.

12.     Even logistically, this is an extremely unintrusive TRO for Discord Inc. to comply with. Discord already has the infrastructure to give individuals or entire groups of people in a server the ability to "manage channels" or "manage messages[2]." See **Exhibit B**. The only thing Discord Inc. would be required to do that is even remotely out of the ordinary for them is to (A) prohibit ALL members of Great Six from managing channels or messages, including the moderators and administrators, and (B) make it so that these settings cannot be changed until this case is resolved.

13.     As you can see from **Exhibit B**, these two privileges are distinct from the "send messages" privilege, so disabling the first two privileges does not disable the third, so the individual users of Great Six will not have their ability to send or receive messages impaired by this TRO. Again, this is very unintrusive.

### Public interest

14.     This temporary restraining order, as well as the subsequent preliminary injunction to the same effect, will serve the public interest by ensuring that the law is faithfully upheld. The public has an interest in ensuring the law is upheld. This interest is axiomatic and exists for its own sake.

15.     Even if the Court ultimately decides, not just that some, but literally all[3] of the infringements to be found in the Great Six server are fair use, justice requires that I at least be given the *opportunity* to litigate fair use on these infringements. To hold otherwise would effectively allow the individual defendants to be the judge of their own case, which would violate one of the most fundamental tenets of our jurisprudence. The public has an axiomatic interest in reminding the Defendants for its own sake just who is in charge.

---

2   Those who can "manage messages" are able to edit or even outright delete your own messages, or even the messages of other members. Meanwhile, "manage channels" allows you to delete entire chat rooms (known as "channels" in Discord), and all the message history contained therein.

3   It must be all of them for the Defendants to truly prevail in this case. If even one of the infringements I find in the server is not fair use, I have the right to injunctive relief and statutory damages on that one infringement.

**CONCLUSION**

16.     Wherefore, premises considered, I respectfully ask that the Court …

(a)     order Discord Inc. to immediately suspend the privileges of all members of the Great Six Discord Server to edit or delete any messages within the Great Six server. I also ask

(b)     … that Discord Inc. be ordered to immediately suspend the privileges of the Discord users SofiannP#1337, TGP482#7412, InitiativeKookie#7766, and VoreKeo777#4172 to edit or delete their direct messages.

(c)     … that this temporary restraining order be converted into an otherwise identical preliminary injunction which will last for the duration of this case.

17.     So requested on this, the 30th day of July, 2021.

/s/ David Stebbins  
David Stebbins  
123 W. Ridge Ave., APT D  
Harrison, AR 72601  
(870) 212-4947  
acerthorn@yahoo.com