UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS, d.b.a. ACERTHORN                              PLAINTIFF

VS.                                   Case 3:21-cv-04184-JSC

KARL POLANO, d.b.a. SOFIANNP, ALPHABET INC.,
DISCORD INC., FACEBOOK INC.,                                  DEFENDANTS
JOHN DOE #1, d.b.a. INITIATIVEKOOKIE, and
JOHN DOE #2, d.b.a. TGP482,

### MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Leave to File a Motion for Reconsideration in the above-styled action.

1. On August 3, 2021, this Court entered an order dismissing, with prejudice, my claims against the individual defendants for intentional infliction of emotional distress. See Doc. 21.

2. According to this Court's *pro se* handbook (page 62), there are three grounds upon which a pro se litigant may seek permission to file a motion for reconsideration, and only one of the three need to be present. They are …

   (a) The facts or law that the parties previously presented to the Court were wrong in an important way and could not have been reasonably discovered at the time of the Court's order; OR

   (b) Important new facts have emerged or a significant change in the law has occurred since the order was entered; OR

   (c) The Court clearly failed to consider material facts or key legal arguments that were presented to the Court before the order was issued.

3. It is upon the third grounds that I seek leave to file a motion for reconsideration.

4. For the record, I plan to appeal this Court's ruling, even as-is. I believe I have alleged truly extreme and egregious conduct. However, even if the Court is correct in this finding, it still has overlooked an essential extenuating circumstance in this case: Because the Amended Complaint was filed pro se, the Court must also consider whether the facts alleged can be the basis for a cause of action other than the one preferred by the pro se plaintiff himself. See Haines v. Kerner, 404 US 519 (1972).

5. For example, if a pro se prisoner sues his jailors for a violation of 42 USC ¶ 1983, complaining that the guards made fun of and repeatedly tormented him for his medical

condition, and even allowed and encouraged other inmates to do the same, then the Court may reasonably find that these allegations do not rise tot he level of a ¶ 1983 claim, which is usually reserved exclusively for violations of *constitutional* rights. However, the Court can, and should, determine on its own motion that the plaintiff's claims can potentially be the basis for a claim of disability discrimination under Title II of the Americans with Disabilities Act. If the Plaintiff is pro se, the Court is expected to change the case to one for disability discrimination and then allow the Plaintiff to proceed on those grounds, without the Plaintiff having to amend his pleading or re-file the case.

6.  It does not appear, from the Court's order on August 3, 2021, that the Court even attempted such a consideration in the instant case.

7.  Of all the allegations in the Amended Complaint, the allegations contained in ¶ 34 seem to be the easiest to fit into an alternative cause of action, since these allegations speak of actual, tangible property damage, not merely harassment.

8.  Because of this oversight by the Court, I seek leave to file a motion for reconsideration.

So requested on this, the 9th day of August, 2021.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
