UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>            Plaintiff,<br><br>     v.<br><br>KARL POLANO, et al.,<br><br>            Defendants. | Case No.  21-cv-04184-JSW<br><br>**ORDER DENYING EX PARTE MOTION FOR ISSUANCE OF SUBPOENAS**<br><br>Re: Dkt. No. 13 |

Now before the Court for consideration is the ex parte motion for issuance of subpoenas duces tecum filed by Plaintiff David Stebbins ("Plaintiff").  (Dkt. No. 13.)  The Court has considered Plaintiff's motion, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  The Court HEREBY DENIES Plaintiff's motion.

**BACKGROUND**

Plaintiff's amended complaint brings claims against YouTube user and Twitch streamer Karl Polano, Alphabet Inc., Discord Inc., Facebook Inc., and two Doe defendants alleging copyright infringement, intentional infliction of emotional distress ("IIED"), and misrepresentation under 17 U.S.C. section 512(f).[1]  Plaintiff alleges that Defendant Polano and the two Doe defendants shared his copyrighted content publicly on multiple occasions and on a variety of platforms, including Discord, YouTube, Vimeo, and Instagram.

Plaintiff alleges that the first Doe defendant goes by the online alias "InitiativeKookie" and

---

[1] The Court previously dismissed Plaintiff's claims for IIED and 17 U.S.C. section 512(f)(2) for failure to comply with Rule 8.  (Dkt. No. 21.)  Plaintiff has requested leave to file a motion for reconsideration of the Court's dismissal of his IIED claims.  (Dkt. No. 27.)

several other variations of that name; the second Doe defendant is a YouTube user who goes by the alias "TGP482." (Am. Compl. ¶¶ 6-7.) Plaintiff alleges that he does not know the real names or addresses of either Doe defendant but can obtain that information through subpoenas. Plaintiff brings the present motion for early discovery directed to Discord Inc., Alphabet Inc., and Amazon Inc., for the purpose of discovering the identities of the Doe defendants to enable them to be served with process.

## ANALYSIS

Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... by court order."). In fashioning Rule 26(d) discovery orders, the district court wields broad discretion. *See Laub v. U.S. Dep't of Interior,* 342 F.3d 1080, 1093 (9th Cir. 2003).

"Generally, courts within the Ninth Circuit apply a "good cause" standard to determine whether to permit such early discovery." *Bright Sols. for Dyslexia, Inc. v. Doe 1*, No. 15-CV-01618-JSC, 2015 WL 4776113, at *2 (N.D. Cal. Aug. 13, 2015) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002)). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id*.

When the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980). To determine whether there is "good cause" to permit expedited discovery to identify doe defendants, courts commonly consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could

> withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*OpenMind Solutions, Inc. v. Does 1–39,* No. 11–3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct.7, 2011) (*citing Columbia Ins. Co. v. seescandy.com,* 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).

In internet infringement cases, "courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity prior to a Rule 26(f) conference, where a plaintiff makes a *prima facie* showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference." *UMG Recordings, Inc. v. Doe,* No. C 08–1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (collecting cases). This is because, in considering "the administration of justice," early discovery avoids ongoing, continuous harm to the infringed party and there is no other way to advance the litigation." *Id.* (citation omitted). Moreover, there is no prejudice to the defendant "where the discovery request is narrowly tailored to only seek their identity." *Id.* (citations omitted).

Here, Plaintiff has met only one of the three elements required to obtain expedited discovery. Plaintiff has sufficiently alleged a prima facie case of copyright infringement, and so the first element is met. (*See* Dkt. No. 21.) However, Plaintiff has not established either the second or third element. Regarding the second element, Plaintiff has not alleged that he made any effort to locate the Doe defendants. *See UMG Recordings, Inc.,* 2008 WL 4104214, at *4; *see also Columbia Ins. Co.,* 185 F.R.D. at 579 (noting that prior to seeking early discovery, a plaintiff must demonstrate that it has "ma[d]e a good faith effort to comply with the requirements of service of process and specifically identif[y] defendants"). Accordingly, Plaintiff has not established there is no other way to identify the Doe defendants. Plaintiff also fails to establish the third element. He has not addressed any potential risk that the identifying information he seeks will be destroyed absent expedited discovery. Thus, Plaintiff has not established the third factor of good cause for expedited discovery.

Additionally, Plaintiff's subpoena request is not "narrowly tailored to only seek [the] identit[ies]" of the Doe defendants increasing the risk of prejudice to the defendants. *UMG Recordings, Inc.*, 2008 WL 4104214, at *4. Plaintiff seeks broad categories of information that

3

extend beyond the identifying information of the Doe defendants. For example, Plaintiff seeks computer identification numbers, information related to social media accounts, IP addresses "when using the services in any way, shape, or form," and any other information that "could be helpful in locating or tracking this person." (*See* Mot. at 2-3.) It is not clear why all this information would be necessary to effect service of process. Because Plaintiff's subpoena request is not "narrowly tailored," it increases the risk of prejudice to the Doe defendants.

Plaintiff's motion fails to establish good cause for expedited discovery for additional reasons. With regard to the first Doe defendant, the likelihood of being able to identify the defendant through discovery such that service of process would be possible is low. (*See* Mot. at 2, ¶ 6 (conceding that "there is not activity that [InitiativeKookie] engaged in where he would have given any of these sites his real name and address.").) Additionally, although Plaintiff asserts that the Court would have personal jurisdiction over the Doe defendants, the allegations he points to are not sufficient to show that the amended complaint could withstand a motion to dismiss for lack of personal jurisdiction as to the Doe defendants.

In sum, Plaintiff has not shown the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the Doe defendants. Accordingly, the Court DENIES Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to establish good cause to issue subpoenas and the motion is DENIED WITHOUT PREJUDICE. Any renewed request for expedited discovery must address the elements of good cause discussed in this Order and be narrowly tailored to seek the Doe defendants' contact information.

**IT IS SO ORDERED.**

Dated: August 17, 2021

_____
JEFFREY S. WHITE
United States District Judge