UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>　　　Plaintiff,<br><br>　v.<br><br>KARL POLANO, et al.,<br><br>　　　Defendants. | Case No. 21-cv-04184-JSW<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 27 |

Now before the Court is the motion of Plaintiff David Stebbins ("Plaintiff") for leave to file a motion for reconsideration of the Court's dismissal of his claim for intentional infliction of emotional distress ("IIED") with prejudice. The Court has considered Plaintiff's motion, relevant legal authority, and the record in the case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing set for October 1, 2021. For the following reasons, the Court DENIES Plaintiff's motion for leave to file a motion for reconsideration.

**BACKGROUND**

On June 2, 2021, Plaintiff filed the original complaint in this action, and the matter was randomly assigned to Magistrate Judge Corley. On June 30, 2021, Magistrate Judge Corley issued a screening order pursuant to 28 U.S.C. section 1915. (Dkt. No. 10.) Judge Corley found that Plaintiff sufficiently stated a claim for copyright infringement, but she found that Plaintiff's claims for misrepresentation under 17 U.S.C. section 512(f) ("Section 512(f)") and intentional infliction of emotional distress ("IIED") failed to comply with Federal Rule of Civil Procedure 8. Plaintiff was permitted leave to file an amended complaint curing the identified defects by no later than July 30, 2021. On July 29, 2021, Plaintiff filed an amended complaint. (Dkt. No. 11.) On August

3, 2021, the Court issued an order addressing the sufficiency of Plaintiff's amended complaint under 28 U.S.C. section 1915. (Dkt. No. 21.) The Court found that Plaintiff adequately stated a claim for copyright infringement and a claim for misrepresentation under Section 512(f)(1) and permitted those claims to proceed. However, the Court found that Plaintiff's amendments failed to cure the defects Judge Corley had identified with regard to his IIED claim and his Section 512(f)(2) claim, and it dismissed those claims with prejudice.

On August 9, 2021, Plaintiff filed a motion for leave to file a motion for reconsideration of the Court's August 3, 2021 Order regarding the sufficiency of the amended complaint. (Dkt. No. 27.) Specifically, Plaintiff seeks reconsideration of the Court's dismissal of his IIED claims against the individual defendants with prejudice.

**ANALYSIS**

Under Local Rule 7-9, a motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c).

Plaintiff seeks reconsideration on the basis that the Court failed to consider material facts or key legal arguments that were presented to the Court before the Order was issued. Plaintiff first argues that the conduct alleged in the amended complaint is truly extreme and egregious. However, Plaintiff does not identify any facts or dispositive legal arguments that the Court failed to consider in making its prior determination regarding Plaintiff's IIED claim.

Plaintiff next argues that reconsideration is proper because the Court failed to consider whether the facts alleged could state a claim for a cause of action other than IIED. Plaintiff contends that because he is proceeding *pro se*, the Court must assess the allegations to determine if they present a potential basis for an unasserted claim. If the Court determines that is the case, Plaintiff argues that the Court is expected to change the claim and allow Plaintiff to proceed on

that basis without the Plaintiff having to amend his pleading or re-file his claim. Plaintiff argues that the Court did not make this consideration in dismissing the IIED claim.

This argument is unpersuasive. Although this Court must construe *pro se* filings liberally, it may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, "courts should not undertake to infer in one cause of action when a complaint clearly states a claim under a different cause of action." *Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir. 1999) (citation omitted). Here, because Plaintiff asserted a cause of action for IIED, the Court reviewed the amended complaint as pled and was not required to attempt to infer any unenumerated claims from the allegations.

Moreover, the responsibility to construe *pro se* complaints liberally does not require this Court to "seek[] out legal issues lurking within the confines of the *pro se* litigant's pleadings." *Kiebala v. Boris*, 928 F.3d 680, 684-85 (7th Cir. 2019) (internal citation and quotation marks omitted) (noting that the court is not required to bring unraised issues to a pro se litigant's attention or to decide those issues); *see also Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (courts cannot act as "de facto counsel" or "rewrite an otherwise deficient pleading to sustain an action"). Plaintiff's effort to impose this obligation on the Court by requesting the Court reconsider the allegations in the complaint to determine if they fit into an unpled alternative cause of action fails.

Plaintiff has not shown that the Court failed to consider material facts or dispositive legal arguments that warrant reconsideration. The Court DENIES Plaintiff's motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: August 19, 2021

_____
JEFFREY S. WHITE
United States District Judge