UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS, d.b.a. ACERTHORN                                PLAINTIFF

VS.                             Case 3:21-cv-04184-JSC

KARL POLANO, d.b.a. SOFIANNP, ALPHABET INC.,
DISCORD INC., FACEBOOK INC.,                                    DEFENDANTS
JOHN DOE #1, d.b.a. INITIATIVEKOOKIE, and
JOHN DOE #2, d.b.a. TGP482,

### MOTION FOR HAGUE SERVICE OR IN THE ALTERNATIVE FOR LEAVE TO CONDUCT HAGUE SERVICE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for the Court to conduct service on Defendant Polano via the Hague Convention, or in the alternative to grant the Plaintiff (me) leave to conduct Hague Service.

1.      On August 17, 2021, the U.S. Marshall returned, unexecuted, the summons against Karl Polano, on the grounds that it lacks authority to serve foreign nationals. See Doc. 32.

2.      I have attempted to confer with Judge White's "Clerk of Courts," Angela Jimenez, about serving Polano. She issued me a rather vague and imprecise explanation of how I should conduct service. See **Exhibit A**.

3.      While I understood very little of it, one thing that stuck out to me was the fact that I would be required to visit the Courthouse *in person* to perfrom this service. As the court can clearly see, I am proceeding *in forma pauperis* and am two time zones away from the Court. Scheduling a flight all the way to San Francisco, just to serve process on the Defendant, is prohibitively expensive, and I feel it is absurd that I should even have to point that out to the Court.

4.      I replied to this email asking Ms. Jimenez some reasonable clarification questions. See **Exhibit B**. Her response was to be completely unhelpful, throwing her hands up and demanding that I seek the asisstance of the Federal Pro Bono Project. See **Exhibits, C, D, and E**. She acted like I was simply being obtuse just to give her a hard time (as if I wanted to sabotage *my own case* just for a laugh).

5.      I did as she advised, and asked about Hague Service during the appointment I had already scheduled. However, the attorney I spoke to only deferred me to Fed.R.Civ.P. 4(f) and gave me no advice beyond that. This told me absolutely nothing useful as I had already read that rule cover to cover.

6.      This has been a complete headache for me, and the court personnel are egregiously unhelpful. It seems that I have been met with roadblocks at every turn.

7.      I have reached out to a private firm called Process Service Network, LLC, which specializes in Hague Service. Thier official website can be found at processnet1.com. They have agreed to serve process for me for a price that will be painful for me, but which is barely affordable (unlike the cost of coming to San Francisco in person). See **Exhibit F**.

8.      However, I am concerned that, because I am proceeding *in forma pauperis*, the Court may not allow me to serve process on Polano on my own terms like that. For example, in Doc. 6, the ECF notice for that document stated "no service," which I took to mean "the Plaintiff is not permitted to conduct service on his own."

9.      In light of this, I ask the Court to do one of two things. Please either …

- Order the Court personnel to cooperate with me in serving process on Polano in a way that is not prohibitively expensive to me (and which does not require my in-person attendence), or

- Grant me leave to serve process on my own terms, in whatever manner I choose that is otherwise in compliance with the law (such as hiring Process Service Network).

10.     If the Court refuses to do either one, I believe that would be egregiously unfair to me. Canon 3A(5) of the Code of Conduct of United States Judges says that "[a] judge should monitor and supervise cases to reduce or eliminate ... unnecessary costs." If the Court were to insist that I attend the Courthouse in person, no matter the cost, and refuses to give me any alternative, then I would effectively be barred from being able to have my day in court, through no fault of my own, simply because the Court refuses to make reasonable adjustments to its policies to account for extenuating circumstances.

11.     Wherefore, premises considered, I respectfully ask the Court to grant one of the two forms of relief requested above.

    So requested on this, the 26th day of August, 2021.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
