Anna Hsia (SBN 234179)
ZWILLGEN LAW LLP
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2335
Facsimile:  (415) 636-5965
anna@zwillgen.com

Attorney for Defendant
**DISCORD INC.**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>               Plaintiff,<br><br>v.<br><br>KARL POLANO, et al.,<br><br>               Defendants. | Case No.: 21-cv-04184-JSW<br><br>The Honorable Jeffrey S. White<br><br>**OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER** |

I.    **INTRODUCTION**

Defendant Discord, Inc. ("Discord") respectfully submits this memorandum in opposition to the motion of Plaintiff David A. Stebbins ("Plaintiff") seeking a Temporary Restraining Order ("TRO"). As Discord has informed Plaintiff, it has already done everything in its power to preserve the evidence Plaintiff identifies in his motion. Because the evidence is already preserved, Plaintiff needs nothing from the Court he does not already have, and is not entitled to injunctive relief for several reasons.

*First*, the motion is simply moot: Plaintiff asked the Court for a way to prevent the individual defendants from deleting or altering evidence housed on Discord's servers, and Discord has already done what is necessary to achieve that goal—by taking and preserving an unalterable snapshot of its servers.

*Second*, Plaintiff has not established a likelihood of success on the merits; rather, he has simply restated the allegations in his Amended Complaint, mischaracterized a statement attributed to one of the individual defendants as an admission of liability, and declared himself the likely winner.

*Third*, Plaintiff cannot establish any risk of irreparable harm. Even if Discord had not already preserved the evidence at issue, Plaintiff's entire showing of harm is predicated on speculation about how the individual defendants' spoliation of evidence might affect him – without making any showing that the spoliation is likely to occur. Plaintiff also glides past the need to show that any harm would be irreparable by failing to consider alternate sources of, or methods for recovering, spoliated evidence as well as the fact that courts routinely cure the harms caused by spoliation through carefully calibrated remedial sanctions.

*Fourth*, Plaintiff simply assumes that the balance of equities favors him because he predicts he will establish his claims on the merits; he ignores both the burdens he seeks to impose on a nominal party that has done ***nothing*** to prejudice his interests and the wholly illusory prospect of harm in the absence of injunctive relief.

*Fifth*, Plaintiff conflates the public's interest with his own in asserting that the public interest requires a TRO. Plaintiff identifies no way in which the potential (and practically

1   impossible) spoliation of the individual defendants' messages will impact any cognizable

2   interest other than that of the Plaintiff himself.

3   II.      **BACKGROUND**

4           Plaintiff filed his initial Complaint on June 2, 2021, asserting claims of copyright

5   infringement, misrepresentation, and intentional infliction of emotional distress ("IIED") against

6   three individual defendants. ECF 1. Despite alleging nothing at all about Discord aside from the

7   fact that he and the individual defendants use its services, Plaintiff also named Discord as a

8   defendant. *Id.* Upon initial screening, *see* 28 U.S.C. § 1915, Magistrate Judge Corley found that

9   Plaintiff had viably asserted a claim for copyright infringement but had not sufficiently pleaded

10  his remaining causes of action. ECF 10. After Plaintiff declined to consent to the magistrate

11  judge's jurisdiction, the case was ultimately assigned to this Court. ECF 20.

12          On July 29, 2021, Plaintiff filed an Amended Complaint re-pleading his copyright

13  infringement, misrepresentation and IIED claims against the three individual defendants and

14  continuing to seek relief against Discord. ECF 11 ("Amended Complaint"). When he filed his

15  Amended Complaint, Plaintiff did not seek any immediate relief against the individual

16  defendants, but, articulating a concern about the potential loss of evidence, moved *ex parte* for

17  the TRO requiring Discord to suspend certain "privileges" of all members of the "Great Six"

18  Discord server to edit or delete messages and also to suspend the privileges of four specific

19  Discord users to edit or delete direct messages. ECF 12 (Plaintiff's memorandum in support of

20  motion for TRO) ("Memo.") at 4th unnumbered page (prayer for relief).[1] After the Amended

21  Complaint was served on Discord on August 25, 2021, ECF 36, the Court entered an order dated

22  August 31, 2021, permitting Discord to respond to the motion. ECF 37.

23

24  _____

25  [1] In addition to seeking a TRO against Discord, Plaintiff also sought expedited discovery in the
    form of subpoenas duces tecum directed to the three corporate defendants (Discord, Alphabet,
26  Inc., and Amazon, Inc.) for the purpose of identifying the individual Doe defendants. ECF 13.
    The Court denied that request on August 17, 2021, finding that Plaintiff had not satisfied the
27  requirements for such relief – in part because he had not demonstrated any risk that Discord
    would fail to maintain the records he sought absent expedited discovery. ECF 28 at 3.
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Upon receiving notice of the lawsuit, Discord immediately took steps to preserve evidence that addressed the concerns that Plaintiff cited in seeking the TRO. Specifically, Discord created "snapshot" copies of the "Great Six" server[2] and the accounts associated with each of the Discord usernames Plaintiff specified in his motion, to the extent any such accounts existed. This snapshot preserved an authentic copy of the relevant server and accounts as they existed on August 27, 2021 – including all messages and direct messages within them. As a result, neither the individual defendants nor anyone else can alter or destroy the evidence that Plaintiff seeks a TRO to preserve. *See* Declaration of Elena DiMuzio ("DiMuzio Decl."), ¶¶ 3-4.

