# Exhibit A

| | |
|---|---|
| **From:** | Jeff Landis |
| **Sent:** | Saturday, September 4, 2021 9:38 AM |
| **To:** | acerthorn |
| **Subject:** | Re: Stebbins v. Polano et al - TRO Motion |

David,

Guarding against future infringement is not something that the TRO Motion asks for.  Nor is it tied to the concern that forms the basis of the Motion - that the defendants will alter or delete evidence that may exist.  If anything, they are now on notice of the lawsuit so will just be more careful what they say or do. Even putting all that aside, as I noted below, Discord is not able to do what you are asking (but has already done what it can, which satisfies the concerns identified in the Motion).  That being the case we would ask that you withdraw the Motion.

    Jeff


> On Sep 3, 2021, at 4:58 PM, acerthorn <acerthorn@yahoo.com> wrote:
>
> **Attention: External Email**
> Dear Mr. Landis,
>
> So what if they post additional infringing content in the future? For example, if you look at the ECF record of my case, you can see that I have filed a motion for leave to submit another Amended Complaint, on the grounds that Karl Polano is continuing to infringe on my copyright. So clearly, we shouldn't put it past them to continue to infringe.
>
> If he posts infringing material in the future, I need to be able to prove he did it.
>
> How exactly do you plan on preserving evidence of future infringements?
>
> Sincerely,
> David Stebbins
>
> On Friday, September 3, 2021, 12:45:19 PM CDT, Jeff Landis <jeff@zwillgen.com> wrote:
>
>
> David,
>
> Sorry for the delayed response.  Discord has taken a snapshot of both the Great Six server and the usernames you identify in your motion for which it had records, as of August 27.  This snapshot would include the exact information you seek in the TRO motion -- "any messages within the Great Six server" and any "direct messages" to/from the specified usernames (if there were any).  Discord is preserving that snapshot, and there is nothing any user can do to edit or delete its contents.

Discord does not have the ability to do what your motion requests - suspend the privileges of members to edit or delete their own messages going forward.  To be clear, however, even if the individual defendants delete or edit messages from before 8/27, those messages will remain unaltered in the preserved snapshot.

We think this accomplishes everything you've asked the court to order Discord to do that it can do. If there's something more that you're seeking in the TRO, could you specify what it is?

 Jeff

| | |
|---|---|
| | **Jeff Landis** |
| | **Chair, Litigation Practice \| ZwillGen PLLC** |
| \<image001.png\> | 1900 M Street NW Suite 250, Washington, DC 20036 |
| | **Office:** 202 296 3585 **Direct:** 202 706 5203 |
| | Website \| Twitter \| LinkedIn |

---

**From:** acerthorn <acerthorn@yahoo.com>
**Reply-To:** acerthorn <acerthorn@yahoo.com>
**Date:** Friday, September 3, 2021 at 10:11 AM
**To:** Jeff Landis <Jeff@zwillgen.com>
**Subject:** Re: Stebbins v. Polano et al - TRO Motion

**Attention: External Email**

What exactly have you done in order to ensure that Great Six won't delete the evidence?

On Friday, September 3, 2021, 09:08:49 AM CDT, Jeff Landis <jeff@zwillgen.com> wrote:

David,

Thanks for the prompt response.  The reason I wanted to talk was to explain that we can't do the specific things your motion asks for, but to tell you what we have done—which we think is the functional equivalent that gives you the assurances you need about the preservation of the information.  We often have phone discussions like that with

2

opposing counsel – both to allow an easier way to ask and answer each other's questions and as a way to explore the possibility of resolving things without involving the court.

Jeff

**Jeff Landis**

**Chair, Litigation Practice | ZwillGen PLLC**

<image002.png>   1900 M Street NW Suite 250, Washington, DC 20036

**Office:** 202 296 3585 **Direct:** 202 706 5203

Website | Twitter | LinkedIn

---

**From:** acerthorn <acerthorn@yahoo.com>
**Reply-To:** acerthorn <acerthorn@yahoo.com>
**Date:** Friday, September 3, 2021 at 9:43 AM
**To:** Jeff Landis <Jeff@zwillgen.com>
**Subject:** Re: Stebbins v. Polano et al - TRO Motion

**Attention: External Email**

Dear Ms. Landis,

I would honestly prefer if we consulted over email. That way, I automatically have a written record of our communications. If we spoke on the phone, I would need to set up a recording. I hope that makes sense.

Anyway, I heard your voicemail. I am confused as to what exactly your queries are. What about the written Motion for TRO was unclear to you? Now, if you wanted to ask me some *specific* clarification questions, I could answer them. But as it stands, it honestly feels like you are expecting me to read your mind and figure out for myself the extra details you want me to give.

3

Let me know what reasonably-specific clarifications you need, and I will make an attempt to clarify it.

Sincerely,

David Stebbins

On Friday, September 3, 2021, 08:33:26 AM CDT, Jeff Landis <jeff@zwillgen.com> wrote:

David,

I left you a voicemail earlier but following-up with an email as well in case easier. I am representing Discord in the above matter. I was hoping to chat with you this morning about the TRO motion you filed. Is there a time that works for you to speak? In the alternative, you can feel free to give me a call on my cell (we are still working remotely), which is 202-441-0838. Thanks in advance.

Jeff

<image003.png>

**Jeff Landis**

**Chair, Litigation Practice | ZwillGen PLLC**

1900 M Street NW Suite 250, Washington, DC 20036

**Office:** 202 296 3585 **Direct:** 202 706 5203

Website | Twitter | LinkedIn

<image002.png>
<image001.png>
<image003.png>

4