UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS, | Case No.  21-cv-04184-JSW |
| Plaintiff, | |
| v. | **ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |
| KARL POLANO, et al., | |
| Defendants. | Re: Dkt. No. 12 |

Now before the Court for consideration is the ex parte motion for a temporary restraining order ("TRO") filed by Plaintiff David Stebbins ("Plaintiff") against Defendant Discord, Inc. ("Discord").  The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument.  *See* N.D. Cal. Civ. L.R. 7-1(b).  For the following reasons, the Court DENIES Plaintiff's motion.

## BACKGROUND

Plaintiff filed his original complaint on June 2, 2021, asserting claims of copyright infringement, misrepresentation, and intentional infliction of emotional distress ("IIED") against three individual defendants.  (Dkt. No. 1.)  Plaintiff filed an amended complaint on July 29, 2021, re-pleading his copyright infringement, misrepresentation, and IIED claims.  (Dkt. No. 11.)  The same day, Plaintiff moved *ex parte* for a TRO requiring Discord: (1) to suspend the privileges of members of the "Great Six" Discord server to edit or delete messages; and (2) suspend the privileges of four specific Discord users to edit or delete direct messages.  (Dkt. No. 12.)  Plaintiff argues that a TRO is necessary to prevent the individual defendants, who Plaintiff alleges are the members of the Great Six Discord server, from deleting potentially incriminating evidence related to this lawsuit.  (*Id.*)

United States District Court
Northern District of California

United States District Court
Northern District of California

The Court deferred action on Plaintiff's motion until it received notice of service from the U.S. Marshal as to Discord.  (Dkt. No. 21.)  After the Court received notice of service upon Discord, it issued an Order permitting Discord an opportunity to respond and setting a briefing schedule on Plaintiff's motion.  (Dkt. No. 37.)  Discord filed its response on September 7, 2021, and Plaintiff submitted a reply on September 8, 2021.

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

### A.     Applicable Legal Standard.

Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted).  In order to obtain such relief, Plaintiff must establish: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008).  In *Alliance for the Wild Rockies v. Cottrell*, the Ninth Circuit held that the "serious questions" sliding scale approach survives *Winter*.  632 F.3d 1127, 1134-35 (9th Cir. 2011).  Thus, a court may grant a TRO if a plaintiff demonstrates that there are serious questions going to the merits and a hardship balance that tips sharply in their favor, if the other two elements of the *Winter* test are also met.  Id. at 1132.  This allows a court "to preserve the status quo where difficult legal questions require more deliberate investigation."  *See Sencion v. Saxon Mortg. Servs., LLC*, No. 10-cv-3108 JF, 2011 WL 1364007, *2 (N.D. Cal. April 11, 2011).

### B.     The Court Denies Plaintiff's Request.

Plaintiff's motion seeks to require Discord: (1) to suspend the privileges of members of the "Great Six" Discord server to edit or delete messages; and (2) suspend the privileges of four specific Discord users to edit or delete direct messages.  Plaintiff asserts that such action is needed to prevent these members from deleting incriminating evidence of copyright infringement that forms the basis of his complaint.

In its opposition, Discord asserts that, upon receiving notice of the lawsuit, it voluntarily

United States District Court
Northern District of California

1    took steps to preserve evidence in a manner that addressed Plaintiff's concerns.  Specifically, as

2    detailed in the Declaration of Discord's Senior Director, Litigation and IP submitted with the

3    opposition, Discord created "snapshot" copies of the Great Six server and the individual accounts

4    specified in Plaintiff's motion.  (Dkt. 40-3, Declaration of Elena DiMuzio ¶¶ 3-4.)  The snapshots

5    preserve authentic copies of the server and accounts as they existed at the time the snapshot was

6    created, including all messages and direct messages within the accounts.  (*Id*.)  Discord also

7    explains that it cannot suspend a user's privilege to edit or delete messages without completely

8    terminating a user's account.  (*Id*. ¶¶ 5-6.)  In reply, Plaintiff asserts that "aside from their

9    uncorroborated statements," Discord has provided no evidence of the snapshots.  (Mot. at 2.)  He

10   appears to doubt that Discord has taken steps to preserve the accounts and that Discord is

11   incapable of suspending editing and deleting privileges without terminating an account.  (Mot. at

12   2.)  However, based on the attestations of truthfulness made under the penalty of perjury in the

13   DiMuzio declaration, the Court finds no reason to doubt the truth of Discord's statements.

14          Plaintiff also argues that the steps Discord has taken to address his concerns are inadequate

15   to prevent future infringement by the individual defendants.  In so arguing, Plaintiff attempts to

16   recast his original motion as a request to guard against potential future infringement.  However, as

17   drafted, Plaintiff's requested relief—to suspend the identified members' editing and drafting

18   privileges—is limited to preserving his ability to prove past instances of infringement.  The

19   motion does not encompass relief related to potential future infringements.  Even if it did, Plaintiff

20   has not shown that he would be entitled to such sweeping prospective injunctive relief at this stage

21   of the proceedings.

22          Accordingly, because Discord has voluntarily taken actions that effectively achieve the

23   relief Plaintiff has requested, the Court DENIES Plaintiff's motion for a TRO as MOOT.

24          Assuming for the sake of argument that Plaintiff's request is not moot, the Court also

25   concludes Plaintiff has not met his burden under *Winter* to show a TRO is warranted.  On the

26   record currently before the Court, it cannot find that Plaintiff has met his burden of showing a

27   probable success on the merits.  Plaintiff's conclusory assertion that he is likely to succeed on the

28   merits is insufficient.  Indeed, the amended complaint acknowledges that some individual

defendants are likely to contest Plaintiff's claims of infringement as fair use.  Nor does Plaintiff's inclusion of a screenshot purportedly containing an admission by Defendant Polano establish a probability of success on the merits of his asserted claims.  Plaintiff also fails to show a likelihood of irreparable harm.  Plaintiff's concern that the individual defendants will delete potentially incriminating evidence absent a TRO are conclusory and speculative.  Moreover, at this stage, Discord's preservation of this evidence with "snapshots" protects Plaintiff from the potential harm he alleges.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

Dated: September 8, 2021

_____
JEFFREY S. WHITE
United States District Judge