UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>    Plaintiff,<br><br>    v.<br><br>KARL POLANO, et al.,<br><br>    Defendants. | Case No. 21-cv-04184-JSW<br><br>**ORDER REGARDING MOTION TO CONDUCT HAGUE SERVICE AND ORDER TO SHOW CAUSE REGARDING IN FORMA PAUPERIS STATUS**<br><br>Re: Dkt. No. 35 |

Now before the Court for consideration is the motion filed by Plaintiff David Stebbins ("Plaintiff") requesting that the Court serve Defendant Karl Polano ("Polano") via the Hague Convention, or in the alternative, permitting Plaintiff leave to conduct service via the Hague Convention. The Court has considered Plaintiff's papers, relevant legal authority, and the record in this case, and it finds the motion is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS, IN PART, and DENIES, IN PART, Plaintiff's motion.

**BACKGROUND**

On July 29, 2021, Plaintiff filed an amended complaint alleging copyright infringement claims against Polano and several other Defendants. (Dkt. No. 11.) On August 3, 2021, the U.S. Marshal was ordered to serve the Defendants with the summons and complaint. (Dkt. No. 21.) On August 17, 2021, Polano's summons was returned unexecuted because the U.S. Marshals are not authorized to serve American process in foreign countries. (*See* Dkt. No. 32.) On August 26, 2021, Plaintiff filed a motion requesting that: (1) the Court order Court personnel to cooperate with Plaintiff in serving process on Polano in a way that is not prohibitively expensive; or (2) grant Plaintiff leave to serve process on his terms, in whatever manner he chooses that is otherwise

1  in compliance with the law.  (Dkt. No. 35.)

## ANALYSIS

**A.     Plaintiff Is Required to Serve Defendant Polano.**

Federal Rule of Procedure 4(f) governs service of individuals in foreign countries.  Under Rule 4(f)(1), an individual may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention," or by "any other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(1), (3).

Although the U.S. Marshal was ordered to serve the Defendants in this action because of Plaintiff's *in forma pauperis* status, service of the complaint is ultimately Plaintiff's responsibility.  *See Hertig v. Cambra*, 04-cv-5633-ROS (PC), 2009 WL 2579189 at *2 (E.D. Cal. Aug. 20, 2009).  Plaintiff represents that Polano resides in Switzerland.  The U.S. Marshal is unable to serve process in foreign countries.  Accordingly, to the extent Plaintiff asks the Court to order the U.S. Marshal to serve process abroad, the Court DENIES the request.

Plaintiff further represents that he must obtain the signature of a court official or an attorney before he can serve process in Switzerland.  Plaintiff asserts that obtaining such signature would be burdensome, and he requests that the Court order "Court personnel to cooperate with [Plaintiff] in serving process on Polano in a way that is not prohibitively expensively."  (Mot. at 3.)  The Court will not conduct service on Polano for Plaintiff, and the Court DENIES Plaintiff's request to relieve any of the requirements of service, including the signature requirement.  Plaintiff represents that he has reached out to a private firm to assist in serving process in compliance with the law, but Plaintiff is concerned that he is not permitted to do so based on a docket notation regarding his *in forma pauperis* status.  (*See* Dkt. No. 6.)  The docket entry to which Plaintiff refers does not prohibit Plaintiff from conducting service on his own. [1]  Accordingly, Plaintiff is required to effect service on Polano in a manner that complies with the

---

[1] The "no service" statement on the docket indicates that at the time of the entry, Plaintiff's complaint was under Section 1915 review, and the Court would not order service of the complaint by the U.S. Marshal until the Section 1915 screening was complete.  (*See* Dkt. No. 6.)

Federal Rules of Civil Procedure, and the Court GRANTS his request to do so.

Finally, Plaintiff has contacted Court staff several times regarding service of his complaint. Court staff is unable to provide legal advice. Plaintiff is advised that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website. The Court also advises Plaintiff that he may seek assistance from the Legal Help Center. Plaintiff may seek such assistance by calling the Legal Help Center at (415) 782-8982 or emailing fedpro@sfbar.org to schedule an appointment with an attorney who may be able to provide basic legal help, but not legal representation.

### B. Plaintiff Is Ordered to Show Cause Why His *In Forma Pauperis* Status Should Not Be Revoked.

Plaintiff's ability to hire a private firm to serve Polano raises questions regarding his *in forma pauperis* status. Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). The Court is authorized to review a litigant's *in forma pauperis* status "at any time" during the pendency of a case. 28 U.S.C. § 1915(e)(2). Section 1915 provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue. *Id.*

To proceed *in forma pauperis*, "[a] plaintiff need not demonstrate that he is completely destitute, but his poverty must prevent him from paying the filing fee and providing his dependents with the necessities of life." *Kuhne-Irigoyen v. Gonzalez*, No. 118-cv-01011-DAD-SKO, 2018 WL 3816732, at *3 (E.D. Cal. Aug. 9, 2018) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). A "showing of something more than mere hardship must be made." *Id*. (internal citations and quotations omitted); *see also Temple v. Ellerthorpe*, 586 F. Supp. 848, 851 (D.R.I. 1984) ("If an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required… to 'put his money where his mouth is.'").

Plaintiff's motion to proceed *in forma pauperis* was granted on June 8, 2021. (Dkt. No. 6.) In the present motion, however, Plaintiff represents that he is prepared to pay a private process server to conduct service on Polano in Switzerland. The process server's website indicates that the

3

cost to serve process in Switzerland is at least $795.00.[2] Plaintiff's willingness to pay this amount suggests Plaintiff has had sufficient funds to be required to pay the filing fee in full to proceed in this action.

Accordingly, within fourteen days of the date of this Order, Plaintiff is ORDERED TO SHOW CAUSE why his *in forma pauperis* status should not be revoked and this action dismissed without prejudice to refiling with prepayment of the filing fee. In the alternative, within the same fourteen-day deadline, Plaintiff may pay the filing fee or file a notice of voluntary dismissal.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for the Court to conduct Hague service is DENIED. Plaintiff is responsible for conducting service on Defendant Polano.

Plaintiff is FURTHER ORDERED TO SHOW CAUSE why the Court should not revoke his *in forma pauperis* status within fourteen days.

**IT IS SO ORDERED.**

Dated: September 9, 2021

_____
JEFFREY S. WHITE
United States District Judge

---

[2] *See* https://www.processnet1.com/switzerland.htm.