UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS, d.b.a. ACERTHORN                                         PLAINTIFF

VS.                           Case 3:21-cv-04184-JSW

KARL POLANO, d.b.a. SOFIANNP, ALPHABET INC.,
DISCORD INC., FACEBOOK INC.,                                             DEFENDANTS
JOHN DOE #1, d.b.a. INITIATIVEKOOKIE, and
JOHN DOE #2, d.b.a. TGP482,

## MOTION TO RECUSE AND FOR SANCTIONS

Comes now, *pro se* Plaintiff David stebbins, who hereby submits the following Motion for Sanctions in the above-styled action.

1. As this Court is well aware, I am currently seeking leave to file a second amended complaint in this case, to include a copyright infringement Polano committed on Twitch. See Doc. 38.

2. On September 11, 2021, I received an email from Polano, which was also sent to Twitch, where he falsely claimed that this Court had decided that his videos were indeed fair use, and demanding that Twitch reinstate the video. He also told me that he would sue me if I continued to "abuse the DMCA." See **Exhibit A**. At the same time, he also sent me a private email where he cussed me out and said that the Court "told [me] to f**k off." See **Exhibit B**.

3. We went back and forth for a few days, with me trying to get him to make a formal appearance in this case of his own accord so I don't have to serve him with process, with him insisting that his appearance in this case is unnecessary since he's "already won the case." Alas, it does not appear that Polano is willing to appear in this case of his own accord. However, on September 15, 2021, it took a turn for the worse.

4. I noticed there was some infringement that was posted on Youtube and I filed a DMCA Takedown to get it removed. The next day, Polano sent me another private email stating that it was actually his video, not mine, that I had taken down.

5. For the reocrd, I disagree with his assertion that I have no stake in that video's copyright, but that's a disagreement we would have to resolve through litigation.

6. Anyway, I told him that he would have to appear in the case in order to get me punished for this supposed "abuse" of the DMCA. He replied by stating that he was "sending the evidence to the judge." See **Exhibit C**.

7. For the record, I find it rather ironic and hypocritical that he calls me a manchild, and yet he is the one cussing me out for the crime of disagreeing with him.

8.  Anyway, this last message is the one that justifies sanctions in this case. The implication with this email is that Polano plans on sending the evidence to the judge *directly*, a la to the judge's personal email address, and he isn't even going to CC a copy of this evidence to me.

9.  When I asked him if this meant he was engaging in ex parte communications, he refused to answer. See **Exhibit D**. In civil cases, when you invoke your Fifth Amendment right to silence, the Court can take a negative inference from that silence. Here, his refusal to give straight answers to this question should be taken as the equivalent to a confession.

10. This is not only illegal, but doubly illegal. Parties are not supposed to give evidence to the Court that is designed to influence the outcome of the case unless they file a formal motion with the court (and that would require he make a formal appearance in the case of his own accord and waive service of process). But then, for him to attempt to contact the court *without sending me a copy* is litigation misconduct of the highest order!

11. A few minutes later, he replied saying that he understands that he cannot contact the judge directly, but says that the chambers sent him a link for a zoom conference call. See **Exhibit D** ("Can't directly contact the judge? No shit Sherlock they've sent me a link for a zoom conference call you dummie").

12. The fact that the court *gave* Polano the link to set up a zoom conference call means that the Court is actually cooperating with Polano and entertaining his aruguments, despite knowing that they are ex parte.

13. The prejudice to my case that these ex parte communications create is both palpable and axiomatic. This is a constitutional due process violation of the highest order, and it must be remedied forthwith.

14. I am asking Judge White to step down and recuse himself from this matter. I also ask that Polano be issued an appropriate sanction that will discourage litigants from engaging in similar conduct in future. Being held in contempt of court and being arrested (meaning he should be exradited from Switzerland to US soil in order to serve his incarceration sentence) would be a sufficient punishment.

15. This relief should not be optional. If there were ex parte communications, that is automatic grounds, not just for the vacating of any adverse judgment, but even removal from office on impeachment. If this Court has actually allowed Polano to communicate with it ex parte, that is a very serious violation of the law. The only way it could be more egregious is if it is revealed that, during these ex parte communications, the Court was accepting bribes from the Defendant in exchange for favorable rulings.

16. In the alternative, the Court should come forth with substantive evidence that it is not engaging in any ex parte communications with Polano. However, I think I deserve proof beyond the judge's mere uncorroborated denial that he is engaging in any ex parte communications. Nobody should ever be allowed to be absolved of any suspicion of illegal activity just because they pled not guilty. Please provide *evidence*, not just uncorroborated denials, that contradicts the

contents of Exhibit D, containing a confession that the Court has set up an ex parte hearing with the Defendant behind my back.

17. An example of evidence I would consider to be sufficient would be a copy of an email sent to Polano (as opposed to sent by him) that predates the filing of this motion, where the judge and/or his staff (such as Ms. Ottolini) scold Polano for his attempts to initiate ex parte contact with the court and telling him in no uncertain terms that the court will not entertain these ex parte communications.

18. Wherefore, premises considered, I respectfully ask for Polano to be sanctioned for this attempt at ex parte communications and, if the communications were entertained, for Judge White to recuse himself immediately.

So requested on this, the 17th Day of September, 2021.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
