UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS, d.b.a. ACERTHORN               PLAINTIFF

VS.                       Case 3:21-cv-04184-JSW

KARL POLANO, d.b.a. SOFIANNP, ALPHABET INC.,
DISCORD INC., FACEBOOK INC.,                    DEFENDANTS
JOHN DOE #1, d.b.a. INITIATIVEKOOKIE, and
JOHN DOE #2, d.b.a. TGP482,

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Memorandum of Points and Authorities in Support of my Motion for Preliminary Injunction in the above-styled action.

### FACTS

1. On August 28, 2021, I noticed that, on or around July 6, 2021, Karl Polano had performed a livestream on Twitch that, among other things, showed a clip from my accidental livestream while providing no criticism or commentary on it whatsoever. I issued a DMCA Takedown with Twitch (see **Exhibit A**), and the stream was taken down forthwith (see **Exhibit B**).

2. However, on August 31, 2021, I received notice that Polano had issued a Counter-Notification. See **Exhibit C**. In order to prevent the stream from being reinstated to Twitch, I had to file either a brand new lawsuit, or file a Motion for Leave to File a Second Amended Complaint. I chose the latter option. See **Doc. 38**.

3. The Court granted that motion for leave, but only on the grounds that "at this stage of the proceedings, the Court finds little prejudice to the opposing partie"). See Doc. 54, Page 2, Lines 19-20.

4. It is axiomatic that this lack of prejudice will not last very long, especially when the lack of prejudiced is predicated almost exclusively on how early in the proceedings the case currently is.

5. If he uploads or streams another infringement of my copyright, I have the right to have it taken down, especially when I reasonably believe that his content is not fair use. However, if he issues a DMCA Counter-Notification, I will *have* to either file a new lawsuit or file an amended complaint in this case, otherwise the infringing content will be automatically reinstated.

6. However, if I do the former, that will only result in an unnecessary increase in legal costs

for all parties involved, not to mention piecemeal litigation. But if I do the latter, this case will only get delayed further. The more he issues DMCA Counter-Notifications, the more the case will get delayed. But I cannot just not act on the DMCA Counter-Notifications, because if I do not do either of the two, the infringing content automatically goes back up.

7. To be clear, this motion for preliminary injunction is not designed simply to stop him from infringing my copyright for the duration of the case. It is designed to prevent the individual defendants from being able to stave off final judgment in this case indefinitely by repeatedly forcing me to amend the complaint, thereby resetting the case schedule.

8. To prevent this kind of undue delay, I believe a preliminary injunction is appropriate, where the individual defendants should be ordered not to issue any more DMCA Counter-Notifications against me for the duration of this case, but to instead address all further grievances against me with the court.

## LEGAL ANALYSIS

9. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008).

### Strong Likelihood of Success on the Merits

10. I have a strong likelihood of success on the merits. Polano has admitted that they have used content that is copyrighted by me without my permission. See **Exhibit C, Page 2** ("It was a review and criticism of David Stebbins' content"). He also admits to prima facie copyright infringement regarding the fourteenth count of copyright infringement. See **Exhibit D** ("I've created the video as a parody of it's original content which was a 2 hour livestream").

11. In its order denying my First Motion for Temporary Restraining Order, the Court found that the high likelihood that the individual defendants will raise fair use as an affirmative defense means that I have not demonstrated a high likelihood of success on the merits. However, since then, I have actually received a written confession from one of the individual defendants stating that, in their opinon, the fourteenth count of copyright infringement is not fair use.

12. On September 14, 2021, I issued another DMCA Takedown against a Youtube channel named "Greg." See **Exhibit E**. This time, they did not play a clip from the accidental livestream, but rather, the collaborative livestream I did with Polano on April 18, 2021 (which I discuss in ¶¶ 36-37 of my Second Amended Complaint), of which I am a co-author and therefore a co-copyright holder. On September 16, 2021, I received a counter-notification, where "Greg" identified himself as Raul Mateas, a citizen of the United Kingdom. See **Exhibit F**. I was about to include this infringement as an 18th count of copyright infringement in the second amended complaint, but I managed to convince him over email to take the video down of his own accord.

13. However, during this email, he also identified himself by his primary online psuedonym,

TGP482 (see **Exhibit G**), meaning he was John Doe Defendant #2 in this case. Later in this email conversation, he admitted that he believed that the May 20, 2021 infringement is not fair use! See **Exhibit H** ("I know Sofiann is gonna lose anyway lol I told him like 4 months ago not to counter the claim cause it's most likely not fair use").

14.     Yes, we literally have one of the individual defendants int his case *admitting in writing* that at least one count of copyright infringement in this case is a slam-dunk case of infringement, and is not fair use! If that does not establish a high likelihood of success on the merits, nothing does.

15.     Also in the Court's previous order denying my first Motion for TRO, the Court pointed out that it had doubts as to whether two John Doe Defendants (now known to be Frederick Allison and Raul Mateas) are subject to the personal jurisdiction of this court. However, as of the September 16, 2021 Counter-Notification, Mateas has agreed in writing to the jurisdiction of this court. See **Exhibit F** ("I consent to the jurisdiction of the Federal District Court for ... if my address is outside of the United States, the judicial district in which YouTube is located").

