| | |
|---|---|
| Anna Hsia (SBN 234179)<br>ZWILLGEN LAW LLP<br>369 Pine Street, Suite 506<br>San Francisco, CA 94104<br>Telephone: (415) 590-2335<br>Facsimile:  (415) 636-5965<br>anna@zwillgen.com | Jamie Orenstein (*pro hac vice*)<br>ZwillGen PLLC<br>183 Madison Ave., Suite 1504<br>New York, NY 10016<br>Telephone: (646) 362-5590<br>orenstein@zwillgen.com |

Jeffrey Landis (*pro hac vice*)
ZwillGen PLLC
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298
jeff@zwillgen.com

Attorneys for Defendant
**DISCORD INC.**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br>           Plaintiff,<br>v.<br>KARL POLANO, et al.,<br>           Defendants. | Case No.: 21-cv-04184-JSW<br><br>The Honorable Jeffrey S. White<br><br>**OPPOSITION TO MOTION FOR RECUSAL** |

1   Defendant Discord Inc. ("Discord") respectfully submits this memorandum in opposition
2   to the motion of Plaintiff David A. Stebbins ("Plaintiff") seeking the Court's recusal. ECF 56.
3   A judge "shall disqualify himself in any proceeding in which his impartiality might
4   reasonably be questioned." 28 U.S.C. § 455(a). The statute requires recusal when "a reasonable
5   person with knowledge of all the facts would conclude that the judge's impartiality might
6   reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993); *Ali v.
7   ServiceNow, Inc.*, No. 19-CV-03744-JSW, 2019 WL 11542365, at *1 (N.D. Cal. Sept. 23, 2019)
8   (White, J.), *aff'd*, 797 F. App'x 322 (9th Cir. 2020). The standard contemplates is a "well-
9   informed, thoughtful observer" rather than someone who is "hypersensitive or unduly
10  suspicious." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal quotations
11  omitted). Further, a duty to recuse can only arise "from an extrajudicial source and not from
12  conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines,
13  Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988); *Ali*, 2019 WL 11542365, at *1.

Plaintiff contends that the Court should recuse itself because defendant Karl Polano ("Polano") expressed an intention to submit evidence to the Court *ex parte* using a link for a zoom conference call that Plaintiff infers the Court provided to Polano. *See* ECF 56, ¶¶ 6-12. Even if Plaintiff's speculative interpretation of his adversary's ambiguous comments were correct, it would not lead a well-informed reasonable observer to infer any judicial misconduct. *See Holland*, 519 F.3d at 913 ("the merest unsubstantiated suggestion of personal bias or prejudice" does not suffice to require recusal). The Court should therefore deny the motion. *See, e.g.*, *Clemens v. U.S. Dist. Ct. for Cent. Dist. of California*, 428 F.3d 1175, 1179 (9th Cir. 2005) ("a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require") (internal quotation omitted).

For the reasons set forth above, Discord Inc. respectfully requests that the Court deny Plaintiff's motion for recusal.[1]

---

[1] In the same motion in which he seeks the Court's recusal, Plaintiff also moves for sanctions against defendant Polano. ECF 56. Discord takes no position on that portion of the motion. Discord likewise takes no position on Plaintiff's separate motion for preliminary injunctive relief against all of the individual defendants. ECF 57.

1 | DATED: September 30, 2021          ZWILLGEN LAW LLP

By: /s/ Anna Hsia

Attorneys for Defendant Discord Inc.