UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS, d.b.a. ACERTHORN                                PLAINTIFF

VS.                             Case 3:21-cv-04184-JSW

KARL POLANO, d.b.a. SOFIANNP, ALPHABET INC.,
DISCORD INC., FACEBOOK INC.,                                    DEFENDANTS
FREDERICK ALLISON, d.b.a. INITIATIVEKOOKIE, and
RAUL MATEAS, d.b.a. TGP482,

## REPLY TO [063] RESPONSE IN OPPOSITION TO [056] MOTION TO RECUSE AND FOR SNCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to Doc. 63, Discord's Response in Opposition to Doc. 56, my Motion to Recuse and for Sanctions.

### Ex parte communications are indeed grounds for recusal.

1.      The Respondent expressly takes no position on the portion of this motion which calls for Polano to be sanctioned for his conduct. See Footnote #1. Therefore, the respondents' entire argument is that there is insufficient evidence of judicial misconduct.

2.      What the respondents are arguing is absolutely preposterous. Bear in mind that the respondents are not alleging that there is insufficient evidence that the Court has engaged in ex parte communications with Polano. Their exact words are "[e]ven if Plaintiff's ... interpretation of his adversary's ... comments were correct," (in other words, even if the judge and/or his court staff really did provide Polano with a zoom conference link so he could engage in ex parte communications with the judge off the record), that is not grounds for recusal. To put it mildly, that is preposterous in every sense of the word.

### This is not mere speculation, and the messages I have received are not ambiguous.

3.      Respondents claim that Polano's statements are ambiguous, but they are anything but ambiguous. His exact words are "[t]he court has decided that my content IS Fair Use," (See **Doc. 56, Exhibit A**) "I'm sending the evidence to the judge," (See **Doc. 56, Exhibit C**) "they've sent me a link for a zoom conference call," (See **Doc. 56, Exhibit D**).

4.      While some of Polano's statements may be ambiguous[1], these statements are not. His statements clearly demonstrate, not only an intention to engage in ex parte communications with the court to rig the case against me, but a genuine belief that the court has *already cooperated* (at least partially) with his attempts at doing so.

---

1   Such as when he said I "cannot take responsibility, nor accept criticism," or when he said he would "try raise some money to offer [me] treatment."

**The Court has the means to absolve itself of suspicion.**

5.      Bear in mind that I provided, in my original motion, for a means of the Court to absolve itself of suspicion: By providing evidence that the Court, upon receipt of the ex parte communications, promptly replied to Polano's email scolding him for his attempts at an ex parte contact, and warning him to cease and desist his illegal conduct. However, I insisted that such an email must be shown to have predated[2] the filing of my Motion to Recuse in order to truly absolve the court of any suspicion. Otherwise, there is the possibility that the email was sent after the filing of the current motion, not to prevent ex parte communications, but to cover up for the court's misconduct.

6.      Alternatively, perhaps the court could absolve itself of suspicion if it produced a copy of an email, sent to Polano, containing a zoom conference link. However, this email did not come from the judge's chambers, but instead came from the Office of the Clerk (currently headed by Susan Young), and was a link that allowed Polano to attend an upcoming court session, but only as an observer, rather than as a participant. Then, we could reasonably speculate that Polano, in his delusion and feelings of grandeur and self-entitlement, believed that he would be allowed to present ex parte evidence to the Court on this matter, not realizing that the invitation was view-only. This would certainly cause Polano to be deserving of sanctions[3], but the court would still be in a position where no reasonable person would question its impartiality.

7.      However, to truly absolve the court of suspicion, such an email from the Clerk would have to be shown to have predated the email depicted in Doc. 56, Exhibit D, where he said that the Court has already sent him a zoom conference link. That email was sent on 1:07 PM CDT on September 15, 2021. So if the hypothetical email sent above cannot be shown to have been sent before then, we must assume that such an email was actually sent *after* the filing of this reply, and was done at the suggestion of this reply in order to cover up for the court's misconduct.

8.      The exculpatory evidence must be shown to have predated my suggestion of it in order to truly be exculpatory.

**Conclusion**

9.      In conclusion, the respondents' claim that ex parte communications are not grounds for recusal even if they happened is absolutely ludicrous. They claim that Polano's declarations of ex parte contact are speculative at best, but they are not. While a lot of Polano's statements are ambiguous, his statements that relate to the ex parte communication are not. Meanwhile, if the Court has indeed followed the law in how to handle unsolicited ex parte communications, there is no reason why it should not be able to product evidence of his compliance.

10.     Wherefore, premises considered, I request that the Motion to Recuse be granted, or in the alternative that exculpatory evidence be provided. If neither happens, I intend to file a complaint

---

2   This should not be very difficult to prove. Most emails have automatic timestamps showing the exact date and time the emails were sent. For example, if you check **Exhibit B** to the Motion to Recuse, you can see that automatic timestamps show that this email was sent to me at 05:39 AM CDT on September 11, 2021.

3   See 28 CFR § 76.15(b) ("A party or participant who makes a prohibited ex parte communication, or who encourages or solicits another to make any such communication, may be subject to any appropriate sanctions.")

with the Ninth's Circuit's Judicial Misconduct and Disability Commission, using instructions found at https://www.ca9.uscourts.gov/misconduct/guidelines/.

So requested on this, the 30th day of September, 2021.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
