**KILPATRICK TOWNSEND & STOCKTON LLP**
JOSEPH PETERSEN (SBN 304597)
1080 Marsh Road
Menlo Park, CA 94025
Telephone:     (650) 614-6427
Facsimile:      (650) 326-2422
Email: jpetersen@kilpatricktownsend.com

OLIVIA POPPENS (SBN 328359)
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:     (310) 777-3729
Facsimile:      (310) 734-1643
Email: opoppens@kilpatricktownsend.com

Counsel for *Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| DAVID A. STEBBINS, | Case No. 4:21-cv-04184-JSW |
| *Plaintiff*, | **FACEBOOK, INC.'S MOTION TO VACATE ENTRY OF DEFAULT AND OPPOSITION TO MOTION FOR ENTRY OF DEFAULT JUDGMENT** |
| v. | |
| KARL POLANO ET AL., | Ctrm.:   A, 15th floor |
| *Defendants*. | Judge:   Hon. Magistrate Judge Alex G. Tse |
| | SAC Filed:   September 17, 2021<br>Trial Date:   Not Set |

Defendant Facebook, Inc. ("Facebook"), by and through undersigned counsel, and pursuant to Rule 55 of the Federal Rules of Civil Procedure, hereby moves to Vacate the Entry of Default [Dkt. 72] and opposes the Motion for Entry of Default Judgment [Dkt. 74] filed by Plaintiff David A. Stebbins ("Plaintiff"). In support hereof, Facebook states the following:

## I.  Default Was Entered Against Facebook in Error

1. On June 2, 2021, Plaintiff apparently filed his Complaint in the instant action naming defendant Karl Polano as the sole defendant. [Dkt. 01.]

2. On July 29, 2021, Plaintiff apparently filed his First Amended Complaint which named Facebook as a defendant among other defendants. [Dkt. 11.]

3. Plaintiff purports to have served Facebook with a copy of the First Amended Complaint on September 10, 2021. [Dkt. 59.]

4. On September 17, 2021, prior to Facebook's time to respond to the First Amended Complaint, Plaintiff apparently filed his Second Amended Complaint. [Dkt. 55.]

5. On September 22, 2021, the Court issued an order directing service of the Second Amended Complaint. [Dkt. 60.] Accordingly, Facebook understands that the Second Amended Complaint is the operative Complaint in this matter.

6. To the best of Facebook's knowledge and understanding, it has not yet been served with a copy of the Second Amended Complaint. Nonetheless, on October 2, 2021, Plaintiff filed a Motion for Entry of Default as to Facebook. [Dkt. 70]. Then, on October 4, 2021, the clerk noticed Facebook's default as to the First Amended Complaint apparently without recognizing that: (i) the First Amended Complaint was supplanted by the Second Amended Complaint; and (ii) there was no Certificate of Service on the docket as to service of the Second Amended Complaint on Facebook (indeed, as noted, Facebook has no record of being served with the Second Amended Complaint). Accordingly, notice of default was entered against Facebook erroneously.

7. Facebook recently engaged undersigned counsel to enter an appearance and file responsive pleadings in this matter.

8. On October 4, 2021, and immediately following the Entry of Default, Plaintiff filed a Motion for Entry of Default Judgment [Dkt. 74].[1]

9. Facebook's counsel contacted Plaintiff on Monday, October 4, 2021 and advised Plaintiff that Facebook is amenable to accepting service of the Second Amended Complaint conditioned on the parties working out a reasonable timetable for Facebook's response. Facebook's counsel proposed that the parties agree to extend Facebook's deadline to respond to the Second Amended Complaint to 15 days after all individual defendants are served (which timeline is the same as Plaintiff worked out with defendant Alphabet Inc.'s counsel [Dkt. 69]).

10. Plaintiff did not consent to Facebook's proposal concerning his Second Amended Complaint necessitating the instant motion and opposition.

**II.    Argument**

**A.    Entry of Default Was the Result of Clerical Error and Should be Vacated**

The operative complaint in this action is the Second Amended Complaint which has yet to be served on Facebook. It is incontrovertible that Plaintiff's Second Amended Complaint supersedes the First Amended Complaint which is properly treated as nonexistent. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, '[t]he amended complaint supercedes the original, the latter being treated thereafter as non-existent.'") (alteration in original) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Here, the Second Amended Complaint became operative *before* Facebook's deadline for responding to the First Amended Complaint. Accordingly, it was in error to grant Plaintiff's Motion for Entry of Default and enter Facebook's default as to the First Amended Complaint because that complaint was rendered nonexistent by virtue of the Second Amended Complaint. In such circumstances, entry of default was the result of clerical error and should be vacated on that basis alone. *See Stoica v. McDonnell Douglas Helicopter Co.*, No. CV-19-05288-PHX-GMS,

---

[1] This Motion and Opposition opposes Plaintiff's Motion for Entry of Default [Dkt. 70] and Motion for Default Judgment [Dkt. 74]. Facebook contends that Plaintiff's Motion for Default Judgment is premature as it was filed before Facebook even had notice of the Entry of Default.

