UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>    Plaintiff,<br><br>v.<br><br>KARL POLANO, et al.,<br><br>    Defendants. | Case No. 21-cv-04184-JSW<br><br>**ORDER DENYING MOTION FOR RECUSAL AND SANCTIONS**<br><br>Re: Dkt. No. 56 |

Now before the Court for consideration is the motion for recusal and sanctions filed by Plaintiff David A. Stebbins ("Plaintiff"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. The Court HEREBY VACATES the hearing scheduled for November 5, 2021. For the following reasons, the Court DENIES Plaintiff's motion.

## BACKGROUND

On September 17, 2021, Plaintiff filed a motion for sanctions and a motion for recusal. Plaintiff seeks sanctions against Defendant Karl Polano ("Polano"), who has not yet been served or appeared in this case, arising from *ex parte* email communications between Plaintiff and Polano. Plaintiff argues Polano should be sanctioned because Polano implied that he plans to communicate *ex parte* with the Court regarding evidence in this matter. Plaintiff asks the Court to sanction Polano for his attempted *ex parte* communications with the Court. Plaintiff also seeks the undersigned's recusal from this matter. Plaintiff alleges that Polano's emails imply that the Court facilitated *ex parte* communications between Polano and the Court, and Plaintiff seeks recusal on this basis. Defendant Discord, Inc. opposes Plaintiff's motion for recusal and takes no position on Plaintiff's request for sanctions against Polano.

## ANALYSIS

The Court first addresses Plaintiff's motion for recusal. Under 28 U.S.C. section 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455 "require[s] recusal only if the bias or prejudice stem from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988). Judges are presumed to be impartial and, accordingly, parties seeking recusal bear "the substantial burden of proving otherwise." *United States v. Dehghani,* 550 F.3d 716, 721 (8th Cir.2008) (internal quotation marks and citation omitted).

Recusal is warranted where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quotation omitted). This standard does not mandate recusal upon the mere "unsubstantiated suggestion of personal bias or prejudice." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (quotation omitted). Rather, "a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *See Liteky v. United States*, 510 U.S. 540, 558 (1994) (Kennedy, J., concurring). An adverse judicial ruling is not an adequate basis for recusal. *Id.* at 549; *Leslie v. Grupo ICA*, 198 F.3d 1152, (9th Cir. 1999). Absent some evidence of bias or prejudice originating outside of a proceeding, favoritism or antagonism exhibited in a judge's rulings may be considered as a basis for disqualification "only in the rarest circumstances." *Liteky*, 510 U.S. at 555.

Plaintiff contends that the undersigned is subject to recusal because the Court allegedly engaged in *ex parte* communications with Polano. However, the allegations in Plaintiff's recusal motion do not meet the standard of reasonableness. The Court has not had *ex parte* communications with any party in this proceeding. All conferences or hearings scheduled by the Court appear on the public docket as do all orders issued by the Court. Plaintiff's accusations of improper communications are unsubstantiated and do not meet the reasonableness standard. The Court also declines to entertain Plaintiff's alternative request that the Court provide "exculpatory

evidence" of its impartiality. As the party seeking recusal, it is Plaintiff's burden to support his allegations of bias with evidence. Plaintiff's speculative allegations fail to satisfy his burden of demonstrating that recusal is required. Accordingly, the Court DENIES Plaintiff's motion for recusal.

Plaintiff also seeks sanctions against Polano for his improper *ex parte* communications with the Court. As discussed above, no such communications have occurred. Accordingly, Plaintiff's motion for sanctions against Polano is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for recusal and sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: October 22, 2021

_____
JEFFREY S. WHITE
United States District Judge