UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>    Plaintiff,<br><br>v.<br><br>KARL POLANO, et al.,<br><br>    Defendants. | Case No. 21-cv-04184-JSW<br><br>**ORDER GRANTING MOTION TO VACATE ENTRY OF DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 74, 76 |

Now before the Court for consideration is the motion to vacate entry of default and opposition to motion for entry of default judgment filed by Facebook Inc. ("Facebook"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Facebook's motion to vacate entry of default and DENIES Plaintiff's motion for default judgment.

**BACKGROUND**

On June 2, 2021, Plaintiff filed his complaint in the instant action. Plaintiff filed the First Amended Complaint ("FAC") on July 29, 2021, which named Facebook as defendant. (Dkt. No. 11.) Facebook was served with the FAC on September 10, 2021, and its deadline to respond to the FAC was October 1, 2021. (Dkt. No. 59.) On September 17, 2021, Plaintiff filed a second amended complaint ("SAC"). (Dkt. No. 60.) Facebook contends that it has not yet been served with the SAC. On October 2, 2021, Plaintiff filed a motion for entry of default as to Facebook. (Dkt. No. 70.) On October 4, 2021, the clerk entered default as to Facebook, and Plaintiff filed a motion for default judgment that same day, which the undersigned referred to Magistrate Judge Alex G. Tse for Report and Recommendation. On October 6, 2021, Facebook filed the present

motion to vacate the entry of default. Plaintiff filed an opposition on October 7, 2021, and Facebook filed a reply on October 8, 2021.

**ANALYSIS**

**A.   Service of the Second Amended Complaint.**

Facebook first argues that entry of default should be vacated because it was not properly served with the SAC. According to Facebook, because it was not properly served with the SAC, the time to respond to the SAC has not expired. Federal Rule of Civil Procedure 15(a)(3) requires a party to respond to an amended pleading "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Plaintiff does not assert that Facebook was served with a copy of the SAC. Rather, he argues that Facebook was served with the FAC, and therefore, no further service was required. However, that Facebook was potentially on notice of this litigation does not establish that it was properly served with the SAC.[1] On this record, without evidence of service of the SAC, the Court cannot enter default judgment against Facebook.

**B.   Good Cause Exists to Vacate Entry of Default.**

In any event, even if Facebook had been properly served with the SAC, the entry of default judgment would still not be warranted as the factors that courts consider on a Rule 55 motion weigh against granting such a motion in this case.

Pursuant to Federal Rule of Civil Procedure 55(c), "[f]or good cause shown the court may set aside the entry of default." In determining whether good cause exists to vacate entry of default, the court considers three factors: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (alterations in original) (quoting *Franchise Holding II, LLC*, 375 F.3d at 925-26). The Court's discretion in determining whether to set aside the entry of default, as opposed to the entry of

---

[1] That the Court did not direct service of the SAC on Facebook does not establish that it was not necessary to serve Facebook with the SAC or that service was proper.

2

default judgment, is "especially broad." *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000). In general, there is a strong preference for resolving cases on their merits. *See, e.g., Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible.").

### 1. Facebook's conduct was not culpable.

A party's conduct can be considered culpable if it "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (emphasis in original) (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)). The Ninth Circuit has made clear that a lack of "culpable conduct" is essentially the equivalent of excusable neglect. Thus, if the defaulting party comes forth with a "credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," his or her conduct is excusable, not culpable. *TCI*, 244 F.3d at 697-98; *see also id.* at 698 ("'culpability' involves 'not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings'") (quoting *Gregorian v. Izvestia,* 871 F.2d 1515, 1525 (9th Cir. 1989).)

Here, Facebook contends that it was not served with the SAC. If Facebook was not served with the SAC, it cannot be said that it acted intentionally in its failure to respond. Moreover, Facebook contends that it only recently retained counsel to defend it in this matter. Additionally, when Facebook received Plaintiff's motion for entry of default, it acted quickly in responding, making clear it was not willing to forfeit its rights. The Court does not find evidence in the record that suggests Facebook intentionally failed to respond or otherwise intended to take advantage of Plaintiff, interfere with judicial decisionmaking, or otherwise manipulated the legal process. As such, Facebook's conduct in failing to timely to respond was not culpable.

### 2. Facebook has put forth sufficient evidence of a meritorious defense.

With respect to the question of a meritorious defense, "[t]he underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters Trust Fund v. Stone,* 794 F.2d

3

508, 513 (9th Cir. 1986). Here, Facebook represents that it intends to defend against Plaintiff's claims and prosecute affirmative claims on the merits including issues related to the validity of Plaintiff's copyright registrations and fair use. Thus, the Court cannot say that Facebook does not have a colorable defense to Plaintiff's claims.

### 3. Plaintiff would not be prejudiced by vacating entry of default.

"To be prejudicial, the setting aside of a [default] judgment must result in greater harm than simply delaying resolution of the case. Rather 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *TCI,* 244 F.3d at 701 (quoting *Falk,* 739 F.2d at 463). Here, Plaintiff will not be prejudiced by setting aside the default. Facebook promptly moved to vacate the default two days after its entry. Additionally, Plaintiff has sought leave to file a third amended complaint, and the individual defendants in this case have not yet been served. Plaintiff has also agreed that the time for defendants Alphabet Inc., Discord, Inc., and Amazon to respond to the operative complaint be extended until after the individual defendants are served. Given the early stages of this litigation and the strong preference of resolving cases on their merits, the Court finds that no prejudice would result from vacating the entry of default.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Facebook's motion to set aside entry of default. Plaintiff's motion for default judgment is DENIED. The Clerk is directed to vacate the entry of default as to Defendant Facebook. (Dkt. No. 72.) The Court VACATES the referral order to Magistrate Judge Alex G. Tse. (Dkt. No. 75.)

Facebook's deadline to respond to the operative complaint (currently the Second Amended Complaint) shall be extended until 15 days after all individual defendants are served.

**IT IS SO ORDERED.**

Dated: October 28, 2021

_____
JEFFREY S. WHITE
United States District Judge

Cc: Magistrate Judge Referral Clerk
    Magistrate Judge Alex G. Tse