UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS, d.b.a. ACERTHORN                                    PLAINTIFF

VS.                              Case 3:21-cv-04184-JSW

KARL POLANO, et al                                                  DEFENDANTS

## MOTION FOR DEFAULT JUDGMENT AS TO FREDERICK ALLISON

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Default Judgment as to Frederick Allison in the above-styled action.

1. Frederick Allison was entered in default in the above-styled action on November 4, 2021. See **Doc. 91**. This means that everything in the complaint that pertains to him, except the amount of damages, is established automatically. See Fed.R.Civ.P. 8(b)(6). This includes, but is not limited to, the following facts:

    (a) He infringed on my copyright no fewer than seventeen (17) times. In fact, he infringed on my copyright many more times than that, but alas, in the case of default judgment, relief cannot exceed what was requested in the complaint.

    (b) He acted willfully, maliciously, and in complete disregard to my legal rights.

    (c) He has repeatedly entered my digital business properties (including, but not limited to, my Youtube channel, my Twitch channel, and my Discord server) for the purpose of harassing and doxxing me, despite having repeatedly been banned from those places on multiple occasions.

    (d) He learned of my real name as a result of the 4th Count of Copyright Infringement, he was then able to learn of my personal information and my personal history. Were it not for that fourth count of infringement, he never would have learned who I was in real life and therefore could never have spread that information to others.

2. Because he is either jointly or primarily liable for seventeen (17) different counts of copyright infringement, I am entitled to statutory damages between $12,750 and $2,550,000. See 17 USC § 504(c)(2). Because Frederick Allison has acted with extreme malice and wanton disregard for my legal rights in this case, I believe he should be held liable for the full $150,000 per count of infringement, for a grand total of $2,550,000.

3. He is also liable for injunctive relief, which, unlike the amount of damages, is admitted by default along with everything else. See Fed.R.Civ.P. 8(b)(6). This means that I am automatically entitled to all of the injunctive relief requested in ¶¶ 114-121 of the SAC (Second Amended Complaint).

4.        Meanwhile, the corporate defendants (Alphabet, Discord, Amazon, and Facebook) should automatically be ordered, pursuant to 17 USC § 512(j), to permanently terminate all of Frederick Allison's accounts with their sites, and to never again allow (either expressly or tacitly) Frederick Allison to ever again create any more accounts with those sites for any reason, as I requested in ¶¶ 124-126 of the SAC.

5.        Although, in a default judgment, my relief cannot exceed that which was requested in the complaint, we must not forget that I also requested "whatever other relief, at law or in equity, that the Court, in its discretion, deems appropriate to make me whole and to ensure this does not happen again." See ¶ 130 of the SAC. This grants the court the authority to grant me additional relief than what I explicitly asked for in the SAC, even in default judgment proceedings. In compliance with this request, I ask for the following relief:

    (a)        Pursuant to 17 USC § 503, that every computer and smartphone in Mr. Allison's household be seized and impounded, at Mr. Allison's expense, with instructions to the custodian to permanently and irreversibly delete every instance of any material copyrighted by me found on any of those machines. The custodian may hold these machines as collateral to ensure that Mr. Allison pays for the costs of destroying the copyrighted content, and may take permanent possession of these items if payment is not tendered by Mr. Allison within a reasonable time frame.

    (b)        He should also be ordered to cease and desist sharing my personal information over the Internet. Although this Court has determined that my claim for "intentional infliction of emotional distress" has failed to state a claim, I also believe that this injunctive relief is reasonably necessary to make me whole against the fourth count of copyright infringement. After all, as I explain in the SAC, but for that count of infringement, he never would have learned of my real name and therefore would never have been able to share my personal information with anyone, even if he wanted to. Therefore, the fourth count of infringement can easily be said to be the proximate cause of the doxxing, which means that undoing the doxxing should be part of the injunctive relief in relation to that infringement.

6.        Attached to this motion is a "Memorandum of Points and Authorities in Support" thereof, the contents of which are hereby incorporated by reference.

7.        In addition to that, I also would like to attach a few exhibits. These exhibits are in an unconventional format. Last month, I submitted a proposal to the corporate defendants. See **Exhibit A**. As you can see from that exhibit, I proposed that the corporate defendants could lock the individual defendants' accounts as a means of compelling Karl Polano and Raul Mateas (together, the "foreign defendants") to voluntarily appear in the case more quickly than we could otherwise get from the Hague Convention. Well, although Discord chose to sit out this proposal, Amazon[1] and Alphabet were both receptive to the idea.

8.        So, to hopefully convince them that the individual defendants deserved to have their

---

1    As you can see from that email, I said I would send that proposal to Amazon just as soon as I knew who their counsel was going to be. When I learned that they would be represented by Sanjay Nangia, I sent him the proposal.

accounts locked, I prepared an extensive and thorough report, documenting all the harassment and doxxing. I provided an astronomical *one hundred and three* exhibits attached to that report.

9.     I wish to provide these exhibits to this Motion for Default Judgment, so the Court can hopefully see just how deep the individual defendants' harassment and doxxing went, and just how little I was exaggerating in the SAC. This way, the Court will hopefully feel much more comfortable issuing the full statutory damages of $2,550,000 I am requested in ¶ 2 of this Motion.

10.    Since I already have these exhibits compiled in relation to the report, I see little reason in doing all that work all over again just to re-format it for this motion. So instead, I am attaching the Report as **Exhibit B** and the "Exhibit List" as **Exhibit C**. As you can see in Page 5 of **Exhibit B**, I provide a link to a Google Drive file that you can download, which contains all the exhibits described in **Exhibit C**. I wish to incorporate the contents of that zip file as "sub-exhibits." So for example, if I say "**Exhibit B, Sub-Exhibit 39**," then I am referring to a screenshot, dated May 20, 2021, where Polano uploaded an infringing video to his "SofiannP" Youtube channel. So on and so forth. This will enable to me to provide all of those exhibits without having to re-organize them all just for this motion.

11.    With these exhibits, I hope the Court can see that the individual defendants' (and especially Frederick Allison's) harassment and doxxing have been absolutely off the charts the past few months. If there was ever a case where a defendant deserves to have the full amount of statutory damages levied against him, it is this case.

12.    Wherefore, premises considered, I respectfully request that judgment be entered against Frederick Allison for statutory damages of $2,550,000 plus costs incurred, as well injunctive relief.

So requested on this, the 6th day of November, 2021.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com