Case No. 21-4184 David Stebbins v. Karl Polano Et al - Potential idea for moving this case forward

From:   acerthorn (acerthorn@yahoo.com)

To:     jmollick@wsgr.com; rbenyamin@wsgr.com; orenstein@zwillgen.com; jeff@zwillgen.com

Date:   Friday, October 15, 2021, 06:05 AM CDT

Dear Counsel for Alphabet Inc. and Discord Inc.,

As you are well aware, we are currently participating in a civil action in the Northern District of California, in which your clients are mere nominal defendants. Your clients are only part of this case so they can terminate the accounts of the individual defendants, who are the ones actually being sued for damages and injunctions that would actually affect them. Amazon.com Inc and its subsidiary, Twitch Interactive Inc, are also nominal defendants in this case, although they have not yet been served with process. I will forward this correspondence to them, just as soon as I know who their counsel is.

Also as you are aware, two of the three individual defendants are in other countries. This is, of course, creating quite the deadlock when it comes to serving them with process. See https://www.haguelawblog.com/2019/06/things-take-longer-overseas-get-used-to-it/ In fact, one of the individual defendants is in Switzerland, and as you can see from that link, Switzerland is one of those countries where the "stopwatch becomes a calendar." See also You may know before I do. - Hague Law Blog ("a couple of years. <– That's not a typo").

I have an idea for something we can do that would be mutually beneficial to all of us (except the individual defendants, of course). However, for reasons that will become apparent by the end of this email, I would need the unanimous consent of all nominal defendants in order for this to work. So if either of you are unwilling to consider this possibility, I would appreciate a diligent response informing me accordingly.

I might be willing to dismiss the nominal defendants in this case, as well as the foreign individual defendants, if the nominal defendants agreed to the injunctive relief I request in ¶¶ 124-126 of the Second and Third Amended Complaints. Then, I will have gotten what is truly most important to me: An end to the harassment and doxxing which the individual defendants have absolutely refused to cease and desist of their own accord.

I may not be able to get statutory damages from the foreign defendants, but if my research is anything to go by, it's not a big loss anyway. According to my research, collecting on and enforcing judgments overseas will be an even bigger logistical headache than effective service of process, and since that's proving to be a logistical nightmare as it is, I can only imagine what enforcement & collection would entail. In fact, the whole reason I was never

able to get an attorney on contingency for this case is because of the difficulties in collecting a judgment abroad. Besides, I can still get (and even collect) statutory damages against Facebook Inc., as well as Frederick Allison (the only domestic individual defendant), so it's not a complete loss.

Now, obviously, the nominal defendants don't have nearly as much financial stake in this case as I do. If they did, they wouldn't be nominal defendants. So it is quite understandable that your clients would be rather hesitant to terminate the individual defendants' accounts – and forever block them from ever creating any new accounts – unless either (A) they were explicitly ordered to do so via injunction, or (B) they were fully and unequivocally convinced that the individual defendants, both legally and morally, deserve it. Your clients obviously do not want to be viewed by the public as sites that ban people willy nilly over the slightest misunderstanding. Even if you have the legal right to do that, that doesn't mean it is good business.

Obviously, I cannot get the former if we settle out of court, but I certainly believe I can get you the latter. As I have mentioned with counsel for both Discord and Alphabet (and will continue to mention to Amazon's counsel once they are served with process), there is far more to this story than just the copyright infringement. As I explained to counsel for both parties, the individual defendants have engaged in more than enough toxic behavior that they more than justify a ban, just on community guidelines violations alone. I also filed suit for intentional infliction of emotional distress, and while the Court dismissed that claim, the factual allegations contained therein provide you with a mere sample of the harassment and doxxing I have endured from the individual defendants. Those allegations are a mere sample. It may take a couple of days, but I believe I can very easily (but not very quickly) put together a thorough and exhaustive compilation of nearly everything the individual defendants have done over the past few months. I truly believe that this compilation will be more than enough to satisfy your clients that the individual defendants deserve to be banned from their platforms just on community guidelines violations alone. We're talking hate speech based on real or perceived disability, doxxing, ban and block evasions (and yes … *evasions* … with an S … meaning *multiple* evasions), and many, many other things. All of these things are done purely out of sheer, personal spite towards me. As I have stated numerous times in the pleadings in this case, "They are not attempting to criticize my work for the sake of criticizing the work of a fellow youtuber. They just want to harass me. There is nothing legitimate about their actions. It is just pure hatred, pure malice, pure spite."

Of course, while it would not be very *difficult* to put this report together, it would still take a long time, because there is just that much stuff that needs to be cataloged and sorted! As such, I would like to receive confirmation from all nominal defendants that you would be willing to agree to this injunction if I can show proof that they deserve it.

If it helps to ease your conscience about permanently banning a trio of potentially innocent people, let me throw this in as an added bonus: If we reach an agreement, whereby the nominal defendants agree to ban the individual defendants in exchange for being dismissed

from the case even as nominal defendants, then we don't even have to irreversibly ban them right away. Instead, once that agreement has been signed by the four of us (1 plaintiff and 3 nominal parties), the nominal defendants can simply *lock* the individual defendants' accounts for a brief time. While locked, the individual defendants will not be able to do anything on the nominal defendants' platforms, other than read the message telling them that their accounts have been locked. This message would also inform them that their locked accounts will be permanently and irreversibly terminated (and all the content therein irretrievably gone forever) unless they make a voluntary appearance in the current case within 30 days, waiving service of process. If they make a voluntary appearance, then their accounts will be unlocked for the duration of the case. Finally, the message should inform them that they can contact the counsel for the Court's "pro se helpdesk" at +1 (408) 297-1480 for instructions on how to make voluntary appearances in the case.

This would give us the best of both worlds. The public policy of preferring cases to be resolved on the merits could still be satisfied if they make a voluntary appearance. If they don't make a voluntary appearance, then on their own heads be it. At that point, they were given actual notice of the proceedings and ample opportunity to respond (30 days, compared to the 21 days they would usually have if they were served with process formally). So what if the peculiars of the Hague Convention weren't complied with? While the *court* may be bound by the Hague Convention, the nominal defendants are private companies and can do whatever they want! So if the individual defendants have 30 days, and they *still* refuse to make an appearance in the case, then your clients would be fully morally and ethically justified in the court of public opinion (which, as I alluded to earlier, is most likely your clients' biggest concern in this case) for treating it as a default judgment in everything but name.

This should greatly ease your clients' concerns about the individual defendants not getting the chance to tell their side of the story while still offering a creative and outside-the-box way to allow the case to move forward without months and months (and sometimes, years and years) of delay caused by Hague service.

Now, I need all of the nominal defendants to be on board with this idea in order for it to work. If even one nominal defendant is unwilling to terminate the individual defendants' accounts for any reason other than a court injunction, no matter how much I prove they deserve it, then I may get *some* of their accounts terminated, but they would still have at least some avenues left open to them to continue their hate campaign against me. If I'm going to dismiss the foreign defendants, and therefore give up my one and only shot at this, then I need to make sure that my most important bases (those bases being … putting a decisive end to the harassment and doxxing) are covered.

If you need one final push in favor of this proposal, consider these: Even as nominal defendants, every day that this case sits on the docket without moving forward, that still costs your clients *some* attorneys fees. These costs may be negligible, but even negligible fees can add up when they compile over the course of months or even years. So while you do not have nearly as much interest in this case as I do, your interest in the case is still nonzero.

So to each of you, please respond diligently to this email and advise me whether or not your respective clients are receptive to this idea.

Sincerely,
David Stebbins