SANJAY M. NANGIA (State Bar No. 264986)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:   (415) 276-6500
Facsimile:   (415) 276-6599
Email:  sanjaynangia@dwt.com

Attorneys for Defendant
AMAZON.COM, INC.

[Additional Counsel on Signature Page]

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KARL POLANO, et al.,<br><br>　　　　　Defendants. | Case No. 4:21-cv-04184-JSW<br><br>**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BY THE COURT AS TO FREDERICK ALLISON**<br><br>Date:　　　　January 7, 2022<br>Time:　　　　9:00 a.m.<br>Department: Courtroom 5, 2nd Floor<br><br>Assigned to: Hon. Jeffrey S. White<br>Complaint Filed: June 2, 2021<br>SAC Filed: September 17, 2021 |

## I.      INTRODUCTION

Plaintiff improperly seeks relief against Amazon.com, Inc. ("Amazon"); Alphabet Inc. ("Alphabet"); and Discord Inc. ("Discord") (collectively, "Corporate Defendants") via a Motion for Default Judgment against Defendant Frederick Allison ("Allison").  For the following reasons, the Court should deny any request for relief as to the Corporate Defendants:

*First*, the Corporate Defendants have not defaulted.  The Corporate Defendants have no obligation to answer or otherwise respond to Plaintiff's operative complaint until 15 days after receiving notice that all individual defendants were served.  Such service is not complete.  It is both improper and premature to award any relief binding the Corporate Defendants on the grounds that *another* defendant, Mr. Allison, purportedly defaulted.

*Second*, Mr. Allison, the subject of the Motion, is not alleged to have had an account with Amazon or Alphabet, posted infringing content on Amazon's or Alphabet's website, or posted infringing content on Twitch Interactive, Inc., the entity that appears to be referenced in the Complaint.  Stated simply, there is no relevant relationship between Mr. Allison and Alphabet or between Mr. Allison and Amazon (or Twitch) that would form the basis for an injunction.

*Third*, even if the Court were to consider the merits of Plaintiff's request, the relief he seeks exceeds the scope of the relief allowable under 17 U.S.C. § 512(j).  Moreover, Plaintiff failed to make a showing that he is entitled to injunctive relief under the four factors identified in 17 U.S.C. § 512(j)(2).

## II.      RELEVANT FACTS

On June 2, 2021, Plaintiff David Stebbins filed this lawsuit against Karl Sofiann Axel Polano. Dkt. 1.  Mr. Stebbins twice amended his complaint, naming two additional individual defendants: Frederick Allison and Raul Mateas (collectively, "Individual Defendants"), and Corporate Defendants.  Dkts. 11, 55.  The Court extended the time for the Corporate Defendants to answer or otherwise respond to the Second Amended Complaint to 15 days after receiving confirmation of service on all Individual Defendants.  Dkts. 52 (Discord Order); 69 (Alphabet Stipulation); 86 (Amazon Stipulation).  Two of the Individual Defendants, Mr. Polano and Mr.

1 Mateas, have not been served. Accordingly, the time for the Corporate Defendants to answer or
2 otherwise respond to the Second Amended Complaint has not occurred.

3 On November 5, 2021, Mr. Stebbins filed a motion titled "Motion for Default Judgment
4 as to Frederick Allison" ("Motion"). Dkt. 92. In the Motion, Mr. Stebbins asks the Court to
5 order the Corporate Defendants – who have not defaulted – "pursuant to 17 U.S.C. § 512(j), to
6 permanently terminate all of Fredrick Allison's accounts with their sites, and to never again
7 allow (either expressly or tacitly) Frederick Allison to ever again create any more accounts with
8 those sites for any reason." Dkt. 92 ¶ 4.

