UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>       Plaintiff,<br><br>    v.<br><br>KARL POLANO, et al.,<br><br>       Defendants. | Case No. 21-cv-04184-JSW<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT AS TO FREDERICK ALLISON**<br><br>Re: Dkt. No. 92 |

Now before the Court for consideration is the motion for default judgment as to Defendant Frederick Allison ("Allison") filed by Plaintiff David Stebbins ("Plaintiff"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for January 7, 2022. For the following reasons, the Court DENIES Plaintiff's motion for default judgment.

## BACKGROUND

Plaintiff filed the original complaint in this action on June 2, 2021, against Defendant Karl Polano ("Polano"). (Dkt. No. 1.) Plaintiff subsequently amended his complaint twice, naming additional individual defendants, Raul Mateas ("Mateas") and Allison (collectively, "Individual Defendants"). Plaintiff also named several corporate defendants: Amazon.com, Inc., Alphabet Inc., and Discord Inc., (collectively, "Corporate Defendants").[1] Polano and Mateas have not yet been served; the deadline for the Corporate Defendants to respond to the complaint has been extended to 15 days after notice of service on the remaining Individual Defendants.

---

[1] Plaintiff also named Facebook, Inc. as a defendant but has since voluntarily dismissed it from this action. (Dkt. No. 95.)

On November 2, 2021, Plaintiff requested the Clerk enter default against Defendant Allison. (Dkt. No. 90.) The Clerk entered default on November 4, 2021. (Dkt. No. 91.) Following the Clerk's entry of default, Plaintiff filed the instant motion for default judgment seeking damages and injunctive relief. (Dkt. No. 92.) Plaintiff's motion also seeks injunctive relief against the Corporate Defendants. The Corporate Defendants oppose Plaintiff's motion.

**ANALYSIS**

A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter default judgment against a party following the clerk's entry of default. A district court has discretion in deciding whether to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the court considers several factors, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). On a motion for default judgment, the factual allegations in the plaintiff's complaint are deemed to be true, except those relating to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

With respect to multi-party cases such as this one, Federal Rule of Civil Procedure 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Ninth Circuit, following the *Frow* doctrine, has held that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Invest., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("It would be unreasonable to hold, that because one defendant had made default, the plaintiff should have a decree even against him, where the court is satisfied from the proofs

offered by the other, that in fact the plaintiff is not entitled to a decree.")).  It follows from this rule that "if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants."  *Id.*  This rule extends beyond pure joint liability cases to include actions where there are non-defaulting defendants "who are similarly situated, even if not jointly and severally liable" and denial of a default judgment motion is necessary to avoid an inconsistent result.  *Id.*

Here, there are three Individual Defendants.  The Clerk has entered default against Allison.  Polano and Matteas have not yet appeared, and Plaintiff is attempting to serve them.  Plaintiff alleges that "[t]hese are not merely three individuals acting concurrently but independently of one another.  It is one singular, collaborative effort on their part."  (SAC ¶ 65.)  Plaintiff further alleges that "all three individual defendants should share equally in the liability in this case."  (*Id.*)  Plaintiff reiterates in the motion for default judgment and reply that he seeks to hold the Individual Defendants jointly liable.  Thus, were the Court to conclude that default judgment was appropriate against Allison, it could lead to an inconsistent result since the Court may find no liability against the other Individual Defendants.

Plaintiff's motion also seeks injunctive relief against the Corporate Defendants.  However, the Corporate Defendants have appeared in this action and have not defaulted.  As such, Plaintiff's requested relief as to the Corporate Defendants is improper.

Accordingly, granting Plaintiff's motion for default judgment against Allison would be inappropriate and premature at this juncture.  The Court DENIES Plaintiff's motion without prejudice.

As a result of the foregoing conclusion, the Court does not consider whether the *Eitel* factors weigh in favor of granting default judgment or whether the relief requested is warranted.  However, the Court notes that Plaintiff's motion entirely fails to address the *Eitel* factor let alone apply those factors to the claims and facts alleged.  Plaintiff's failure to address the *Eitel* factors is an independent basis for denying his request.  *See Hong Chang Corp. v. Dongwon Mulsan Co.*, No. CV 14-4632 PSG (RZX), 2016 WL 9045977, at *1 (C.D. Cal. Mar. 2, 2016) (denying motion for default judgment where Plaintiff failed to address the *Eitel* factors).

3

Finally, the Court ADMONISHES Plaintiff to comply with the requirements of this Court's Standing Orders and Civil Local Rule 3-4(c)(2) regarding written text. The Court's Standing Orders and the Civil Local Rules are available on the Court's website. The Court may strike future filings submitted by Plaintiff that fail to comply with these requirements.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for default judgment as to Frederick Allison is DENIED.

**IT IS SO ORDERED.**

Dated: January 3, 2022

_____
JEFFREY S. WHITE
United States District Judge