David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                    PLAINTIFF

VS.                                    Case 3:21-cv-04184-JSW

KARL POLANO, et al                                          DEFENDANTS

**MOTION FOR LEAVE TO CONDUCT SERVICE OF**

**PROCESS BY EMAIL AS TO RAUL MATEAS**

1.      Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion

for Leave to Conduct Service of Process by email as to Raul Mateas.

2.      As I stated in **Doc. 100**, service of process was submitted to the British Government in

November of 2021, and it will take an estimated 3-5 months for service to be returned to us.

3.      Service was returned unexecuted against Karl Polano on January 25, 2022. See **Doc. 101**.

Because of this, I filed a motion for leave to conduct service of process on Polano by email. See

**Doc. 102**.

4.      I always assumed that service by means such as newspaper publication, email, or social

media was reserved only as a last resort, which is why I dubbed the method an MLR, or "method

of last resort," in that motion. However, as I was doing legal research for that motion, I

discovered the case of Rio Properties, Inc. v. Rio Intern. Interlink, 284 F. 3d 1007 (9th Cir. 2002),

which stated that the exhaustion of all other remedies is in fact not a requirement! See *id* at 1015:

Case 3:21-cv-04184-JSW

"[C]ertainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means ... the advisory notes indicate the availability of alternate service of process under Rule 4(f)(3) without first attempting service by other means ... service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." (citations and quotations omitted).

5.      For sure, service of process by email has a lot of advantages over the Hague Convention that make it highly preferable over the traditional method. It costs nothing to do, compared to Hague Convention service, which requires hundreds of dollars in fees, *plus* the costs of translation when translation is required. It is instantaneous, unlike the Hague Convention, which can take months or even years to complete. Also, service is practically guaranteed to reach the defendant if done by email, unlike the Hague Convention, where (as **Doc. 101** clearly shows) successful execution of service is not guaranteed, even if we do everything right on our end.

6.      If the court is still hesitant, consider this: Unlike Polano, Mateas's service of process is still pending. Therefore, there is a possibility that I might still execute service on Mateas using the Hague Convention. I see no reason (certainly no *good* reason) why we cannot simply serve him using *both* methods, effectively serving him twice!

7.      Last but not least, since I am seeking leave to serve Polano via email, I feel it would be prudent if both defendants were served at the same time. This would ensure that both individual defendants have the same deadline to appear in the case, and the sooner all parties have either appeared or been entered in default, the sooner we can move forward with the case on the merits. Judges are supposed to take reasonable measures to ensure an expedient resolution of the case. Allowing me to serve both holdout defendants by email is the quickest, easiest, and cheapest way to do that.

Case 3:21-cv-04184-JSW

8.      Wherefore, premises considered, I respectfully pray that I be given leave to serve Raul

Mateas with process via email.

So requested on this, the 25th day of January, 2022.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

Case 3:21-cv-04184-JSW