David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                              PLAINTIFF

VS.                              Case 3:21-cv-04184-JSW

KARL POLANO, et al                                           DEFENDANTS

## MOTION TO MERGE CASES

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion to Merge Case 3:22-cv-00546-SK Stebbins v. Rebolo with this one.

1. As I have stated on numerous occasions in this case, the individual defendants Karl Polano, Raul Mateas, and Frederick Allison have joined forces to attempt to sabotage my career as a Youtube content creator and Twitch streamer. As I have repeatedly stated in this case, "this is not just three people acting concurrently but independently of each other; it is one singular collaborative effort." Furthermore, I have alleged in this case that, because the individual defendants are acting out of pure hatred, malice, and spite towards me, rather than a desire to critique my videos and streams for its own sake, the individual defendants should be precluded from raising the affirmative defense of "fair use," even if their videos could be considered fair use under otherwise identical circumstances, owing to the counter-defenses of "abuse of rights" and "unclean hands."

2. On January 28, 2022, I filed a new lawsuit in the United States District Court for the

Case 3:21-cv-04184-JSW

Northern District of California. This was against two new individual defendants, Trysten Burger of International Falls, MN, and Emily Rebolo, from Portugal.

3.  In that complaint, I alleged that the individual defendants of that case were acting in concert with Karl Polano in an attempt to spread defamatory and outlandish rumors about me in an attempt to assist in sabotaging my career out of pure hatred, malice, and spite. I alleged that the individual defendants in that case have actively participated in Polano's and Allison's (and possibly even Mateas's too) harassment, doxxing[1], and dogpiling through a Discord conversation known as the "Acerthorn Pinata Bashing" thread, and that their subsequent spreading of the contents of that thread throughout Youtube means that they cannot claim fair use of their videos, even if those same videos could be considered fair use under otherwise identical circumstances, owing to the counter-defenses of "abuse of rights" and "unclean hands."

4.  Because Rebolo and Burger were acting in furtherance of the malicious agenda of the individual defendants of this case, I referred to this case as a "sister case" to that one. I also stated that there is a possibility that the court may see fit to merge the two cases together, since I am alleging that all individual defendants are acting similar in concert with one another.

5.  I want to make this perfectly clear: Because the individual defendants have proven themselves to be entirely malicious and acting with a bad faith desire to inflict suffering upon me entirely for its own sake, that means that *any* unauthorized use of my copyrighted content is automatically illegal, since the counter-defenses of "abuse of rights" and "unclean hands" should

---

1  It is worth noting that the doxxing which occurred in the Acerthorn Pinata Bashing thread actually goes far beyond what is normally considered "public record." Things they dug up about me and shared with each other include, but are not limited to, my medical records, some porn sites I may have joined many years ago, and some dating sites where profiles exist with similar usernames to my own, so they can speculate as to what kinky stuff I may ro may not be into in the bedroom! These things are *ecxeptionally* private and personal information, but because they are acting out of pure malice and hatred towards me, they do not care.

Case 3:21-cv-04184-JSW

preclude any affirmative defenses they may have, including fair use. I plan to argue that this should apply as a general order. Moreover, anyone who attempts to advance Polano's, Mateas's, and Allison's agenda of hate is equally precluded from fair use, meaning that *any* prima facie infringement of my copyright[2] is automatically illegal. This is a position I take generally, and I feel its general application absolves me of the need to consider fair use in every individual instance. If you're in league with Polano and Allison, then it is not fair use and that's all there is to it.

6.     Think about it this way: Imagine how this might work without the Internet. Imagine if Polano had infringed on my copyright without using the Internet, so I sue him for it. Enraged at what he believes is a frivolous lawsuit, he tells all his friends and everyone else who will listen to him what a despicable scumbag I am. In order to punish me for "abusing" the court system and refusing to acknowledge fair use, his friends and extended social circle begin harassing and doxxing me without using the Internet, including but not limited to throwing rocks at my house, hitting my car with a baseball bat, hurling insults at me on the street as you drive by while I am walking on the sidewalk, calling me on the phone just to issue threatening statements, sending threatening mail to me through the post office, even publishing my medical records and details of my sex life on local television and the local newspapers, all in an attempt to "get even" with me for "abusing" copyright law. Well, that is what Rebolo and Burger have done in this case, only they have used the Internet to facilitate their revenge.

7.     So far, Polano and Mateas have not been served with process. I am currently seeking

---

[2] Prima facie copyright infringement requires only two essential elements: "Ownership of the copyright by the plaintiff and copying by the defendant." See Hustler Magazine, Inc. v. Moral Majority, Inc., 796 F. 2d 1148, 1151 (9th Cir. 1986). I can prove both with the greatest of ease. In fact, many of the people who justify these "revenge videos" on the grounds of fair use would probably admit to these two things themselves.

Case 3:21-cv-04184-JSW

leave to conduct service of process on them by email (see **Docs. 102** and **104**). I am also seeking leave to file an additional Amended Complaint. See **Doc. 100**. If this motion is granted, and the two cases are merged together as one, I will prepare a new "Third Amended Complaint" that will include all five individual defendants. Since Polano and Mateas have not been served yet, we are still early enough in this case that adding new defendants would not derail the case.

8. I also plan to[3] file a Motion for Leave to Conduct Service of Process by Email as to Emily Rebolo in that case. If the two cases are merged together, I would appreciate it if the Court in this case were to grant leave for me to serve the two new individual defendants.

9. Owing to the very realistic possibility that Polano's campaign against me will potentially result in the adding of new individual defendants in perpetuity, I plan to also file a Motion for Preliminary Injunction, requesting relief similar to that I requested in **Doc. 57** (denied without prejudice in **Doc. 88**), but instead, aimed at the *corporate* defendants, rather than the individual defendants. Keep an eye out for that motion.

Wherefore, premises considered, I respectfully request that the two cases be merged together. So requested on this, the 29th day of January, 2022.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

---

3  It will likely have been filed by the time the Court sees this motion, but it will not be filed before I file this motion, owing to the fact that I cannot e-file in a new case until the ECF Help Desk grants me access to it. They will not be able to assist me until Monday, January 31, 2022, so this motion – which will be filed on the weekend – will likely predate that motion.

Case 3:21-cv-04184-JSW