David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                          PLAINTIFF

VS.                              Case 3:21-cv-04184-JSW

KARL POLANO, et al                                                       DEFENDANTS

**SUPPLEMENT TO [102] MOTION FOR LEAVE TO**

**CONDUCT SERVICE OF PROCESS BY EMAIL AS TO KARL POLANO**

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Supplemental Brief in Support of **Doc. 102**, Motion for Leave to Conduct Service of Process by Email.

1. On the evening of February 13, 2022, Karl Polano sent an email to me once again demanding that I serve him with the "papers" (aka service of process). During this conversation, he told me something that was very … umm .. telling. He admitted that he was intentionally and maliciously evading service of process for the sole purpose of wasting my and the court's time!" See **Exhibit A**.

2. It is one thing to disagree with me on the merits of the case. Defendants, both in civil and criminal cases, are allowed – indeed even expected – to zealously and aggressively litigate the charges against them. But one thing that is absolutely not allowed is purposefully evading service of process in the hopes that the case will never even get underway in the first instance. Such

behavior – motivated (by the defendant's own admission) by nothing more than a desire to cause unnecessary delay – is deserving of sanctions in its own right.

3.  Not only should this written confession eliminate any potential reservations that the Court might have previously had about granting leave to serve process by email[1], but I fully intend to use this written confession to support a Motion for Sanctions when he finally does get served with process.

4.  As if that were not enough, his later statements in that same conversation cause me to suspect that he will not respond in this case, even if he is served with process. See **Exhibit B**, where he states that, when he is served, he will "deal with [me] as it's normally done here in Switzerland." He is not giving straight answers, so I cannot know for certain, but this seems like he is declaring his intention to not cooperate with the procedures of this Court because he does not recognize this Court as having personal jurisdiction over him. Of course, he *consented* to the personal jurisdiction of this Court when he issued his DMCA Counter-Notification; see **Exhibit C** ("I consent to the jurisdiction of the Federal District Court for … if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant"), so his belief in this Court lacking personal jurisdiction over him is patently frivolous. But his behavior throughout this entire case shows that he is not the kind of person who lets "the law" (or even common sense) get in the way of inflicting suffering upon me out of pure hatred, malice, and spite.

5.  Wherefore, premises considered, I respectfully pray that my Motion for Leave to Conduct

---

[1] The Court should already have no reservations, at least in regards to Polano. After all, unlike Mateas, conventional service was already attempted on Polano, so unlike Mateas, service by email really is our only option at this point.

Case 3:21-cv-04184-JSW                                   Supplement to Motion for Leave
                                                                      to Serve by Email

Service of Process by Email be granted.

 So requested on this, the 13th day of February, 2022.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
