David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                        PLAINTIFF

VS.                              Case 3:21-cv-04184-JSW

KARL POLANO, et al                                     DEFENDANTS

### REPLY TO [111] RESPONSE IN OPPOSITION
### TO MOTION FOR PRELIMINARY INJUNCTION

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply to the Defendants' Joint Response in Opposition to my Second Motion for Preliminary Injunction.

1.      Before I begin my rebuttal arguments, I wish to preface this by pointing out that at no point in the 16 page response do the corporate defendants make any effort to refute the evidence I have provided that the individual defendants have indeed engaged in an alarming amount of harassment, doxxing, and dogpiling against me out of pure hatred, malice, and spite. Therefore, to the extent this fact is relevant to any determination in this motion (even if it is not dispositive), this fact is uncontested.

2.      I also want to point out that the corporate defendants are either acting in bad faith, or are egregiously confused as to what relief I am seeking with this motion. They appear to believe that I am asking them to remove, without review, any content that I ask them to remove regardless of context or circumstances. This is not the case. I am asking for the corporate defendants to be required to remove one specific brand of content from their platforms: Any content which is a continuation by the third parties of the individual defendants' campaign of harassment, doxxing, or dogpiling against me. I am not asking for the corporate defendants to be required to remove any content that is entirely independent of this case. This will be coming up a lot in this Reply

brief, but I want to lay that out now, so it will be in the Court's mind as it reads this reply brief.

## SUMMARY OF ARGUMENT

3. The First Motion for Preliminary Injunction was not found by the Court to be meritless, and the nonmovants' attempts to pass it off as such is nothing but an attempt by them to gaslight the Court.

4. Despite the nonomvants' citing of Google v. Oracle, bad faith does indeed still weigh against fair use. Even if that precedent were overturned, I have still offered "abuse of rights" and "unclean hands" as alternative legal theories to nullify fair use under the same set of facts.

5. The individual defendants in this case have still acted with such a high degree of actual malice that they still deserve to lose their fair use defense just on malice alone, even if not every potential defendant in a copyright infringement action is subject to that restriction.

6. Even if we must consider the Four Factors Test for fair use, without considering bad faith, the individual defendants have still failed utterly to qualify for fair use.

7. The nonmovants make accusations from whole cloth that I consider any form of criticism to be bad faith, and that this motion would prevent individual uploaders from telling their sides of the story. Both of these accusations are entirely without merit and are in violation of Fed.R.Civ.P. 11(b)(2).

8. Alternative preliminary injunctions can still be available, but only if the corporate defendants are willing and able to act in good faith, and they have utterly demonstrated in this motion that they are entirely unwilling and/or unable to do so.

## ARGUMENT

**The first motion for preliminary injunction was not found to be meritless.**

9. The corporate defendants correctly point out that my first motion for preliminary injunction was denied. However, their implication is that it was denied simply because the motion was found to be meritless. This is not the case. It was denied without prejudice because the individual defendants have not been served yet.

10. No other reason was given on the record by the court for denying the motion without prejudice. That is the only reason, at least that the Court has stated (and therefore, the only

reason the defendants have any right to assume). Therefore, its denial should not be used against me in this motion.

11. In fact, the mere fact that the motion was denied *without prejudice*, by itself, should mean that the denial cannot be used against me in this motion. After all, the reason it is called "without prejudice" is because its denial cannot be used to … you know … *prejudice* the movant in future actions! I should not even have to explain that to these *practicing attorneys*.

### Bad Faith does still indeed weigh against fair use.

12. The corporate defendants allege that I have not shown a high likelihood of success on the merits because the Supreme Court, in Google LLC v. Oracle Am., Inc., 141 S. Ct. 1183 (2021), explicitly overturned its precedent in Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 US 539, 562 (1985) which states that "Fair use presupposes good faith and fair dealing." This is not what actually happened. In fact, just one sentence after the excerpt the corporate defendants provide, the Google v. Oracle court states "We have no occasion here to say whether good faith is as a general matter a helpful inquiry. We simply note that given the strength of the other factors pointing toward fair use … that factbound consideration is not determinative ***in this context***." See Google, supra at 1204 (emphasis added).

13. At best, this just means a nonzero amount of bad faith is not singularly sufficient to negate fair use to the exclusion of all other factors. However, as I make clear in that video, the Supreme Court has not explicitly abolished the precedent that the "propriety of the defendant's conduct" is, at the very least, a relevant factor to consider.

14. Nor has the Ninth Circuit Court of Appeals done this. The only 9th Circuit case they cite to in support of this proposition is Divine Dharma Meditation Int'l, Inc. v. Inst. of Latent Energy Studies. However, since that is an *unpublished* opinion, it is not binding precedent. By contrast, the case law of Fisher v. Dees, 794 F. 2d 432, 436 (9th Cir. 1986) still is binding precedent, until it is explicitly overturned by either the Supreme Court or an *en banc* Ninth Circuit, and that precedent states in pertinent part that the Plaintiff's argument "that [the defendants]' alleged bad conduct should bar his use of the equitable defense of fair use" is a "sound" legal principle.

