David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                              PLAINTIFF

VS.                                    Case 3:21-cv-04184-JSW

KARL POLANO, et al                                                           DEFENDANTS

### SUPPLEMENT TO [106] SECOND MOTION FOR PRELIMINARY INJUNCTION

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Supplement to Doc. 106, my Second Motion for Preliminary Injunction.

### Presumption of Irreparable Injury

1. To obtain a preliminary injunction, plaintiffs are usually required to show a high likelihood of irreparable injury. See Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008).

2. The nonmovants argue that I have not shown this likelihood. See **Doc. 111, p. 14, Lines 9-18**.

3. However, I am always on the lookout for new case law that would either bolster or harm my case. As it turns out, I am not even required to create a showing of high likelihood of irreparable harm in this case, because the case in which I seek preliminary injunctive relief is a copyright infringement action.

4. Technically, the law does not state that I am exempt from showing a high likelihood of irreparable injury. Instead, what the law says is that there is a *presumption* of high likelihood of irreparable injury in a copyright infringement case, as long as I show a high likelihood of success on the merits. "In a copyright infringement action, however, the rules are somewhat different. A showing of a reasonable likelihood of success on the merits raises a presumption of irreparable harm." See Flexible Lifeline Systems, Inc. v. Precision Lift, Inc., 654 F. 3d 989, 994 (9th Cir.

2011). See also LGS Architects, Inc. v. Concordia Homes, 434 F. 3d 1150, 1155 (9th Cir. 2006). See also Micro Star v. Formgen Inc., 154 F. 3d 1107, 1109 (9th Cir. 1998). See also Triad Systems Corp. v. Southeastern Express Co., 64 F. 3d 1330, 1335 (9th Cir. 1995). See also Johnson Controls, Inc. v. Phoenix Control Systems, Inc., 886 F. 2d 1173, 1174 (9th Cir. 1989).

5. However, because a motion for preliminary injunction is just supposed to be denied anyway if the movant has not shown a high likelihood of success on the merits, it is effectively the same thing as that element not being required.

6. If anything, the *lack* of likelihood of irreparable harm can be an *affirmative defense* to a preliminary injunction, but even then, the nonmovants have done very little to argue against the likelihood of irreparable harm.

### Youtube has started refusing to take down content.

7. In support of their limited attempt to argue against the likelihood of irreparable harm, the nonmovants state in part that "Plaintiff has also acknowledged that Google, Twitch, and Discord have generally removed content in response to his DMCA notices."

8. At the time I said this, this was true. However, Youtube has started refusing to take down content. See **Exhibit A**, where you can see that I have issued several DMCA takedowns, and many of them have not been taken down. When the circle is gray, that means Youtube has not reached a decision. As you can see, there are at least ten currently pending takedowns where Youtube has not acted. These takedowns were issued several weeks ago, as early as February 4, 2022, and yet Youtube still has not taken them down.

9. There are others that are marked with a red dot. This means that Youtube has either requested additional information, or has refused to take the content down altogether. I have emails from Youtube stating that they will not take the infringing content down. See **Exhibits B-D**. These are only *some* of the takedowns I have issued where Youtube has refused to take the content down. They are illustrative, not exhaustive.

10. So when the nonmovants claim that they have taken infringing content down pursuant to my DMCA takedown notices, they are not simply mistaken in their belief that this mitigates any potential irreparable harm; they are outright *lying* when they make this assertion of fact and deserve to be subject to sanctions for violating Fed.R.Civ.P. 11(b)(2).

### Unclean Hands ≠ "Bad Faith" subfactor of Fair Use

11.     As to the high likelihood of success on the merits (the only essential element to a preliminary injunction that the nonmovants have made more than a de minimus effort to argue against), the nonovants claim that the Supreme Court has significantly watered down the "bad faith" of the infringer in the fair use consideration.

12.     For the record, I offered a total of three legal theories upon which the individual defendants' malicious actions. The case law cited by the nonmovants focuses on the propriety of the defendants' conduct as a sub-factor in the fair use analysis. However, I have also offered two other legal theories – "abuse of rights" and "unclean hands" – which act *entirely independently* of fair use! Unclean hands is a maxim of equity that applies in all equitable cases.

13.     While it is true that you will not find any mention of "unclean hands" anywhere in Title 17 of the US Code, that does not mean it is wholly inapplicable. After all, you also will not find any reference to such things as res judicata, laches, estoppel, waiver, accord and satisfaction, or lack of personal jurisdiction. Why doesn't the law specify these defenses? Simple: Because they are *general* laws, and all general laws are presumed to be applicable unless stated otherwise. Whenever Title 17 makes a specific reference to an otherwise generally applicable law, it's usually in order to explicitly state that this general rule *doesn't* apply to copyright law, such as in the case of **17 USC § 511(a)**[1]. General rules do not need to be redundantly stated in specific statutes. Instead, statutes will only refer to general exceptions when they don't apply; the only time a statute will state that an exception is applicable is when it is an exception only to that specific law.[2]

14.     Unclean hands is a general law. Therefore, Title 17's silence on the maxim just means that it is still applicable.

15.     This means that, when the circumstances of the case justify it, the doctrine of unclean hands should apply entirely independently of fair use, just as it acts independently of any other equitable defense. The Four-Factors test laid out in **17 USC § 107A(1)-(4)** does not even apply in

---

[1] Although the Supreme Court struck down that statute in the case of Allen v. Cooper, 140 S. Ct. 994 (2020), that is not the point here.

[2] For example, "fair use" is not a defense to homicide or battery, but "self-defense" is not a defense to copyright infringement. Individual laws have to specify when a defense is applicable only to it, but general laws are presumed applicable unless stated otherwise.

the instant case, because the defendants would be precluded from even getting that far in the first instance.

16.     Therefore, because the nonmovants have not even *attempted* to argue against my legal theory for unclean hands and abuse of rights, my legal theory should be presumed uncontested, just like the evidence I have presented for the long pattern of harassment, doxxing, and dogpiling against.

## Conclusion

17.     Wherefore, premises considered, I respectfully request that the motion for preliminary injunction be granted. So requested on this, the 28th day of February, 2022.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com