UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KARL POLANO, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-04184-JSW<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 106 |

Now before the Court for consideration is the motion for a preliminary injunction filed by Plaintiff David A. Stebbins ("Plaintiff"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The hearing scheduled for March 11, 2022, at 9:00 a.m. is VACATED. For the following reasons, the Court DENIES Plaintiff's motion.

**BACKGROUND**

**A.	Procedural Background.**

Plaintiff filed his original complaint in this action on June 2, 2021, asserting claims of copyright infringement, misrepresentation, and intentional infliction of emotional distress ("IIED") against three individual defendants and Discord. Upon initial screening, Magistrate Judge Corley found that Plaintiff viably asserted a claim of copyright infringement but had failed to plead the remaining causes of action. (Dkt. No. 10.) The case was reassigned to the undersigned, and Plaintiff filed an amended complaint on July 29, 2021. (Dkt. No. 11.) The amended complaint repleaded Plaintiff's copyright infringement, misrepresentation, and IIED claims against individual defendants and Discord. (Dkt. No. 11.) It also named Facebook and Alphabet as Defendants. The Court screened Plaintiff's amended complaint and found that the

copyright infringement claim and one misrepresentation claim were sufficient to survive section 1915 review. However, the Court found Plaintiff's claims for IIED and misrepresentation in violation of Section 512(f)(2) did not pass section 1915 review, and it dismissed those with prejudice. (Dkt. No. 21.) The Court directed service of the amended complaint on Defendant Karl Polano and the three corporate defendants.[1] (*Id*.) On September 17, 2021, Plaintiff filed a Second Amended Complaint ("SAC"), which added an additional infringement claim, added Amazon.Com, Inc. as a defendant, and designated the identities of the individual Doe defendants. (Dkt. No. 55.) The SAC is the operative complaint.

Defendants Amazon, Alphabet, and Discord (the "Corporate Defendants") have appeared.[2] Plaintiff and the Corporate Defendants have agreed to extend their responsive pleading deadlines until after the individual defendants are served.[3] On October 2, 2021, Plaintiff requested leave to file a third amended complaint. (Dkt. No. 71.) The Court deferred ruling on that motion until all parties that were named in the complaint had been served and appeared. (Dkt. No. 89.) On January 25, 2022, despite not yet having served all parties named in the SAC, Plaintiff filed a motion for leave to file an additional amended complaint. (Dkt. No. 100.)

**B.      Plaintiff's Previous Requests for Preliminary Injunctive Relief.**

Plaintiff has sought preliminary injunctive relief on two previous occasions in this matter. On July 29, 2021, Plaintiff filed a motion for a temporary restraining order ("TRO") against Discord. (Dkt. No. 12.) The Court denied Plaintiff's request for a TRO against Discord as moot but went on to explain that Plaintiff had failed to meet his burden to show a likelihood of success on the merits. (Dkt. No. 44.)

On September 17, 2021, Plaintiff filed a motion for a preliminary injunction against the individual defendants. (Dkt. No. 57.) The Court denied the motion because none of the individual

---

[1] The remaining individual defendants were identified as "John Doe" defendants in the amended complaint.
[2] Plaintiff voluntarily dismissed Facebook on November 17, 2021. (Dkt. No. 95).
[3] Defendants Karl Polano and Raul Mateas have not yet been served. Plaintiff has filed motions to serve Polano and Mateas by email, which are currently pending. (*See* Dkt. Nos. 102, 104.) The Court denied Plaintiff's motion for default judgment against Frederick Allison. (*See* Dkt. No. 99.)

United States District Court
Northern District of California

defendants had been served or appeared in the action. (Dkt. No. 88.)[4]

**C.     The Current Motion.**

On January 29, 2022, Plaintiff filed the present motion for a preliminary injunction against the Corporate Defendants. (Dkt. No. 106.) He seeks a Court order that enjoins these entities from accepting any DMCA Counter-Notifications from any of their users if it is issued by Plaintiff and if the infringing materials are "revenge videos." The Corporate Defendants submitted a joint opposition. (Dkt. No. 111.) Plaintiff filed a reply. (Dkt. No. 112.) On February 28, 2022, after briefing was closed, Plaintiff filed a supplemental brief in support of his motion for a preliminary injunction. (Dkt. No. 113.) The Corporate Defendants jointly objected to Plaintiff's supplemental brief. (Dkt. No. 114.)

