David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                    PLAINTIFF

VS.                                 Case 3:21-cv-04184-JSW

KARL POLANO, et al                                                 DEFENDANTS

**MOTION FOR EXTENSION OF TIME TO SERVE PROCESS ON**
**KARL POLANO AND RAUL MATEAS**

Comes Now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Extension of Time to Serve Process on Karl Polano and Raul Mateas in the above-styled action.

**Attempts to serve**

1.      I have attempted to serve process on Karl Polano, a resident of Switzerland. But because Polano willfuly and maliciously failed to collect the documents from his post office, service was not executed. See **Dkt. 101**. Switzerland does not permit service of process under any other method; see https://www.haguelawblog.com/2017/01/serve-process-switzerland/ ("Article 10 alternative methods ● Aren't available. Switzerland objects to them all.  Article 5 is the only way"). Therefore, once the Notice of Service Returned Unexecuted was filed, I promptly filed a Motion for Leave to Conduct Service of Process by Email; see **Dkt. 102**. In addition, Karl Polano even admitted over email that he has perpetrated these delays predominately to waste my and the Court's time! See **Exhibit A**.

2.      Meanwhile, service is still being attempted on Raul Mateas. Documents for service of process were mailed to the UK Central Authority on November 18, 2021. See **Exhibit B**. See also https://tools.usps.com/go/TrackConfirmAction?tLabels=CJ470085091US&utm_source=expected&utm_medium=email&utm_content=tracking-

number&utm_campaign=trackingnotify. According to Article 15 of the Hague Convention, if six months passes without hearing from the Central Authority, the forum court is authorized to enter a default judgment against the defendant. See https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf (page 3 of 6).

3.      Despite it still being plausible that Raul Mateas may be served with process pursuant to the Hague Convention, I nonetheless moved for leave to conduct service by email against him as well, on the grounds that service by email is explicitly authorized under **Fed.R.Civ.P. 4(f)(3)**, and is not reserved exclusively as a last resort. See **Dkt. 104**.

4.      Both of these motions were originally set to be ruled on by March 11, 2021. However, the Court has not yet ruled on the motions, instead stating that they will be ruled on "in due course," but being incredibly vague as to exactly what its plans are. See **Exhibit C**.

5.      This vague language is making me extremely nervous. From my point of view, there are two potential reasons why the Court may be holding off on ruling on these motions. Either (A) it is waiting for an update on Mateas's service, so it knows whether or not there is even any *need* to grant **Dkt. 104** and/or if we can proceed under Article 15 of the Hague Convention[1], or (B) it is contemplating dismissing the case for failure to serve the defendants under **Fed.R.Civ.P. 4(m)**.

6.      If the latter is the reason for the failure to issue a timely ruling on the motions, then I humbly ask the Court to rule on *this* motion before it does so.

### Legal Analysis

7.      Fed.R.Civ.P. 4(m) states "If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

8.      The plain text of this motion clearly states that the Court must provide notice to the Plaintiff before it may throw the case out. So the Court does not yet have discretion to act without giving me an opportunity to be heard. The Rule also states that the court "must" extend the time for service if the Plaintiff shows good cause for the failure. Extention under these

---

1   Since the British Government received the papers on November 18, 2022, that means it will be May 18, 2022 before we can invoke this provision of the Hague Convention.

Motion for Extension

circumstances is mandatory. See Lemoge v. US, 587 F. 3d 1188, 1198 (9th Cir. 2009).

9.      There is indeed good cause for my failure to serve the defendants by now. For Raul Mateas, the explanation is simple: The British government is taking its sweet time in getting back to us. We cannot force a foreign state to act faster. I have done everything I can. I should not be blamed for another country's lack of diligence. If anything, the fact that I have moved for leave to serve process by email, even before I knew for a fact that attempting service pursuant to the Hague Convention was an exercise in futility, is itself powerful evidence that I am eager to get the defendants served as quickly as possible.

10.     As for Karl Polnao, the "good cause" in question is even more obvious. I have not served him with process yet … because he has willfully and maliciously evaded service of process! By his own admission, it was nothing but a bad faith attempt at creating delay for its own sake. I should not be punished for his bad faith delays. To do so would only encourage people in the future to engage in such malicious delays, while punishing me for my diligence, which is the complete opposite of what a court should do.

11.     For all of these reasons and more, I humbly ask that the Court grant an extension of time to serve process on the two remaining individual defendants.

        So requested on this, the 15th day of March, 2022.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

Motion for Extension