UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>Plaintiff,<br><br>v.<br><br>KARL POLANO, et al.,<br><br>Defendants. | Case No. 21-cv-04184-JSW<br><br>**ORDER REGARDING MOTIONS FOR SERVICE BY PUBLICATION**<br><br>Re: Dkt. Nos. 102, 104, 116 |

Now before the Court for consideration are: (1) the motion for service by publication filed by Plaintiff David A. Stebbins ("Plaintiff") as to Defendant Karl Polano ("Polano") and (2) the motion for service by publication as to Defendant Raul Mateas ("Mateas"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds these matters suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Plaintiff's motion for alternative service as to Polano and DENIES Plaintiff's motion for alternative service as to Mateas.

## BACKGROUND

**A.      Procedural Background.**

Plaintiff filed his original complaint in this action on June 2, 2021, asserting claims of copyright infringement, misrepresentation, and intentional infliction of emotional distress ("IIED") against three individual defendants and Discord. Upon initial screening, Magistrate Judge Corley found that Plaintiff viably asserted a claim of copyright infringement but had failed to plead the remaining causes of action. (Dkt. No. 10.) The case was reassigned to the undersigned, and Plaintiff filed an amended complaint on July 29, 2021. (Dkt. No. 11.) The amended complaint repleaded Plaintiff's copyright infringement, misrepresentation, and IIED

claims against individual defendants and Discord. (Dkt. No. 11.) It also named Facebook and Alphabet as Defendants. The Court screened Plaintiff's amended complaint and found that the copyright infringement claim and one misrepresentation claim were sufficient to survive section 1915. However, the Court found Plaintiff's claims for IIED and misrepresentation in violation of Section 512(f)(2) did not pass section 1915 review, and it dismissed those with prejudice. (Dkt. No. 21.) The Court directed service of the amended complaint on Polano and the three corporate defendants.[1] (*Id*.) On September 17, 2021, Plaintiff filed a Second Amended Complaint ("SAC"), which added an additional infringement claim, added Amazon.Com, Inc. as defendant, and designated the identities of two individual Doe defendants. (Dkt. No. 55.) The SAC is the operative complaint.

On October 2, 2021, Plaintiff requested leave to file a third amended complaint. (Dkt. No. 71.) The Court deferred ruling on that motion until all parties that were named in the complaint had been served and appeared. (Dkt. No. 89.) On January 25, 2022, despite not yet having served all parties named in the SAC, Plaintiff filed a motion for leave to file an additional amended complaint. (Dkt. No. 100.)

**B.    Service of Process.**

Defendants Amazon, Alphabet, and Discord (the "Corporate Defendants") have been served and have appeared.[2] Plaintiff and the Corporate Defendants have agreed to extend the responsive pleading deadline until after the individual defendants are served.

Defendant Polano has not yet been served. Because Polano resides in Switzerland, the U.S. Marshal Service was unable to serve him, and the summons was returned unexecuted. (Dkt. No. 32.) Plaintiff requested and was permitted leave to attempt to serve Polano in Switzerland by means of service authorized by the Hague Convention. (Dkt. No. 45.) On January 21, 2022, the summons was returned unexecuted as to Polano. (Dkt. No. 101.) Mateas has also not yet been served. Plaintiff alleges that Mateas resides in the United Kingdom. Plaintiff is attempting to

---

[1] The remaining individual defendants were identified as "John Doe" defendants in the amended complaint.
[2] Plaintiff voluntarily dismissed Facebook on November 17, 2021. (Dkt. No. 95).

serve Mateas by means of service authorized by the Hague Convention. (Dkt. No. 94.) Plaintiff moved for entry of default against Defendant Allison, and the Clerk entered default on November 4, 2021. (Dkt. No. 91.) The Court denied Plaintiff's motion for default judgment against Allison on the basis that granting default judgment against Allison could lead to an inconsistent result if the Court were to find no liability against the other individual defendants. (Dkt. No. 99.)

