David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                             PLAINTIFF

VS.                              Case 3:21-cv-04184-JSW

KARL POLANO, et al                                                          DEFENDANTS

## MOTION FOR SANCTIONS AGAINST

## KARL POLANO AS TO SERVICE OF PROCESS

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Sanctions against Karl Polano for maliciously evading service of process.

### TIMELINE FOR RESPONSE

1.  I am filing this motion immediately after serving Polano with process by email, as authorzied by **Doc. 117** in this case. Most motions require the nonmovant to respond within fourteen (14) days. But here, Polano will have twenty-one (21) days to respond to the Complaint. This Court has already rejected the notion that a party can be made to respond to a motion in a case before he has even responded to the Complaint in the first instance (see **Doc. 88**).

2.  To safeguard against this, when I file this motion and am setting deadlines for the parties to file their responses and replies, I will state that Polano's deadline to respond to this motion will be April 6, 2022, which is the same as his deadline to respond to the Summons and Complaint; see **Doc. 117, ¶ 4**. Because the hearing dates for motions are to be set a minimum of 35 days

after the motion is filed, this will not affect the hearing date for this motion.

## FACTS

3.       I am suing Karl Polano for multiple counts of copyright infringement of two different registered copyrights: A livestream that occurred on April 10, 2021 and a livestream that occurred on April 18, 2021. See **Doc. 100**.

4.       I spent $636 attempting to serve process on Polano using the Hague Convention. See **Exhibit A** and **Exhibit B**. This attempt at service was ultimately unsuccessful, not because the Swiss government refused to execute the service or because I made some technical deficiency in the paperwork, but because Polano failed to actually collect the papers from the Swiss Post Office despite being notified twice that it was waiting for him. See **Doc. 101** ("Despite two delivery attempts on our part … According to the feedback from the Swiss post office, the recipient did not collect the documents").

5.       Because I could not serve Polano pursuant to the terms of the Hague Convention, I was forced to serve him via email pursuant to Fed.R.Civ.P. 4(f)(3). See **Docs. 102, 117,** and **118**.

6.       Polano's failure to collect the documents was done out of a malicious desire to evade service of process. By his own admission, he did it just to waste my and the Court's time. **Exhibit C**. Also, throughout this entire debacle, Polano has repeatedly shown nothing but pure disdain and contempt towards me in every respect. His actions have been the epitome of unprofessional and the epitome of malicious. See **Exhibits D-H**.

## ARGUMENT

7.       Although the defendant, in both criminal and civil cases, is allowed – indeed, even expected – to aggressively fight back against any accusations made against him in court, one

thing he is absolutely not allowed to do is actively and maliciously evade service of process in a legal proceeding in the hopes that the plaintiff or prosecution will never be able to get the case underway in the first place. Polano's willful and malicious evasion of service of process is deserving of sanctions.

8. The most obvious sanction in this case is to order Polano to compensate me the $636 USD that I spent in this wasted effort to serve him with process pursuant to the Hague Convention. That is certainly one of the sanctions that I request, and in 99% of cases, that would certainly be enough to compensate me for all the losses I have suffered due to the defendants' malicious evasion of service.

9. However, there is an additional complication. Because I did not adhere strictly to the terms of the Hague Convention when serving process on Polano, there is a reasonable possibility that the government of Switzerland may refuse to enforce any judgment I obtain against Polano. If I were to simply bypass the Hague Convention myself and move for service by email in the first instance, then the onus would be on me. But in this case, I attempted to use the Hague Convention. I did everything correct on my end, and the only reason it wasn't executed is because Polano maliciously chose to ignore it. It is his fault, not mine, that the judgment may not be enforced on Swiss soil.

10. To compensate for this prejudice, I believe Polano should be sanctioned in such a way that safeguards against the potential for the Swiss government to not enforce the judgment on its own soil.

11. One of the easiest ways to do this would be to have Polano post a bond with an American bonding agent – similar (though not identical) in concept and function to a supersedes bond as

set forth by Fed.R.Civ.P. 62 – in the amount of $300,000 (the maximum statutory damages award for the two copyrights which he has infringed), the proceeds of which will be used to pay any damages I may be entitled to upon successfully obtaining a judgment on the merits. If he prevails on the merits, then the value of this bond would be returned to him, and if I obtain an award of statutory damages that is less than $150,000 for either or both copyrights, then the amount to which I am owed would be paid to me out of that bond, with the remainder returned to Polano.

12. This would greatly resolve the prejudice I would suffer from not being able to enforce the judgment on Swiss soil by negating the *need* for me to collect damages from him on Swiss soil.

13. Alternatively, I would accept that he should not be required to offer up this bond if he obtains the written guarantee of the Swiss government that they will enforce any judgment issued in this case, to the same extent as if the defendant was served pursuant to the terms of the Hague Convention. I highly doubt Polano has enough clout with the Swiss government to obtain such a written guarantee, but if, by some miracle, he manages to produce it in this case, I will concede that the aforementioned bond would be unnecessary.

14. Remember that I am asking for TWO sanctions here. I am asking for Polano to do both of the following:

(a) Reimburse me the $636 (non-renfundable) that I spent trying to serve him via the Hague Convention. He should not be allowed to get this money back, even if he ultimately prevails on the merits.

(b) Either …

  i. A $300,000 bond with an American bonding agent, to ensure that I am paid the damages that I am owed at the end of the case, or …

   ii. A written guarantee from the government of Switzerland that they will enforce the judgment in this case on Swiss soil.

15. Polano gets his choice of either (b)(i) or (b)(ii), but he should be required to do one of those two, and also be required to do (a) regardless.

16. I ask that Polano be given only thirty (30) days from the date of the Court entering the order grantign this motion to comply with the aforementioned sanctions. If he fails to do so in the allotted time, I ask that he be entered in default. Without the ability to enforce the judgment on Swiss soil, the Court literally *can't* sanction him in any other way.

17. If he is entered in default, and I obtain a default judgment against him, the Swiss government may still refuse to enforce the judgment, but at least then, we will not have spent months and months (more than we already have spent going on this wild goose chase just trying to get him served with process) litigating the matter ad nauseum.

## CONCLUSION

18. Polano has, by his own admission, acted with actual malice when he evaded service of process. By his own admission, this was all done in an effort to waste my and the court's time.

19. These sanctions are necessary to compensate me for the prejudice I have suffered as a result of Polano, by his own admission, simply wanting to waste my time. Not only have we wasted several months of time, not only have I wasted hundreds of dollars in a failed attempt to get him served, but he has also potentially eliminated any possibility I might have for being able to collect the judgment against him on Swiss soil. I am asking for nothing more than what is necessary to compensate me for these losses.

20. Wherefore, premises considered, I respectfully pray that these sanctions be imposed, and

any other relief to which I may be entitled.

So requested on this, the 16th day of March, 2022.

/s/ David Stebbins
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

### AFFIDAVIT OF SERVICE

I, *pro se* Plaintiff David Stebbins, do hereby certify under penalty of perjury that a true and correct copy of this motion was served on Karl Polano by emailing a copy thereof to his email address at sofiannp@hotmail.com on March 16, 2022. This is effective service under Fed.R.Civ.P. 5(b)(2)(E).

/s/ David Stebbins
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com