UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                          PLAINTIFF

VS.                                          Case 3:21-cv-04184-JSW

KARL POLANO, et al                                                                      DEFENDANTS

### ORDER GRANTING MOTIONS FOR SANCTIONS AS TO KARL POLANO

The Court finds as follows:

1. Plaintiff David Stebbins brings this civil action against defendant Karl Polano, and other defendants not relevant here, for copyright infringement and DMCA misrepresentation. Karl Polano is a resident of Switzerland and must be served with process pursuant to Fed.R.Civ.P. 4(f).

2. The Plaintiff attempted to serve Polano pursuant to the terms of the Hague Convention, and expended $636 USD in doing so. However, on January 25, 2022, process was returned unexecuted, stating that Polano did not retrieve the documents from the Swiss post office. The Plaintiff then moved for, and the Court subsequently granted, leave to conduct service of process via email. The Plaintiff conducted said service on or around March 11, 2022.

3. The Court finds that Polano had acted with actual malice in his failure to retrieve the documents, desiring nothing more than to waste the plaintiff's and court's time and to cause needless delay for its own sake.

4. The needless delay is alone grounds for sanctions, but because Polano was not served with process pursuant to the terms of the Hague Convention, there is a reasonable possibility that the government of Switzerland may refuse to enforce the judgment of this Court, should one be issued against Polano. Therefore, Polano has created even more unfair prejudice against the Plaintiff than just the delay itself.

5. To rectify these two injustices, the Court hereby orders Polano to do the following:

6. First, Polano is ordered to pay the Plaintiff a non-refundable sum of $636 USD, to compensate him for the money he spent in his failed attempt to serve Polano with process pursuant to the Hague Convention.

7. Second, Polano is hereby ordered to do one of the following:

Case 3:21-cv-04184-JSW                                                    Order Granting Motion for Sanctions

      (a) Provide evidence of a written guarantee from the government of Switzerland that it will enforce the judgment of this court, to the same extent as if service of process was conducted pursuant to the terms of the Hague Convention; or

      (b) Provide proof that a bond, in the amount of $300,000 USD, was offered by Polano. This bond must be held in esgrow by an American bonding agent. The contents of that bond will be used to pay the Plaintiff any damages he may be entitled to upon resolution of this case. If Polano ultimately prevails on the merits, the value of the bond will be returned to him in full. If Polano is held liable for less than $300,000 in value, the damages will be paid to the plaintiff and the remainder will be returned to Polano.

8.    Polano shall have 30 days from the date of this order to provide proof that he has complied with both of these sanctions. If he fails to comply, he will be entered in default in this proceeding.

9.    The Court finds that an entry of default, while normally an exceptionally harsh sanction that is reserved only for the most egregious of misbehavior, is the only penalty the Court can possibly issue against Polano that would have any effect without the ability to enforce a judgment on Swiss soil. If Polano obtains a written guarantee from the government of Switzerland that the judgment in this case will be enforced on Swiss soil, but does not reimburse Stebbins the $636 he expended in his failed effort to serve Polano via the Hague Convention, then the Court will consider a lesser penalty for Polano's failure to comply with all sanctions.

      IT IS SO ORDERED on this, the _____th day of May, 2022.

 

_____
(Signature of Judge)