David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                  PLAINTIFF

VS.                                    Case 3:21-cv-04184-JSW

KARL POLANO, et al                                                              DEFENDANTS

## MOTION TO CLARIFY

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following motion to clarify how the Court wants us to handle the filing of the amended complaints, moving forward.

1. All three individual defendants have been entered in default. I filed a Motion for Leave to File Additional Amended Complaint, seeking to allege a new count of infringement. See **Doc. 100**. The Court has declined to rule on any motions for leave to amend until all the defendants have been served with process. Well, now there is no reason for the Court to put it off any longer.

2. Because the new complaint would state a new claim for relief (an additional count of copyright infringement), I have to re-serve the individual defendants pursuant to **Fed.R.Civ.P. 5(a)(2)**.

3. However, in this case, serving the defendants again would require service under the Hague Convention. This will be very expensive and (even more importantly) very time consuming.

4. The part about being time-consuming is especially worrisome here. Polano has demonstrated that he is willing to continue his campaign of copyright infringement against me. If I have to re-serve him with Hague Convention service of process every time, it will likely take another year for it to finally reach him (complete with me having to get leave of Court to serve him by email all over again, since he likely will not cooperate with any Hague Convention service of process). This will give him ample opportunity to continue his copyright infringement,

incur new claims, be re-entered in default, and then I have to amend the complaint to include the new claims, only for that to require new service of process. The cycle will continue indefinitely.

5.   This is especially likely in this case, since Karl Polano has demonstrated that he is willing to maliciously delay the case for its own sake, and has even admitted that he is causing this delay solely to to waste my and the Court's time. See **Dkt. 119**. By Polano's own admission, he is *exactly* the kind of person who is going to cause this delay, indefinitely if at all possible, just because he can.

6.   While I moved for a preliminary injunction asking the individual defendants not to issue DMCA Counter-Notifications against me while the case is pending, that motion was denied without prejudice because the individual defendants were not before the court. See **Dkt. 57** and **88**. If the aforementioned cycle becomes a reality, that would put us in a Catch-22.

7.   Even if this Court were to grant me leave, at the outset, for me to serve Polano via email the second time (which would significantly lessen the impact of the above cycle), that does not explain how we are going to serve *Mateas* with process. Unlike Polano, the Hague Convention service of process actually went through on him.

8.   I can think of only one way we can get the individual defendants served with process quickly enough that it doesn't give them enough time to engage in new acts of infringement before we are able to get a preliminary injunction stopping them from doing that: All individual defendants (not just Polano) need to be served with process via email, even if it is not the only way.

9.   The Court absolutely would have discretion to do this! Under Rio Properties, Inc. v. Rio Intern. Interlink, 284 F. 3d 1007, 1015 (9th Cir. 2002), "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant" (citations and quotations omitted).

10.   When the Court previously denied without prejudice my Motion for Leave to Serve Mateas by email, it did so primarily on the grounds that I had not proven that email is a reliable means of apprising Mateas of the action. See **Dkt. 117**. To remedy this, please find attached **Exhibits A-H**, a series of emails sent to me by Raul Mateas proving that he does indeed check his email address of raulmateas20@gmail.com on the regular. Serving him this way is indeed

likely to apprise him of the new complaint. This should provide the Court with the assurance it needs to feel comfortable allowing service of process by email.

11.     As for Frederick Allison, I would be willing to exclude him from the new claim, notwithstanding my previous assertions that "it is not merely three individuals working simultaneously but concurrently with one another; it is one singular, collaborative effort." This would exempt me from having to serve him with process again.

12.     Alternatively, I am open to hearing suggestions from the Court of alternative ways the individual defendants be served, in such ways that do not constitute prohibitively expensive costs, and which are done quickly enough that the individual defendants do not have another opportunity to engage in the very same behavior that got us into this conundrum in the first place.

13.     However, if the Court were to suggest alternative means of achieving this goal, I highly request that the Court hold an oral argument over Zoom conference in order to bat these options around. That way, if I see any potential problems with the Court's suggestions, I can bring them to the Court's attention immediately.

14.     In any event, I ask the Court to clarify how exactly it expects me to go about filing this amended complaint and serving the individual defendants. That is the question I seek to have answered by this Motion to Clarify.

So requested on this, the 6th day of April, 2022.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
