David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS, PLAINTIFF

VS. Case 3:21-cv-04184-JSW

KARL POLANO, et al DEFENDANTS

## MOTION FOR DEFAULT JUDGMENT AS TO KARL POLANO, RAUL MATEAS, AND FREDERICK ALLISON

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Default Judgment as to the individual defendants in the above-styled action.

### LIMITATION OF SCOPE

1. There are three nominal defendants in this case. In this case, I seek prospective injunctive relief against them, ordering them to terminate the individual defendants accounts. I have also sought leave to file a Third Amended Complaint to hold the individual defendants liable for the infringement of an additional copyrighted work, a collaborative stream done on April 18, 2021 in which I am a co-author, but where the individual defendants have distributed that stream without paying me the statutorily-required 50% cut of the revenue.

2. This default judgment does not dispose of any of those claims. It only seeks to dispose of the claims for infringement of the April 10, 2021 stream and DMCA Misrepresentation that the individual defendants were notified of when I served them with the Second Amended Complaint. As long as I stick only to that relief, I see no reason why the Court should not go ahead and grant this motion, so I can start collecting on the monetary judgment and start enforcing the injunctions against them, while we proceed to litigate the other claims.

### BACKGROUND

3. I have brought the Second Amended Complaint against defendants Karl Polano, Raul

Mateas, and Frederick Allison for copyright infringement and DMCA Misrepresentation in violation of 17 USC § 512(f)(1). I also sought to include an intentional infliction of emotional distress tort, as well as a DMCA misrepresentation claim in violation of 17 USC § 512(f)(2), but the Court dismissed those claims.

4. On October 8, 2021, Frederick Allison was served with process. See **Dkt. 90-2**. On November 2, 2021, I moved for entry of default (see **Dkt. 90**), and default was subsequently entered on November 4, 2021. See **Dkt. 91**.

5. I moved for default judgment against Frederick Allison (see **Dkt. 92**), but the Court denied the motion without prejudice, primarily on the grounds that, because the individual defendants are alleged to have acted in cooperation and collusion with one another for the common goal of ruining my career out of pure hatred, malice, and spite, a default judgment against Frederick Allison could have prejudicial effect against the other two individual defendants, who had not yet been served with process. See **Dkt. 99**.

6. On January 7, 2022, Raul Mateas was served with process pursuant to the terms of the Hague Convention. See **Dkt. 121**. The Court did not receive notice of this service until March 28, 2022, which means that, by the time it was filed, I was already eligible for an entry of default. For this reason, I moved for, and was subsequently granted, an entry of default by the clerk later that same day. See **Dkt. 122 & 123**. Because the Court had made itself clear when it denied the motion for default judgment against Allison, I did not move for default judgment against Mateas.

7. On January 28, 2022, the court received and subsequently filed notice that summons was returned unexecuted as to Karl Polano. See **Dkt. 101**. To rectify this, I moved for, and was subsequently granted, leave to serve Karl Polano by email. See **Dkt. 102 & 117**. I then served Polano, pursuant to the Court's instructions, on March 15, 2022. See **Dkt. 118**. Despite being served pursuant to the Court's instructions in a manner the court deemed to comport substantively with due process, Polano failed to enter an appearance within 21 days, so I moved for and was subsequently given an entry of default as to him. See **Dkt. 124 & 125**.

8. Now that all three individual defendants have been entered in default, there is no longer any reason to put off moving for default judgment.

9.      I therefore ask the Court to order the individual defendants to cease and desist their infringement of my April 10, 2021 livestream. I also ask the Court to award damages and costs incurred.

## NEW RELIEF REQUESTED

10.     When I am receiving a default judgment, the amount of *damages* I am entitled to is limited by what I requested in the complaint. However, nothing in the Federal Rules of Civil Procedure state that the *injunctive relief* am eligible for is limited by what is requested in the complaint. Also, while all factual allegations in the complaint, except the extent of damages, are admitted by the defendants if they do not deny them (which means that all facts in the complaint are admitted when the defendant is entered in default), there is nothing in the law stating that I cannot have additional facts recognized as true by the Court, so long as I provide evidence for them.

11.     In light of these two nuances in the law, I have a few additional injunctions that I wish to ask the Court for in this case.

12.     Since the commencement of this litigation, the individual defendants have continued their hate campaign against me, spreading my copyrighted content (without any claims to fair use) amongst other creators, who have in turn spread the claims on their own social media platforms. This has caused the marketability of my copyrighted work to be completely and thoroughly devalued. I can no longer make any money off of the April 10, 2021 livestream because everybody now has free access to it.

13.     Hands down, the most damaging example of this happening is with the accomplice who goes by the online psuedonym "SidAlpha." He has posted a video that uses my clips from the April 10, 2021 stream. He only got those clips because Polnao, Allison, and Mateas gave him the clips for him to use to smear me. As of the time of this writing, the video has approximately 90,000 views. Because my livestream is *supposed* to be restricted only to those who pay my channel $20 per month, that means that every view that video gets amounts to actual damages of $20 each.