Discord did not suspend the privileges of the specified users or members of the Great Six server to edit or delete their own messages on a prospective basis for the simple reason that Discord lacks the technical ability to take such action. The only way for Discord to accomplish that result would be to terminate the relevant user accounts – relief Plaintiff has not requested. *See id.*, ¶¶ 5-6. Thus, Discord has already done everything it would (and could) do if the Court granted the relief Plaintiff seeks in his request for a TRO.

On September 3, 2021, Discord's counsel contacted Plaintiff requesting a telephone conversation so that counsel could explain the steps that Discord had already voluntarily taken to accommodate Plaintiff's concern about preserving evidence. When Plaintiff declined to speak by telephone, counsel sent a further email explaining the steps Discord had taken to preserve evidence, and asking Plaintiff to specify what else, if anything, he was seeking via the TRO. Rather than disputing that Discord had alleviated his concern, Plaintiff raised new ones, not at issue in the pending motion: the possibility of future acts of infringement, and the need to preserve evidence that does not yet exist ("If he posts infringing material in the future, I need to be able to prove he did it. How exactly do you plan on preserving evidence of future infringements?"). Plaintiff also refused to dismiss the Motion, necessitating this response.

---

[2] Plaintiff describes the Great Six server as being associated with and "owned by" defendant Polano and moderated by the Doe defendant known as TGP482. Amended Complaint ¶¶ 38, 40.

1   Declaration of Jeff Landis ("Landis Decl."), ¶¶ 1-5 & Ex. A (copy of email correspondence

2   dated Sept. 3 & 4, 2021).

3   III.   **LEGAL ARGUMENT**

4        A.   **Plaintiff's motion is moot.**

5        Plaintiff's motion should be denied first because Discord's voluntary actions render it

6   moot. Discord has already taken sufficient steps – and in particular, everything possible within

7   Plaintiff's request for relief – to preserve the evidence about which Plaintiff expresses a concern

8   in seeking injunctive relief. Anything more would be unnecessary to serve Plaintiff's interests

9   and would require action that Plaintiff does not request in his motion: completely suspending

10  user accounts. Plaintiff might be entitled to such extreme relief if he ultimately prevails on the

11  merits of his copyright infringement claims, but he neither seeks nor is entitled to it now.

12  Accordingly, because the Court need not and cannot take any action that will alter the status

13  quo, or do anything more to protect Plaintiff's cognizable interests at this stage of the litigation,

14  the request for preliminary injunctive relief is moot.

15       Plaintiff's new claimed concern about "preserving evidence of future infringements,"

16  Landis Decl., Ex. A, does not alter the analysis. Plaintiff has requested the suspension of certain

17  users' privileges to "edit or delete" messages. The prospective concern about evidence of

18  infringement that might come into existence in the future implicates a different concern: the

19  drafting and sending of new messages meant to affect the outcome of this litigation. An order

20  suspending editing and deleting privileges would do nothing to forestall the individual

21  defendants from drafting and sending additional messages. As for preventing acts of future

22  infringement, Plaintiff simply has not requested it in his motion – meaning that even a grant of

23  the instant motion would do nothing to allay Plaintiff's concern. More fundamentally, Plaintiff's

24  pivot glosses over the fact that he sought an injunction not to prevent the individual defendants'

25  future misdeeds but to preserve his ability to prove their previous ones. Because Discord has

26  already done everything in its power necessary to achieve that goal, the TRO motion is moot.

27  *See*, *e.g.*, *Univ. of Texas v. Camenisch*, 451 U.S. 390, 398 (1981) (question of whether a

28  preliminary injunction should have been issued is moot where its essential terms have already

- 4 -

1
2
3
4
5

been carried out); *Porretti v. Dzurenda*, No. 19-16021, 2019 WL 5927977, at *1 (9th Cir. Aug. 20, 2019) (same; citing *Univ. of Texas*, 451 U.S. at 398); *Lindberg v. Wells Fargo Bank N.A.*, No. C 13-0808 PJH, 2014 WL 1779470, at *1 (N.D. Cal. May 5, 2014) (where plaintiff in mortgage foreclosure litigation filed demand for reinstatement amount and defendant responded the next day that it had provided the amount to plaintiff, court denied application as moot).