16.     Bear in mind that I am seeking to have all the individual defendants be held jointly liable in this case. See ¶¶ 65-70 of the Second Amended Complaint. This means that the only way Mateas can avoid liability at this stage is if he is not found to be a co-conspirator in this attempt at harassing me, doxxing me, and ruining my career. However, even then, I am likely to succeed on the merits. In addition to the fact that Mateas is a moderator in the Great Six discord server (meaning he necessarily is contributorily liable for all the infringement that took place on the Discord server, due to his failure to delete the infringements and ban the offending users), there is also the fact that Mateas has admitted to being party to this organized doxxing effort. See **Exhibit F**, where he suspects that I am only removing this content because I believe my career will be ruined if it is allowed to stay, clearly implying that this was the main reason he uploaded it. So it is extremely likely that he will be revealed as a co-conspirator.

17.     So there is at least one count of infringement, against at least one defendant, where my odds of succeeding on the merits are nearly 100%. If that does not constitute a high likelihood of at least partial success on the merits, I don't know what does.

### Likelihood of Irreparable Harm

18.     If the individual defendants catch onto the fact that I will have to file a new amended complaint every time they issue a Counter-Notification, they are sure to exploit it as best they can. Even so far, the individual defendants have exploited on numerous occasions the fact that they can simply create new accounts to get around bans. See **Doc. 42, Exhibits B-G**.

19.     If they start doing that, I will suffer irreparable harm in one capacity or another. Either

   (a)     I would have to file a new lawsuit, which would generate unnecessary extra legal costs and, perhaps even worse, piecemeal litigation,

   (b)     I would have to file another amended complaint, which, if done repeatedly, has the

potential to delay judgment in this case indefinitely, or

(c) I would have to allow the infringing content to be reinstated.

20. Either way, I am extremely prejudiced by any of the three possibilities.

21. Now, if the individual defendants *do not* have plans to exploit this in order to delay the case indefinitely, then they have nothing to lose by having this preliminary injunction issued against them.

### Balance of Equities

22. The individual defendants in this case have virtually no equity of their own to be considered. For months and months, the Defendants have proven that their only objective in all of this is to harass me, dox me, and ruin my career, all entirely for its own sake. They are not attempting to criticize my work for the sake of criticizing the work of a fellow youtuber. They just want to harass me. There is nothing legitimate about their actions. It is just pure hatred, pure malice, pure spite.

23. Polano has admitted that he is acting of a desire to ruin my career for its own sake. See **Exhibit I** ("When I post the video ... people will see you for who you are").

24. Frederick Allison has repeatedly demonstrated that he is acting out of a desire to ruin my career for its own sake. See **Exhibit J** ("Guess what, I'm still gonna be doxxing you and exposing you to everyone and there's fuck all you can do about it ... hell even if you sue me I ain't going away").

25. Mateas has also admitted to acting out of a desire to ruin my career for its own sake. See **Exhibit F** (supra).

26. So as you can clearly see, the balance of equities tips in my favor, almost by default, seeing as the individual defendants have virtually no equity of their own to balance. The individual defendants are acting with wholly inequitable motives.

27. The absolute closest the individual defendants can come to claiming any equity in their favor is that they will not be able to publish anything that contains my content, even if it is legitimately fair use. However, as the court can see from the first paragraphs in both the Motion for Preliminary Injunction as well this Memorandum, I am allowing for the possibility that the individual defendants can still seek redress against me for any DMCA Takedowns I file against them … by taking those grievances up with this court directly. Just like with Discord Inc.'s decision to create a snapshot of the Great Six discord server, the option of being able to take the grievance up with the court directly serves as a "functional equivalent" to a DMCA Counter-Notification. This eliminates any prejudice the individual defendants might suffer as a direct or indirect result of this preliminary injunction.

## Public Interest

28.     It is axiomatic that the public interest heavily disfavors piecemeal litigation, as well as litigants engaging in undue delay, especially when that delay is merely done solely for delay for its own sake. As such, issuing this preliminary injunction is certainly in the public interest.

### This motion can be heard quickly (and before service of process) without being heard ex parte.

29.     The Court should rule on this motion as quickly as possible to avoid further delay, but none of the individual defendants have been served with process in this case. However, the Court can still give the individual defendants a reasonable opportunity to respond … if the Court orderst he indvidual defendants to be served with a  copy of this motion *by email*, and giving them an opportunity to make a limited appearance in this case only insofar as is necessary to respond to this motion.

30.     Service by email is not an unprecedented move in California. See http://abtl.org/report/la/articles/David_Faud_abtl_Reprint.pdf ("at least twofederal courtshaveallowed it under Rule 4(e) to permit service by email ... See Facebook, Inc. v. BananaAds, LLC, No.C-11-3619YGR,2012WL1038752, at *3(N.D.Cal.Mar.27,2012); Miller v. Ceres Unified Sch. Dist., No. 1:15-CV-0029-BAM, 2016 WL 4702754, at *3 (E.D.Cal.Sept.7,2016)"). The former of those two cases was even from the *Northern District* of California! As you can see from that url, the courts – especially in the Ninth Cirucit – are already in the process of slowly gravitating towards allowing service by email instead of service by publication in a newspaper.

31.     What makes this option even more appealing is the fact that Karl Polano is already following this case, even without having been served with process. See **Exhibit C** ("We are currently disputing this in court"). There is almost no prejudice suffered by serving Polano electronically, because he has already served *himself* electronically of his own accord!

## CONCLUSION

32.     In conclusion, I have demonstrated a very high likelihood of success on the merits on at least one count of copyright infringement against at least one defendant. The public interest favors this preliminary injunction, and the balance of equities not only tips in my favor, but is almost exclusively in my favor. This preliminary injunction is warranted.

33.     Wherefore, premises considered, I respectfully request that this motion for preliminary injunction be granted.

So requested on this, the 17th day of September, 2021.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,

APT D<br>
Harrison, AR 72601<br>
(870) 212-4947<br>
acerthorn@yahoo.com