FACEBOOK INC.'S MOTION TO VACATE ENTRY OF DEFAULT AND OPPOSITION TO MOTION FOR ENTRY OF DEFAULT JUDGMENT     - 2 -

2020 WL 3574603, at *2 (D. Ariz. July 1, 2020) (vacating entry of default that was improperly entered due to a clerical error).

### B. Good Cause Exists for Setting Aside the Entry of Default

Even if the Court finds that default was not entered as a result of clerical error, good cause exists for vacating it pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. To begin, the disposition of motions made under Rule 55(c) is a matter within the discretion of the trial judge. *See Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (reviewing district court's set aside of default for abuse of discretion).

A court considers three factors when examining good cause to vacate entry of default: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (alterations in original) (quoting *Franchise Holding II, LLC*, 375 F.3d at 925-26).

Under this disjunctive standard, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.*, *see also Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1111 (9th Cir. 2011). However, a court may within its discretion grant relief from default even after finding one of the "good cause" factors to be true. *See, e.g., id.* at 1112 ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not."). "The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). The factors are more liberally applied with respect to a request to set aside the entry of default, because "there is no interest in the finality of the judgment with which to contend." *Mesle*, 615 F.3d at 1091 n.1.

Additionally, the Ninth Circuit has emphasized that resolution of a motion to set aside the entry of default is necessarily informed by the well-established policies favoring resolution of cases on their merits and generally disfavoring default judgments. *See Mesle*, 615 F.3d at 1091 ("Crucially,. . . judgment by default is a drastic step appropriate only in extreme circumstances; a

case should, whenever possible, be decided on the merits.'") (citations); *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible"). Moreover, the Ninth Circuit's "rules for determining when a default should be set aside are solicitous towards movants." *Mesle*, 615 F.3d at 1089.

Here, there is ample good cause to vacate the Entry of Default and deny the Motion for Default Judgment. As discussed above, the operative complaint in this action is the Second Amended Complaint which Complaint has yet to be served upon Facebook. Accordingly, default as to the prior, mooted First Amended Complaint was entered against Facebook in error. In such circumstances, Facebook cannot be said to have been culpable in the entry of default.

Furthermore, Facebook only recently retained counsel to defend it in this matter. In that regard, recently retained undersigned counsel has only just begun familiarizing itself with the pending action and issues. Facebook intends to vigorously oppose the allegations and claims asserted in the Complaint and it fully intends to defend those claims and prosecute its affirmative claims on the merits including issues concerning the validity of Plaintiff's copyright registration and issues concerning fair use under 17 U.S.C. § 107. Accordingly, Facebook does have meritorious defenses.

Finally, Plaintiff has not been prejudiced by any delay in Facebook's response to the complaint. Indeed, since Facebook has yet to be served with the Second Amended Complaint there has in fact been no delay whatsoever. Moreover, Plaintiff has sought leave to file a Third Amended Complaint, and Plaintiff and Alphabet, Inc. have stipulated that Alphabet's deadline to respond to the operative complaint will not be due until after the individual defendants in the case are served. In the interest of justice and in light of the clear preference for cases to be tried on the merits, equity weighs in favor of vacating the entry of default, denying Plaintiff's Motion for Default and allowing Facebook to defend against Plaintiff's claims.

WHEREFORE, Facebook requests that this Court vacate the Entry of Default [Dkt. 72], deny the Motion for Default Judgment [Dkt. 74], and extend Facebook's deadline to respond to the Second Amended Complaint (or the Third Amended Complaint, should the Court authorize

FACEBOOK INC.'S MOTION TO VACATE ENTRY OF DEFAULT AND OPPOSITION TO MOTION FOR ENTRY OF DEFAULT JUDGMENT - 4 -

that amendment) until 15 days after all individual defendants are served with the operative Complaint.

DATED: October 6, 2021          Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Joseph Petersen*
    JOSEPH PETERSEN

Counsel for Defendant
FACEBOOK, INC.