### III.   ARGUMENT

**A.   The Corporate Defendants Have Not Defaulted.**

Plaintiff's Motion concerns only one of the Individual Defendants – Mr. Allison. Dkt. 92. Therefore, any relief awarded by the Court must be limited to Mr. Allison. It cannot be expansive and purport to bind the other, non-defaulted defendants. Indeed, the Federal Rules of Civil Procedure allow a plaintiff to move for default judgment *only after* the defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. Proc. 55(a). Ignoring this limitation, Mr. Stebbins asks this Court to issue an injunction binding all of the Corporate Defendants. Such relief is neither permitted by the Federal Rules nor warranted. Per stipulation and Court order, the Corporate Defendants have no obligation to respond to Mr. Stebbins' Second Amended Complaint until 15 days after receiving notice that all three Individual Defendants were served. Dkts. 52, 69, 86, and 87. That has not occurred. Mr. Stebbins cites no authority for the proposition that he can seek relief via default judgment against a Defendant that has preserved its rights to respond to the complaint. Nor has he "shown by affidavit or otherwise" that the Corporate Defendants have failed to timely respond to his Second Amended Complaint. On this basis alone, any relief requested as to the Corporate Defendants must be denied.

**B.   There is No Basis For Injunctive Relief Against Amazon.com, Inc. or Alphabet Inc.**

Even if the Court were to consider Mr. Stebbins' request for injunctive relief, there is no basis for an injunction against Amazon or Alphabet. In the Second Amended Complaint, Mr.

DAVIS WRIGHT TREMAINE LLP

1 Stebbins alleges that the Individual Defendants posted infringing content on YouTube, Discord, and Instagram. Dkt. 55 (SAC) ¶ 125. He does not allege that Mr. Allison (or, for that matter, any of the Individual Defendants) had an account with Amazon.com, Inc. or Alphabet Inc., or posted infringing content on any website operated by Amazon.com, Inc. or Alphabet Inc.[1]

Instead, that crux of Mr. Stebbins' grievance as it relates to Amazon appears to be that a different defendant, Mr. Polano, posted allegedly infringing content in a Twitch livestream. *Id.* ¶ 60. This is not sufficient to justify injunctive relief against Amazon.com, Inc. for two independent reasons. As an initial matter, Mr. Stebbins is moving for default judgment against Mr. Allison – not Mr. Polano. Mr. Stebbins cannot use the actions of one defendant (who has not yet been served) to justify relief against another, unrelated defendant. Fed. R. Civ. Proc. 55.[2]

But at a more fundamental level, Mr. Stebbins attempts to obtain relief binding on *Twitch* via an injunction issued to *Amazon*. Twitch Interactive, Inc. is one of numerous subsidiaries owned by Amazon, but is a separate corporate entity. Along the same lines, Plaintiff seeks relief binding *YouTube* via an injunction issued to *Alphabet.* But YouTube is a subsidiary of Google, which in turn is an indirect subsidiary of Alphabet, and there is no plausible allegation that those entities are alter egos of one another. *See, e.g.*, *Pantoja v. Countrywide Home Loans, Inc*., 640 F. Supp. 2d 1177, 1192 (N.D. Cal. 2009) (recognizing "[i]t is the general rule that a parent corporation and its subsidiary will be treated as separate legal entities"); *Prudencio v. Midway Importing, Inc.*, 831 F. App'x 808, 810 (9th Cir. 2020) ("it is well established that a parent-subsidiary relationship by itself is insufficient to impute liability"). Twitch and YouTube are not parties to this lawsuit and have not been served. The Court "does not have power to issue an

---

[1] Nor could he, given that Amazon.com, Inc. and Alphabet Inc. are improperly named holding companies that do not operate websites.

[2] To the extent Plaintiff contends Polano and Allison are jointly liable, judgment now would be improper. *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, § 6:126, Calif. & 9th Cir. Editions (2021) (explaining where parties are jointly liable, "The court clerk will, of course, *enter the default* of whichever of the jointly liable defendants fails to defend. But no judgment will be entered until the other defendants are dismissed or the case comes to trial: If the other defendants prevail at trial, no judgment can be entered against the defaulting defendant; if the other defendants lose at trial, the ultimate judgment will be binding on *all* defendants.") (emphasis in original).