15. For the sake of argument, I am prepared to accept that a de minimus amount of bad faith

does not singlehandedly nullify an otherwise ideal case for fair use. Much like the other four factors of fair use: It isn't simply a question of *whether* the alleged infringer provided a nonzero amount of criticism or commentary. Instead, it is a question of *how much* criticism and/or commentary was provided, *relative* to the amount of material that was copied from the copyrighted work, and also relative to the likelihood that it could serve as a market replacement for the original. The propriety of the defendant's conduct would, likewise, be just one factor in the fair use determination.

16.     Even then, I have still shown a high likelihood of success on the merits in this case. As I have thoroughly demonstrated with the exhibits attached to my original motion (including both the harassment and doxxing by the three individual defendants, as well as the "Acerthorn Pinata Bashing" Discord thread), the individual defendants have engaged in such a high scale and scope of harassment, doxxing, and overall bad faith against me that it creates an ideal case for bad faith singlehandedly nullifying fair use. I may concede, *ad arguendo*, that not all bad faith will negate fair use, but the relevant actions of the individual defendants *in this case* still constitute sufficient bad faith to nullify fair use.

**I have also provided two alternative legal theories to nullify fair use.**

17.     Even if bad faith is no longer a factor, I have still provided two different legal theories by which the same set of facts could still be used to achieve the same outcome: "Abuse of rights" and "unclean hands."

18.     While unclean hands is *normally* used to negate a Plaintiff's claim for relief, there is indeed evidence that it can be used by the Plaintiff to counter affirmative defenses as well. See https://www.upcounsel.com/unclean-hands ("Note that the plaintiff can also use the unclean hands defense. Specifically, the plaintiff could argue that the defendant isn't entitled to another type of defense [such as fair use] due to his or her unclean hands"). See also https://content.next.westlaw.com/6-521-9533?transitionType=Default&contextData=(sc.Default)&firstPage=true ("Although the unclean hands doctrine is typically an affirmative defense asserted by a defendant, it may also be asserted by a plaintiff in opposition to an equitable defense such as estoppel").

Case 3:21-cv-04184-JSW                        Reply in Support of Motion for Preliminary Injunction

19.     Meanwhile, "abuse of rights" is often (but not exclusively) used in cases such as spite fences or other malicious erections. Abuse of rights is validly invoked when the defendant's actions – even if those action would otherwise be legitimate – are done, not for the purpose the rights were originally intended to be used for, but just to antagonize and accost the Plaintiff. See https://definitions.uslegal.com/a/abuse-of-rights/. Well, **Exhibits A-E** show that the individual defendants are certainly acting with that motive. Therefore, I am legally entitled to this counter-defense to fair use.

20.     Unclean hands, meanwhile, can be used to preclude a party's claim if they have acted with *any* inequitable conduct in relation to the pending claim, not just actual malice. Abuse of rights can apply either at law or in equity, but unclean hands only applies to cases in equity. But in exchange for that limitation of the types of cases it can apply to, it can apply to a much wider range of personal behavior. See Precision Co. v. Automotive Co., 324 US 806, 815 (1945) ("Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim by the [judge]").

21.     So even if the corporate defendants can successfully allege that fair use no longer requires good faith in its own right, I still have two more legal theories that the corporate defendants have not even attempted to refute.

**Even if we must consider fair use without abuse of rights or unclean hands, I have still shown a high likelihood of success on the merits.**

22.     Even if the bad faith of the individual defendants is found by the Court to not be sufficient to singlehandedly defeat fair use, I have still demonstrated an extremely high likelihood of success on the merits. If you look at **Exhibit A**, ¶¶ 105-141 of my Motion for Preliminary Injunction (as well as all corresponding sub-exhibits located within **Exhibits B** and **C**), you can see that I actually address the Four Factors Test for each of the individual defendants' violations. Each one has next to no transformative value (and in some cases, no transformative value at all, as they are literally verbatim copies of the "heart" of the work with no alterations or modifications whatsoever), and clearly serve as market substitutes for the original. In fact, as I demonstrate in ¶¶ 105-141 of that Exhibit and all corresponding sub-

exhibits, the individual defendants have impressively managed a clean sweep of all four factors weighing against fair use.

23.    So even taking the bad faith and unclean hands out of the equation entirely, I have still demonstrated a very high likelihood of success on the merits, seeing as the individual defendants *simply cannot claim fair use*.

### The Defendants make accusations from whole cloth about my perception of any form of criticism as a form of harassment.

24.    The corporate defendants allege that "It is also readily apparent that Plaintiff often equates criticism of him as 'bad faith.'" See **p. 5, line 25** thru **p. 6, line 1**.

25.    This is blatantly false, and the corporate defendants provide zero evidence in support of this outlandish accusation. The corporate defense counsel should be reminded of their obligations under Fed.R.Civ.P. 11(b)(3), which requires that the factual contentions made in their filings must have evidenciary support. Factual contentions may be made without evidenciary support if, and only if (A) the contentions "will likely have evidenciary support after a reasonable opportunity for further investigation or discovery," and (B) counsel "specifically so identifie[s]" that they are based on said reasonable speculation. See Id. Since counsel has not "specifically so identified," it must be based on evidenciary support, but counsel has provided none.