**ANALYSIS**

**A.     Applicable Legal Standard.**

Preliminary injunctive relief is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). In order to obtain such relief, Plaintiff must establish: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In *Alliance for the Wild Rockies v. Cottrell*, the Ninth Circuit held that the "serious questions" sliding scale approach survives *Winter*. 632 F.3d 1127, 1134-35 (9th Cir. 2011). Thus, a court may grant a request for a preliminary injunction if a plaintiff demonstrates that there are serious questions going to the merits and a hardship balance that tips sharply in their favor, if the other two elements of the *Winter* test are also met. *Id*. at 1132. This allows a court "to preserve the status quo where difficult legal questions require more deliberate investigation." *See Sencion v. Saxon Mortg. Servs., LLC*, No. 10-cv-3108 JF, 2011 WL 1364007, *2 (N.D. Cal. April 11, 2011).

---

[4] In his reply, Plaintiff confuses the denial of his request for a TRO with the denial of his motion for a preliminary injunction. (Reply at ¶¶ 10-11.)

**B.     The Court Strikes Plaintiff's Supplemental Brief.**

On February 28, 2022, after his reply was filed, Plaintiff filed a supplemental brief in support of his motion. The Corporate Defendants objected to the supplemental brief. Plaintiff's brief is unauthorized by the Local Rules. *See* N.D. Civ. L.R. 7-3(d). The Court has previously admonished Plaintiff that he must abide by the federal and local rules. Therefore, the Court STRIKES the supplemental brief at docket number 113 and will not consider it in deciding Plaintiff's motion.

**C.     The Court Denies Plaintiff's Motion.**

Plaintiff seeks an injunction requiring the Corporate Defendants and all their subsidiaries to: (1) process all DMCA takedown notifications issued by Plaintiff against any user of their platform regardless of whether the videos are fair use and (2) refuse to entertain any DMCA counter-notifications issued in response to Plaintiff's DMCA takedowns. Plaintiff asserts this injunction in necessary to prevent new defendants and new infringements from occurring.

To obtain prospective injunctive relief, Plaintiff must first show that he is likely to succeed on the merits of his copyright infringement claims. Plaintiff cannot do so. Plaintiff effectively asks the Court to force the Corporate Defendants to remove any material that Plaintiff believes constitutes an attempt to harass him. But the law does not permit such a sweeping request for injunctive relief.

A copyright infringement lawsuit is "a specific lawsuit by a specific plaintiff against a specific defendant about specific copyrighted [works]; it is not a lawsuit against copyright infringement in general…" *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 673 (9th Cir. 2017). An infringement claim requires a plaintiff to specifically allege the works that are the subject of the claim. *Tvb Holdings United States v. Enom Inc.*, No. SACV 13-624-JLS (DFMx), 2014 U.S. Dist. LEXIS 194490, at *4 (C.D. Cal. Jan. 6, 2014); *Ludvarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013) ("To establish liability, the first prong requires more than a generalized knowledge…of the possibility of infringement."). Here, Plaintiff seeks broad injunctive relief to prevent the potential future infringement of unidentified works by unnamed individuals. As a result, Plaintiff's requested relief necessarily lacks the specificity required for a

4

viable infringement claim and he cannot establish a likelihood of success on the merits. This is fatal to his request for injunctive relief.

Additionally, before bringing a claim of copyright infringement, each specific work at issue must be registered with the Copyright Office. 17 U.S.C. § 411(a). Here again, because Plaintiff seeks relief related to potential future infringements, he cannot point to specific registered works that would be the subject of his injunction. Thus, Plaintiff cannot establish a likelihood of success on the merits as to these speculative future infringements. *Kifle v. YouTube LLC*, No. 21-cv-01752-CRB, 2022 WL 326613, at *4 (N.D. Cal. Feb. 3, 2022) (dismissing with prejudice copyright claims where plaintiff failed to plausibly allege compliance with 17 U.S.C. section 411.)

Plaintiff also cannot rely on his arguments related to fair use to show a likelihood of success on the merits. The fair use doctrine calls for a case-by-case analysis of several factors including: (1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. § 107. The Court cannot undertake this analysis because Plaintiff, in targeting hypothetical future infringements, cannot identify any specific instances of infringement. Therefore, the Court cannot assess Plaintiff's odds of prevailing on the fair use defense.

Finally, the relief Plaintiff seeks would require the Corporate Defendants to disregard counter-notifications and defenses of fair use issued in response to Plaintiff's DMCA takedowns. Such relief at odds with the requirements of the DMCA. *See* 17 U.S.C. § 512(g)(3). And to the extent that Plaintiff's injunction would force the Corporate Defendants to remove non-infringing content, that relief would run afoul of Section 230 of the Communications Decency Act, which immunizes service providers from liability for publishing content provided by third parties. *See* 47 U.S.C. § 230(c)(1).

Because Plaintiff cannot show a likelihood of success on the merits, the Court need not consider the remaining preliminary injunction factors.

//

//

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for a preliminary injunction is DENIED.

**IT IS SO ORDERED.**

Dated: March 8, 2022

JEFFREY S. WHITE
United States District Judge