## ANALYSIS

### A.  The Hague Convention and Federal Rule of Civil Procedure 4(f).

The Hague Service Convention is a multilateral treaty whose purpose is "to simplify, standardize, and generally improve the process of serving documents abroad." *Water Splash, Inc. v. Menon*, ---U.S.---, 137 S. Ct. 1504, 1507 (2017). The Convention specifies certain approved methods of service and preempts methods of service inconsistent with its methods wherever it applies. *Id*. The service methods set forth in the Convention are mandatory and compliance with the Convention is required "in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988).

The Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Art. 1. Documents can be served under the Convention in several ways. An applicant can send a request for service to a receiving country's central authority, an entity that every signatory to the Convention must establish. The central authority must attempt to serve the defendant by a method that is compatible with the receiving country's domestic laws, and then provide the applicant with a certificate either confirming that service was successful or listing the reasons that prevented service. *See* Arts. 2–7.

The Convention also permits alternative methods of service provided the receiving country does not object to those types of service. These methods include service by diplomatic and consular agents, service through consular channels, service on judicial officers in the receiving country, and direct service "by postal channels." Arts. 8–10. The Convention also allows countries to designate additional methods of service within their borders, unilaterally or through side agreements with each other. *See* Arts. 11, 19.

3

The Convention is mandatory in all cases to which it applies. However, there some exceptions to the methods of service set forth in the Convention. Relevant here, if a plaintiff attempts to serve a foreign defendant through a central authority and the central authority fails to provide a certificate of service within six months, the presiding judge "may direct a special method of service." *See* Notes of Advisory Committee on 1993 Amendment to Federal Rule of Civil Procedure 4, subdivision (f)(3).[3]

Where the Hague Convention applies, the service method must comport with the Convention as well as Federal Rule of Civil Procedure 4(f). Rule 4(f) authorizes three methods of service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice [including by a method prescribed by the foreign country's laws] ...; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). The first subsection implements the Convention; the second subsection identifies methods for serving persons in countries that are not members of the Convention; and the third subsection "serves as a safety valve for unanticipated situations," including when an exception to the Convention applies. 4B Charles A. Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1133 (4th ed. April 2020 update).

The method of service authorized by the Court "must also comport with constitutional notions of due process." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). To meet this requirement, the methods of service crafted by the district court must be

---

[3] The other situations in which the Convention's methods of service may be bypassed include situations (1) "where the address of the person to be served with the document is not known," (2) if service can be completed without transmitting documents abroad, (3) in "case[s] of urgency", and (4) if the refusing country refuses service "on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based." *See* Art. 1, 13, 15.

"reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016-17 (internal citation and quotation marks omitted). The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the "sound discretion of the district court." *Brockmeyer*, 383 F.3d at 805.

**B.     The Court Grants Plaintiff's Request to Serve Polano Via Email.**

Defendant Polano resides in Switzerland. Plaintiff has initiated service on Polano through the Hague Convention. On January 21, 2022, Switzerland's Central Authority returned a certificate notifying Plaintiff that documents were not served on Polano and providing an explanation for the inability to effect service. (Dkt. No. 101.) Because Plaintiff's service efforts have proved unsuccessful to date, Plaintiff now seeks leave to serve Polano via email pursuant to Rule 4(f)(3).

To determine if service by email under Rule 4(f)(3) is proper, the Court must determine: (1) if service by email is "not prohibited by international agreement" and (2) if service by email comports with due process.

Here, the relevant international agreement is the Hague Convention, to which the United States and Switzerland are signatories. Switzerland has objected to all the alternative methods of service provided for by the Convention, including service by "postal channels" as set forth in Article 10(a). *See Switzerland – Central Authority & Practical Information*, Hague Conference on Private Int'l Law. https://www.hcch.net/en/states/authorities/details3/?aid=276 (last visited March 7, 2022). The Hague Convention does not expressly address service by email, and Switzerland has specifically objected to service by email.

The question for the Court is whether the Convention's silence permits courts to authorize service by methods not expressly prohibited, such as email. Courts have taken different approaches in addressing this issue. Many courts examine whether email service is incorporated under Article 10, which permits service through postal channels. Other courts evaluate whether email service is generally consistent with the Hague Convention. Here, under either approach, the Court concludes that service by email on Polano is appropriate at this juncture.