14.     To repair this damage, I ask that the judge issue an injunction to the individual defendants, ordering them to cease and desist all unauthorized distribution, even if it is being

distributed by other people acting on behalf of the individual defendants, all without there being even so much as a streisand effect.

15. This is, in my opinion, a reasonable extension of the injunctive relief I request in ¶ 122 of the Second Amended Complaint. In that complaint, I asked the Court to enjoin the individual defendants from continuing their infringing behavior. Here, I ask the Court to order the individual defendants to clean up the mess they have already made, not simply to ensure that the mess never gets any bigger than it already has.

16. This may sound like an extreme, even impossible to comply with, injunction, but it is one that I feel is warranted. Besides, even if the individual defendants can never comply with this injunction because it is impossible, maybe they should have thought about that when they were willfully and maliciously setting out to cause this injury with the express intent of making it impossible to fix. At that point, the impossibility should be *their* problem, not mine!

17. I also ask that they likewise do the same with the sharing and distribution of all of my private information. As I said in the Second Amended Complaint, it was only thanks to me issuing DMCA takedowns against their infringing behavior that they learned of my personal information. See **Dkt. 55, 31 & 33**. The harassment that I have suffered as a result of the sharing of this personal information has been nothing short of egregious.

18. In response to this, I ask that the individual defendants not only be ordered to cease and desist their spreading of my personal information (unless that information can, and was, acquired entirely from the content I willingly put out there that is not in any way, shape, or form a response to their illegal behavior, and is not acquired for any malicious purpose whatsoever), but they should also be ordered to remove any instances of my personal information that have made it onto the Internet as a direct or indirect result of their malicious actions, without even so much as a streisand effect. Again, this may be an extreme injunction, but if the individual defendants ever find themselves unable to comply with it no matter what they do, maybe they should have thought about that when they were hoping to pass said impossibility onto me.

19. Last but not least, I have requested a grand total of $3,550,000 in total damages in the Second Amended Complaint. I admit that I am limited to those damages. Normally, in a case for statutory damages, I can only recover one set of statutory damages for each copyrighted work

that is infringed by the defendant, no matter how many times it was infringed. At the time I drafted the Second Amended Complaint, I did not know that. However, now that SidAlpha has distributed my April 10 livestream over 90,000 times, and each of those views amounts to actual (not statutory) damages of $20 per view, I ask for actual damages of $1,800,000 from the individual defendants. This is still less than the money I requested in the complaint, so I am still eligible for it, even though I am getting these damages under a different theory of liability than what I articulated in the complaint.

20. Last but not least, in addition to all of this, I request the totality of the injunctive relief that I requested in my Second Amended Complaint.

## ATTACHMENTS & MEMORANDUM

21. Please find, attached to this motion, the following documents:

(a) **Exhibit A** – An email conversation with a Youtube employee, showing that my Youtube channel was hijacked on March 18, 2022.

(b) **Exhibit B** – A message from Frederick Allison on Reddit where he took credit for having hacked my Youtube channel.

(c) **Exhibits C-P** – A non-exclusive list of representative examples of harassing messages that I have received from people who are only engaging in this behavior because Polano, Mateas, and Allison have stirred up so much resentment and hatred against me.

(d) **Exhibit Q** – A video of the "Acerthorn Pinata Bashing" thread, proving that the individual defendants have sought out other communities to spread their hatred and doxxing against me.

(e) **Exhibit R** – SidAlpha's video about me, which has over 90,000 views, as well as an admission of his that he acquired the clip from the April 10, 2021 livestream because the individual defendants gave it to him to use in his video, not because he paid me for the license.

(f) **Exhibit S** – An excerpt from a draft motion I have prepared. Since both SidAlpha and Alphabet Inc. have telegraphed that they plan to challenge the validity of the copyright of the April 10 livestream on the grounds that it was accidental, I have prepared a motion. This exhibit is an excerpt from that motion. This does not contain every argument that I plan to

make, only enough of the arguments to give the defendants and court a firm understanding of just how difficult it will be for them to successfully invalidate the copyright.

22. I am also attaching a Memorandum of Points and Authorities in Support of this Motion, the contents of which are hereby incorporated by reference.

23. I also seek to incorporate, by reference, the motions, arguments, and attachments contained in my Motion for Default Judgment as to Frederick Allison (**Dkt. 92 & 97**), my Second Motion for Preliminary Injunction (**Dkt. 106**) as well as my recently-filed Motion for Sanctions as to Karl Polano (**Dkt. 119**). Very few of my arguments and positions from those motions have changed, and the exhibits attached thereto are crucial in showing just how far the individual defendants have gone to ruin me, and how malicious they have acted while doing so.

## CONCLUSION

24. Wherefore, premises considered, I respectfully request that this Motion for Default Judgment be granted. So requested on this, the 7th day of April, 2022.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