6

**B.   Plaintiff is not entitled to preliminary injunctive relief.**

7
8
9
10
11
12
13
14
15
16
17
18
19

Even putting aside that his request is moot, Plaintiff does not meet the standard for a TRO. The legal standard for a TRO is substantially identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Facebook, Inc. v. BrandTotal Ltd.*, 499 F. Supp. 3d 720, 732 (N.D. Cal. 2020). Plaintiff has the burden to show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) (citations omitted); *see Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). Because injunctive relief is an "extraordinary remedy," Plaintiff must make a "clear showing that [he] is entitled to such relief." *Winter*, 555 U.S. at 22; *see also Brown v. California*, No. 18-CV-02210-JSW, 2018 WL 3069451, at *3 n.2 (N.D. Cal. Apr. 17, 2018) (White, J.) (quoting same). As explained below, Plaintiff cannot satisfy any of the required elements, let alone all of them as needed for the extraordinary relief he seeks.

20

1.   Plaintiff has not established a likelihood of success on the merits.

21
22
23
24

Plaintiff's sole argument in support of the proposition that he has demonstrated a likelihood of success on the merits is that "Defendant Karl Polano has *admitted* that numerous videos and images are present throughout his Discord server that infringe on [Plaintiff's] copyright. See Exhibit B." Memo. ¶ 8 (emphasis in original).[3] However, the cited exhibit is a

25

26
27
28

---

[3] To be sure, Plaintiff's argument on the point also includes a second paragraph that purports to address success on the merits, but in it he merely posits that "looking in [defendant Polano's] Discord server after the commencement of discovery in this case has a very high likelihood of yielding relevant evidence." Memo. ¶ 9. Plaintiff's speculation about whether discovery will

screen shot showing an exchange among the individual parties that contains no such admission. Plaintiff thus offers no evidence at all showing a likelihood of success on any of his claims—let alone claims against Discord. If anything, the exhibit Plaintiff cites suggests that defendant Polano will contest the claim of copyright infringement, and that resolving the dispute will depend on facts not yet before the Court relating to a fair use defense. As to the infringement claims against defendants other than Polano, or the one surviving misrepresentation claim, Plaintiff does not even attempt to explain why he is likely to achieve success on the merits.[4]

In short, Plaintiff has done nothing to support his request for a TRO beyond relying on the allegations in his Amended Complaint. But that clearly does not suffice. *See*, *e.g.*, *Leskinen v. U.S. Dep't of Agric.*, No. 2:18–cv–0453–TLN–KJN PS, 2018 WL 3014149, at *3 (E.D. Cal. June 14) ("Mere allegations are insufficient to show a likelihood of success on the merits."), *report and recommendation adopted*, 2018 WL 4441062 (E.D. Cal. Sept. 14, 2018); *Perkins v. Angulo*, Case No.: 18cv850-DMS-LL, 2020 WL 9065870, at *1 (S.D. Cal. June 12, 2020) (citing cases on the requirement for evidence showing likelihood of success on the merits rather than mere allegations). The Court should therefore find that Plaintiff has failed to establish this element.

      2.   <u>No injunction is needed to prevent irreparable harm.</u>

Plaintiff also has not shown irreparable harm. Plaintiff's argument on irreparable harm is explicitly speculative. In the single paragraph he devotes to the point, Plaintiff writes, "I fear that, as soon as any of the three individual defendants get served with process, they will hastily move to delete any potentially incriminating evidence…." Memo. ¶ 10. He then goes on to assert, without explanation, that such spoliation will cause irreparable prejudice to his ability to

---

produce relevant evidence has nothing to do with whether he will prevail on the merits of his claims.

[4] The Court has already noted that far from having a likelihood of success on the merits of the remaining misrepresentation claim, Plaintiff will more likely have difficulty establishing the individual Doe defendant's subjective bad faith as alleged. ECF 21 at 4.

prove the claims in the Amended Complaint – but he says nothing about any harm that will arise other than to his interest in prosecuting the case. Such argument fails for multiple reasons.

First, irreparable harm must be likely; a mere possibility of such harm does not suffice even when the other factors weigh heavily in the movant's favor. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011); *Biochain Inst., Inc. v. Epigenomics AG*, Case No. 19-cv-02120-JSW, 2019 WL 2451005, at \*6 (N.D. Cal. June 12, 2019) (White, J.) (citing *Winter*, 557 U.S. at 22). Second, Plaintiff's speculation that the possible deletion of messages from Discord's servers would irreparably harm his case is at fundamentally at odds with his insistence that he is likely to achieve success on the merits of his claims: if his case is so dependent on evidence he does not yet have (and that therefore may not exist), he can hardly be in a position to confidently predict success. Third, even if the individual defendants did attempt to delete their messages as Plaintiff fears, he would ***not*** suffer any irreparable evidentiary harm: Discord's voluntary preservation of evidence would make the individual defendants' attempted spoliation futile. Fourth, the mere loss of evidence is not the kind of irreparable harm that can justify a TRO – a court is empowered to impose sanctions for spoliation that ***do*** sufficiently remediate such harms.