DAVIS WRIGHT TREMAINE LLP

order against a person who is not a party and over whom it has not acquired in personam jurisdiction." *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 380 (S.D.N.Y. 2020) (quoting 11A Charles A. Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2956 (3d ed. 2020)), *adhered to in part upon reconsideration*, 2020 WL 5350541 (S.D.NY. Sept. 4, 2020).

**C.   Injunctive Relief is Not Appropriate Under 17 U.S.C. § 512(j).**

Regardless, Mr. Stebbins' proposed relief fails under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(j), which forms the basis for his request.  Section 512(j) authorizes a court to enter the "limited injunctive relief set forth" in § 512(j)(1)(A). *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1099 (W.D. Wash. 2004), *overruled on other grounds by Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612 (9th Cir. 2010), *abrogated by Fourth Estate Public Benefit Corp. v. Wall-Street.com*, 139 S. Ct. 881 (2019).  It appears that Mr. Stebbins is seeking injunctive relief under § 512(j)(1)(A)(ii) which authorizes the Court to enter "[a]n order restraining the service provider from providing access to a subscriber or account holder of the service provider's system or network who is engaging in infringing activity and is identified in the order, by terminating the accounts of the subscriber or account holder that are specified in the order."  But Mr. Stebbins' motion fails for three separate reasons.

*First*, the relief Mr. Stebbins seeks does not conform with § 512(j)'s plain language.  Mr. Stebbins asks the Court to order the Corporate Defendants to "permanently terminate all of Frederick Allison's accounts with their sites, and to never again allow … Frederick Allison to ever again create any more accounts with those sites."  Dkt. 92 ¶ 4.  Section 512(j)(1)(A)(ii) does not permit this type of relief.  Instead, it allows the Court to require the website to "terminat[e] the accounts of the subscriber or account holder ***that are specified in the order***." *Id.* (emphasis added).  It does not allow for broad injunctive relief barring a user from ever opening an account with the site again.  Moreover, it allows for this relief only ***after*** a showing that the user was engaged in "infringing activity" on the website. *Id.*  Mr. Stebbins does not allege (nor could he plausibly allege) that Mr. Allison "engaged in infringing activity" on Amazon or Alphabet's

1  websites.  Nor does Mr. Stebbins identify any account belonging to Mr. Allison on Amazon or
2  Alphabet.  Based on the plain language alone, injunctive relief is improper.

3  ***Second***, 17 U.S.C. § 512(j)(2) identifies four factors a Court must consider before
4  granting injunctive relief.  Mr. Stebbins does not mention (much less provide analysis regarding)
5  any of these factors.  Under these factors, Mr. Stebbins' request for relief similarly fails.  Perhaps
6  the most obvious example, the fourth factor asks the court to consider "[w]hether other less
7  burdensome and comparably effective means of preventing or restraining access to the infringing
8  material are available."  17 U.S.C. § 512(j)(2)(D).  As Mr. Stebbins' complaint acknowledges,
9  there is a functioning system in place for dealing with allegedly infringing content.  Indeed, two
10 hours after he submitted a DMCA takedown notice concerning the activities of defendant
11 Polano, Twitch is alleged to have removed the content at issue.  Dkt. 55 (SAC) ¶ 60; *see also,*
12 *e.g.*, *id.* ¶¶ 26, 29, 61 (conceding that YouTube removed Frederick Allison's videos); *id*. ¶ 44
13 (conceding that Discord removed videos reported to be infringing).  Given the existence of this
14 functioning system, injunctive relief is not necessary or appropriate (much less relief against a
15 separate legal entity): It is "undisputed [Twitch, YouTube, and Discord] is already removing
16 allegedly infringing works when given DMCA-compliant notice so that there is no need for an
17 injunction requiring it to do the same." *Wolk v. Kodak Imaging Network, Inc*., No. 10 Civ. 4135,
18 2011 WL 940056, at *7–8 (S.D.N.Y. Mar. 17, 2011) (denying request for injunction under 17
19 U.S.C. § 512(j)(1)(A)).