26.    Here, I cannot offer any rebuttals to the defendants' evidence, because there literally is no evidence for me to rebut. The defendants have given me *nothing* to work with, aside from their baseless conjecture about my motives or thoughts.

27.    If the corporate defendants are alleging that the *evidence I have provided in the motion* is nothing more than criticism, rather than harassment, then I, quite frankly, disagree with that assessment. While most of the sub-exhibits could just be said to be criticism when taken on their own, the difference between criticism and harassment is that the latter is usually prolonged and sustained over an objectively unreasonable period, far past the point of having any legitimate value. The individual defendants fall clearly in the latter category.

28.    Besides, some of the behavior is clearly harassment, even if you look at it entirely in a vacuum without any further context. Take, for example, the virus infections and DDOS attacks

mentioned in **Exhibit A, ¶ 49** and corresponding sub-exhibits.

29.     Are the corporate defendants claiming that they, themselves, would merely "get tough skin" if they were ever subjected to the kind of behavior that I demonstrate in **Exhibits A-E** of my motion? Would they just shrug off repeat ban-evasions, virus infections,

30.     In short, the defendant's arguments mentioned in ¶ 24 of this reply are nothing short of inflammatory arguments, designed more to cause prejudice than to argue a legitimate point.

**I am not asking for uploaders to not have an opportunity to tell their side of the story.**

31.     Next, the Defendants frivolously claim that this injunction would prevent uploaders from being allowed to contest the copyright claims.

32.     First of all, like I said in **Doc. 97¹, ¶ 7**, the corporate defense counsel has no authority to advocate on behalf of parties who they do not represent. Therefore, their concerns about individual uploaders not being able to tell their sides of the story should be dismissed out of hand for lack of standing.

33.     Notwithstanding that argument, I very clearly stated (and the defense even included this statement in their response), that the corporate defendants may still entertain DMCA Counter-Notifications when "it is clear that the infringement in question is not in any way, shape, or form motivated by Polano's attempts to harass, dox or dogpile me." See **Doc. 11, p. 1**. The corporate defendants argue that this injunction will entitle me to broad relief far beyond the prejudice I am likely to suffer, when by their own admission, I have included a provision in the requested relief that will limit it only to the prejudice I am likely to suffer!

34.     The Defendants argue that I am attempting to force them "to remove any content that he objects to, even if that content is not infringing." But nothing could be further from the truth. I am asking the Court to force the defendants to remove any content on their platforms *that is done in advancement of Polano's and Allison's agenda to harass me, dox me, and infringe on my copyright*, and I have made that perfectly clear in my motion. For the defendants to ignore that is nothing short of bad faith on their end.

35.     Put another way, I only ask that the corporate defendants be ordered to remove (without reinstatement until this case is finished) any content posted to their sites that is sufficiently

---

1  Reply to the corporate defendants' Response in Opposition to Motion for Default Judgment

related to this case that, if I were to file a lawsuit over the conduct, the Court would *relate* that case to this one, much like it did with 3:22-cv-00546-JSW Stebbins v. Rebolo, Doc. 9 (Order Relating Case). Not all instances of copyright infringement and/or harassment I allege will necessarily be related to this case. I simply ask for the ones that are related to be removed and to have their reinstatement be delayed pending resolution of this case. I do not see why this is an unreasonable request.

### The Judge can issue his own preliminary injunction to protect me.

36. Despite all of these arguments, the Court may nevertheless find that relief I requested in the Motion to be a nuclear option. The Court, however, is not limited to granting just the relief requested in the motion. The Court has wide discretion to order whatever preliminary injunctions may be necessary to protect the movant from the prejudice mentioned in the motion. If the Court believes that lesser restrictive means of protecting against piecemeal litigation and/or constant delays is plausible, I am all ears.

37. If you rock your brain, it would not be very difficult at all to think of a few lesser restrictive orders. For example, maybe the Court could order the corporate defendants to remove any prima facie copyright infringement where there is evidence of more than a de minimus amount of bad faith, and therefore where I have a nonfrivolous claim for arguing "abuse of rights" and/or "unclean hands" as counter-defenses to fair use. That may be a good middle-ground.

38. But unlike in **Doc. 40**, the corporate defendants in this motion have not offered any such lesser restrictive options. Their failure to consider any alternatives in this case should be construed by the Court as even more evidence of bad faith by the corporate defendants.

39. Of course, if the Court were to impose the alternative injunction mentioned in ¶ 37 of this Reply, that would require the corporate defendants act in good faith in analyzing each situation. But as they have thoroughly demonstrated all throughout **Doc. 111**, asking these parties to act in good faith is wishful thinking at best.

### Conclusion

40. Wherefore, premises considered, I respectfully request that the Motion for Preliminary

Injunction be granted, and any other relief to which I may be entitled.

    So requested on this, the 21st day of February, 2022.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