Switzerland is one of the many signatories to the Hague Convention that has expressly objected to the service provisions in Article 10, including service through "postal channels." Several courts have concluded that an objection to postal channels includes email service. *See, e.g., Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, Case No. 19-cv-01167-JST, 480 F.Supp.3d 977, 985–87, (N.D. Cal. 2020); *Elobied v. Baylock*, 299 F.R.D. 105, 108 (E.D. Pa. 2014) (finding that the Hague Convention "does not allow service through e-mail upon an individual located in Switzerland" because Switzerland objected to Article 10); *Agha v. Jacobs*, No. C 07-1800 RS, 2008 WL 2051061, at *1–2 (N.D. Cal. May 13, 2008) (finding no reason to distinguish service by email or facsimile from Germany's Article 10 objection to "postal channels" and requiring service of German defendant pursuant to the Hague Convention).

The majority of courts analyzing email service under Article 10, however, have held that email service is not prohibited unless a nation specifically objects to service by email. *See, e.g., Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, Case No. 18-cv-00297-BAS-BGS, 2019 WL 246562, at *2 (S.D. Cal. Jan. 17, 2019) (finding that China's Article 10 objection does not include email and allowing email service under Federal Rule of Civil Procedure 4(f) because it is not "prohibited by international agreement"); *WeWork Cos. Inc. v. WePlus (Shanghai) Tech. Co.*, Case No. 5:18-CV-04543-EJD, 2019 WL 8810350, at *2 (N.D. Cal. Jan. 10, 2019) ("Given the weight of authority [in the Northern District of California], the court finds that China's objection to Article 10 regarding postal service does not mean that email service is 'prohibited by international agreement' " under Federal Rule 4(f).).

The assumption underlying these cases is that if a means of service is not specifically prohibited under the Convention, it must be permitted. That is, if a country has not specifically objected to a specific method of service it wishes to prohibit, that method is permitted. The Court notes that several recent cases have questioned whether this assumption comports with the language of the Convention ultimately concluding that the Convention prohibits service methods—like email—that are not expressly prohibited but are nonetheless inconsistent with the Convention's authorized processes. *Facebook, Inc.*, 480 F.Supp.3d at 983, 987 (noting that because the "Convention doesn't offer service by email as an option…there was no reason for

6

1   China to affirmatively object to it."); *Anova Applied Elecs., Inc. v. Hong King Grp., Ltd.*, 334
2   F.R.D. 465, 472 (D. Mass. 2020) (holding "e-mail service on [China-based] defendants is
3   prohibited by the Hague Convention"); *Prem Sales, LLC v. Guangdong Chigo Heating &*
4   *Ventilation Equip. Co.*, 494 F. Supp. 3d 404 (N.D. Tex. 2020) (finding that "email service is not
5   permitted under the Convention because it is inconsistent with and not authorized by the
6   Convention's delineated service methods"); *see also Water Splash, Inc.*, 137 S. Ct. at 1507.

However, the Court need not decide that issue to reach its decision here. Even assuming email service is not permitted under the Convention, service by email on Polano could still be authorized under Rule 4(f)(3) if an exception to the Convention applies. As previously stated, if a plaintiff attempts to serve a foreign defendant through a central authority and the central authority fails to provide a certificate of service after six months, the presiding judge is authorized to "direct a special method of service" not otherwise prohibited by international agreement in accordance with the Federal Rules of Civil Procedure. Switzerland has returned a certificate stating that it was unable to effect service on Polano. Accordingly, under these circumstances, because an exception to the Hague Convention applies, the Court concludes that email service is not prohibited by an international agreement.

The Court also concludes that email service would comport with notions of due process and provide Polano with notice and an opportunity to be heard. *Rio Properties,* 284 F.3d at 1016. Plaintiff has established that the email account he has for Polano has been an effective means of communicating with him, which would serve the purpose of ensuring that a defendant receives adequate notice of the action and an opportunity to be heard.

Accordingly, it is ORDERED that Plaintiff is GRANTED LEAVE to serve the SAC and summons on Defendant Karl Polano at sofiannp@hotmail.com. Plaintiff must promptly file a proof of service with the Court.