Plaintiff offers no evidence that the individual defendants would alter or delete evidence, or that he would suffer any irreparable harm if they did so. More importantly, Discord has already taken voluntary action to protect Plaintiff against the very harm he fears – action that makes it impossible for the individual defendants to destroy the evidence of their messages on Discord and that guarantees Plaintiff will have the opportunity to discover any attempt they may make to do so. The Court should therefore find that Plaintiff has failed to establish any risk of irreparable harm.

3.      The balance of equities favors avoiding further burdens on Discord.

Plaintiff also cannot demonstrate that the balance of equities tips in his favor. To the contrary, an order enjoining Discord to do anything beyond what it has already done – ensuring the preservations of the evidence about which Plaintiff expressed a concern – would unduly burden Discord.

First, Plaintiff has not identified *any* interest in his favor. His lone argument on the balance of equities, repeated in each of the three paragraphs of his memorandum addressing the issue, is that the relief he seeks is "unintrusive." Memo. ¶¶ 11-13. Even if that were true – which is not the case – Plaintiff would still have to identify some cognizable interest that a TRO would serve. But he has not done so: the only private interest he has identified is preserving evidence that he hopes will help him win his case. But Discord has already vindicated that interest without the need for judicial intervention. Although Plaintiff may be unwilling to acknowledge as much, that does not prevent the Court from finding that a TRO would do nothing to promote any cognizable interest of the Plaintiff's at this stage. Second, Plaintiff is simply wrong that the TRO would be unintrusive. Discord has already done everything necessary to preserve the evidence at issue; as of August 27, 2021, the individual defendants have no ability to alter or delete messages from the snapshot images Discord created of the Great Six server member accounts or the accounts of the individual defendants themselves. A judicial order to suspend member privileges on a prospective basis would require Discord to terminate the accounts entirely. Plaintiff points to screen images attached to his memorandum as proof that Discord can suspend the ability of a member to edit or delete messages. The image contains no such proof, and Discord does not have the ability to change user privileges in the way that Plaintiff imagines. *See* DiMuzio Decl. ¶¶ 5-6.

Entering Plaintiff's proposed order would do nothing to better shield Plaintiff against the speculative risk of spoliation. But it would impose a burden on Discord: the requirement to terminate user accounts at the request of a third party. Although Plaintiff does not allege Discord has engaged in any misconduct, he seeks to punish the individual defendants before he has proven his claims via a TRO against Discord. Weighed against the lack of any identified interest of Plaintiff's, it is clear that the balance of equities sharply disfavors injunctive relief.

### 4.    An injunction will not promote the public interest.

Plaintiff also has not established that the TRO promotes the public interest. Plaintiff's argument on this point conflates the public's interest with his own: he makes the unremarkable observations that "[t]he public has an interest in ensuring the law is upheld" and that "justice

requires that [he] at least be given the *opportunity* to litigate" the merits of the case. Memo.

¶¶ 14, 15 (emphasis in original). Putting aside that Discord has already done everything

necessary to preserve the evidence that Plaintiff fears the individual defendants would try to

destroy, "ensuring the law is upheld" does not require a TRO. Quite the contrary: given

Plaintiff's failure to establish a likelihood of success on the merits, a risk of irreparable harm, or

a balance of equities in his favor, granting the TRO would undermine the public interest in

upholding the law by weakening the standard for injunctive relief.  More specifically, because

the order Plaintiff seeks would require Discord to completely suspend the relevant user accounts

– a step it would otherwise not be required to take unless Plaintiff actually satisfied the

requirements of 17 U.S.C. § 512(j)(1)(A)(ii) – the public interest in upholding the law weighs

against a TRO. *See Foster v. Cantil-Sakauye*, Case No. 17-cv-02122-JSW, 2017 WL 6886326,

at *4 (N.D. Cal. Aug. 21, 2017) (White, J.) (denying TRO and finding that public interest in

adhering to state prescribed attorney disciplinary procedures "counterbalanced" public interest in

preserving plaintiff's due process rights that were allegedly at risk in such proceedings against

plaintiff).

## IV.     CONCLUSION

For the reasons set forth above, Discord, Inc. respectfully requests that the Court deny

Plaintiff's TRO motion.

DATED: September 7, 2021                    **ZWILLGEN LAW LLP**

By: /s/ Anna Hsia

Anna Hsia

Attorneys for Defendant Discord Inc.