20 ***Third***, any request for relief is moot because, as Mr. Stebbins acknowledges, Discord,
21 Twitch and YouTube removed the allegedly infringing content posted by the Individual
22 Defendants promptly after receiving Mr. Stebbins' DMCA notices.  *E.g.*, Dkt. 55 (SAC) ¶¶ 44,
23 60, 61.  In these situations, a "request for injunctive relief" under the DMCA "is moot." *Ventura*
24 *Content, Ltd. v. Motherless, Inc*., No. 2:11-cv-5912, 2013 WL 11237204, at *15 (C.D. Cal. July
25 3, 2013), *aff'd*, 885 F.3d 597 (9th Cir. 2018); *Mavrix Photographs LLC v. LiveJournal, Inc*., No.
26 SACV 13-00517, 2014 WL 6450094, at *9 (C.D. Cal. Sept. 19, 2014), *rev'd on other grounds*,
27 873 F.3d 1045 (9th Cir. 2017) ("It is undisputed that LiveJournal has already disabled access to
28 the infringing posts and has terminated the two users who qualified as repeat offenders under its

DAVIS WRIGHT TREMAINE LLP

policy.  Accordingly, the injunctive relief available under § 512(j)(1)(i) and (ii) would be moot."); *Sid Avery & Assocs., Inc. v. Pixels.com, LLC*, No. CV 18-10232, 2021 WL 736258, at *4 (C.D. Cal. Feb. 24, 2021) ("Because Pixels qualifies for safe harbor under § 512(c), the only relief available to MVPT is the limited injunctive relief pursuant to § 512(j).  Once Pixels received notice of the infringing images through MPTV's complaint, however, Pixels treated the pleadings as takedown notices and immediately removed the images identified.  Accordingly, any injunctive relief to which MPTV would be entitled is now moot.") (internal citations omitted).  Fundamentally, because Twitch and YouTube "removed the infringing content" there "there is no injunctive relief to which Mr. [Stebbins] is entitled." *Kinsley v. Udemy, Inc.*, No. 19-cv-04334, 2021 WL 1222489, at *5 (N.D. Cal. Mar. 31, 2021).[3]

## IV.   CONCLUSION

For the foregoing reasons, the relief related to the Corporate Defendants sought by Stebbins' Motion for Default Judgment as to Frederick Allison should be rejected.

Dated: November 19, 2021

Respectfully submitted,

For Discord, Inc., Defendant

*s/ James Orenstein*
James Orenstein
ZWILLGEN PLLC
183 Madison Ave., Suite 1504
New York, NY 10016
Telephone: (646) 362-5590
Email: Jamie.Orenstein@zwillgen.com

For Amazon.com, Inc., Defendant

*s/ Sanjay Nangia*
Sanjay Nangia
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone: (415) 276-6577
Email: sanjaynangia@dwt.com

For Alphabet Inc., Defendant

*s/ Ryan S. Benyamin*
Ryan S. Benyamin
WILSON SONSINI GOODRICH
& ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2900
E-Mail: rbenyamin@wsgr.com

---

[3] Because Corporate Defendants' time to respond to the operative complaint has not expired, they reserve all rights and defenses, including that Plaintiff fails to state a claim under 512(j).

6
JOINT OPPOSITION TO MOTION FOR DEFAULT JUDGMENT
Case No. 4:21-cv-04184-JSW

**SIGNATURE ATTESTATION**

I hereby attest that all signatories listed above, on whose behalf this opposition is submitted, concur in the filing's content and have authorized the filing.

DATED: November 19, 2021                    DAVIS WRIGHT TREMAINE LLP

                                            By /s/ *Sanjay M. Nangia*
                                               Sanjay M. Nangia
                                               Attorneys for Defendant
                                               AMAZON.COM, INC.