**C.    The Court Denies Plaintiff's Request to Serve Mateas Via Email.**

Mateas resides in the United Kingdom. Plaintiff initiated service on Mateas through the Hague Convention in November. (Mot. ¶ 2; *see also* Dkt. No. 94.) Plaintiff estimates it could take up to five months to effect service. Plaintiff seeks permission to serve Mateas via email

7

pursuant to Rule 4(f)(3). Plaintiff contends that this will be faster, easier, and cheaper than waiting to see if service via the Hague Convention is successful.

The Court finds that service by email on Mateas is not authorized at this time. Even if the Court were to determine that email service was not prohibited by international agreement, Plaintiff has not shown that email service comports with constitutional notions of due process. *Rio Properties,* 284 F.3d at 1016. Based on the current record, the Court cannot conclude that service by email would serve the purpose of ensuring that Mateas will receive adequate notice of this action and an opportunity to be heard. Plaintiff has not provided any facts establishing that the email address for Mateas is an effective means for communication with him and that Mateas would be likely to receive the summons and complaint at that address. Thus, it is not clear that email is the method most likely to reach Mateas. Plaintiff's request to use Rule 4(f)(3) simply because it will be faster is not sufficient to satisfy due process concerns. Any future requests for service by alternative means must expressly state how email service would comport with due process.[4]

Accordingly, the Court DENIES Plaintiff's request to service Mateas via email WITHOUT PREJUDICE. Plaintiff must continue to pursue service of process on Mateas in compliance with the Hague Convention. If service is not completed by May 31, 2022, Plaintiff may file a renewed motion for service by alternative means.

**D.    Plaintiff's Request for an Extension of Time for Service.**

Rule 4(m)'s time limit does not apply to service in a foreign country. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."); *see also Lucas v. Natoli,* 936 F.2d 432, 432–33 (9th Cir.1991) ("The plain language of [Rule 4(m)] makes the 120–day service provision inapplicable to service in a foreign country.").

---

[4] The United Kingdom has not specifically objected to service by email, and it has not objected to Article 10(a). *See United Kingdom—Central Authority & Practical Information*, Hague Conference on Private Int'l Law, https://www.hcch.net/en/states/authorities/details3/?aid=278 (last visited March 7, 2022). However, as discussed above, there is debate as to whether service by email is permitted under the Hague Convention. Further, there is no suggestion in the record that an exception would apply at this time. Plaintiff has identified an address for Mateas and the estimated time for the United Kingdom to serve Mateas has not yet elapsed.

However, "the lack of an explicit deadline under Rule 4(f) to complete service does not mean that a plaintiff has an unlimited amount of time to serve a foreign defendant." *Int'l Metaphysical Ministry, Inc. v. Schaefer*, No. C 18-4524 SBA, 2018 WL 10560778, at *2 (N.D. Cal. Nov. 21, 2018) (citing *Nylock Corp. V. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) ("Because district courts need to be able to control their dockets, ... the amount of time allowed for foreign service is not unlimited."). "[A] district court may set "a reasonable time limit for service in a foreign country...." as a matter of its inherent authority to manage cases on its docket. *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015) (citation omitted).

Given that Plaintiff is attempting service, the Court will not impose a reasonable time limit for accomplishing service on defendants at this time. Therefore, the Court DENIES AS MOOT Plaintiff's motion for an extension of time to serve Mateas and Polano. (Dkt. No. 116.) However, if Plaintiff is unable to accomplish to service by May 31, 2022, and renews his request to serve Mateas by alternative means as set forth above, the Court will revisit whether setting a deadline is appropriate at that time.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to serve Karl Polano via email and DENIES Plaintiff's motion to serve Raul Mateas by email. Plaintiff must serve the SAC and summons on Polano via email at sofiannp@hotmail.com. Plaintiff must promptly file a proof of service with the Court. If Plaintiff is unable to serve Mateas via the Hague Convention by May 31, 2022, Plaintiff may file a renewed motion for service by alternative means.

Finally, Plaintiff has filed an additional motion to amend the complaint. (Dkt. No. 100.) The Court will DEFER ruling on this motion and any further requests for amendment until service of process on the currently named defendants is resolved. (*See* Dkt. No. 89.)

**IT IS SO ORDERED.**

Dated: March 15, 2022

_____
JEFFREY S. WHITE
United States District Judge