SANJAY M. NANGIA (State Bar No. 264986)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:  (415) 276-6500
Facsimile:  (415) 276-6599
Email:  sanjaynangia@dwt.com

Attorneys for Defendant
AMAZON.COM, INC.

[Additional Counsel on Signature Page]

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>      Plaintiff,<br><br>   v.<br><br>KARL POLANO et al.,<br><br>      Defendants. | Case No. 4:21-cv-04184-JSW<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CORPORATE DEFENDANTS' JOINT MOTION TO DISMISS**<br><br>Date:    May 27, 2022<br>Time:   9:00 a.m.<br>Dept.:  Courtroom 5<br><br>Action Filed: June 2, 2021 |

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Amazon.com, Inc. ("Amazon"), Alphabet Inc. ("Alphabet"), and Discord Inc. ("Discord") (collectively, the "Corporate Defendants") request that the Court take judicial notice of the attached copy of Plaintiff David Stebbins's application to register his allegedly infringed Accidental Livestream with the United States Copyright Office, which counsel for Alphabet obtained from the Copyright Office on April 8, 2022. *See* Exhibit A.

A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). "The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts routinely take judicial notice of matters of public record before administrative agencies, including applications to register works with the Copyright Office. *See, e.g.*, *Lewis v. Activision Blizzard, Inc.*, 2012 U.S. Dist. LEXIS 151739, at *2 n.1 (N.D. Cal. Oct. 22, 2012) (taking "judicial notice of [plaintiff's] applications for copyright registration which are matters of public record and the subject of allegations in the complaint"); *Hyowon Elecs., Inc. v. Erom, Inc.*, 2014 U.S. Dist. LEXIS 190442, at *7 (C.D. Cal. May 15, 2014) ("[Plaintiff's] copyright registration application and the copyright registration are certified copies from the United States Copyright Office, and are matters of public record and the type of documents that the Court may judicially notice under Rule 201(b)(2).").

In addition, the Court may rely on documents whose contents are implicitly or directly alleged in the complaint. "When deciding a motion to dismiss, a court may consider the complaint and 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)); *see also Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (documents not "explicitly referenced in the Complaint," but on which the Complaint "[i]mplicitly [r]elied" may be considered on a motion to dismiss).

1    The Corporate Defendants request that the Court take judicial notice of the attached
2 application in connection with their accompanying Motion to Dismiss.  The application is also
3 incorporated by reference and integral to the complaint.  *See* Dkt. 55 (SAC) ¶ 24 ("I have
4 registered this accidental livestream with the U.S. Copyright Office.").  Defendants contend that
5 the allegedly infringed work is not copyrightable because it lacks creativity and is not a product
6 of human authorship.  Although Mr. Stebbins did register the video with the Copyright Office, he
7 admits in his complaint that the video was actually created when his "livestream software turned
8 on of its own accord without me realizing it.  It stayed on for nearly two hours before I realized it
9 was on and closed it down.  During this accidental livestream, my viewers were able to see me
10 engaging in mundane, daily activities."  *Id.* ¶ 22.  Mr. Stebbins adds that "the only interesting
11 and memorable part of this otherwise boring and contentless livestream" were "strange noises"
12 that he "did not cause."  *Id.* ¶ 23.

13    The attached application demonstrates that Mr. Stebbins did not disclose any of this
14 information to the Copyright Office.  In the application Mr. Stebbins characterizes the video as a
15 "Dramatic Work."  He does not explain (among other things) that the "livestream software
16 turned on of its own accord without [him] realizing it," and he does not disclose that "the only
17 interesting and memorable part" of this otherwise "contentless" video was not caused by him.
18 Dkt. 55 (SAC) ¶¶ 22-23.  This is more than enough to overcome the "presumption of the
19 validity" of Mr. Stebbins's copyright and "deny the plaintiff's prima facie case of infringement."
20 *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144-47 (9th Cir. 2003)
21 (citation omitted) (finding alleged copyright invalid notwithstanding its registration with the
22 Copyright Office, because information that was not disclosed in plaintiff's application showed
23 that the work lacked creativity); *see also, e.g.*, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.
24 1994) (finding that courts may, even at the pleading stage, rely on facts "contained in materials
25 of which the court may take judicial notice"); *Chavez v. Wash. Mut. Bank*, 2013 U.S. Dist.
26 LEXIS 79239, at *8-9 (N.D. Cal. June 5, 2013) ("[T]he Court need not accept as true allegations
27 contradicted by judicially noticeable facts, and the [c]ourt may look beyond the plaintiff's
28 complaint to matters of public record ….") (cleaned up).

1    The Corporate Defendants are also prepared to provide a copy of the Accidental Livestream if requested by the Court.  *Savage v. Council on Am.-Islamic Rels., Inc.*, 2008 U.S. Dist. LEXIS 60545, at *6 (N.D. Cal. July 25, 2008) (considering allegedly infringing content referenced in the complaint on a motion for judgment on the pleadings as to fair use) (citing, e.g., *Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118, 1121-22 (N.D. Cal. 2002) (considering television program referenced in, but not attached to, complaint)); *City of Inglewood v. Teixeira*, 2015 U.S. Dist. LEXIS 114539, at *2-6, *15-17 (C.D. Cal. Aug. 20, 2015) (considering, on a motion to dismiss, alleged YouTube videos that criticized plaintiff even though the videos were not attached to the complaint, and dismissing complaint on grounds that those videos constituted fair use); *Hughes v. Benjamin*, 437 F. Supp. 3d 382, 386 n.1 (S.D.N.Y. 2020) (considering YouTube videos on motion to dismiss on fair use grounds, because those videos had been "incorporated by reference into the Complaint").  If requested, the Corporate Defendants will follow the Court's direction as to the manner in which the video should be submitted.

Dated: April 11, 2022                              Respectfully submitted,

For Discord, Inc., Defendant                       For Amazon.com, Inc., Defendant

*s/ James Orenstein*                               *s/ Sanjay Nangia*
James Orenstein (*pro hac vice*)                   Sanjay Nangia
ZWILLGEN PLLC                                      DAVIS WRIGHT TREMAINE LLP
183 Madison Ave., Suite 1504                       505 Montgomery Street, Suite 800
New York, NY 10016                                 San Francisco, CA 94111
Telephone: (646) 362-5590                          Telephone: (415) 276-6577
Email: Jamie.Orenstein@zwillgen.com                Email: sanjaynangia@dwt.com

For Alphabet Inc., Defendant

*s/ Jason Mollick*
Jason Mollick (*pro hac vice*)
WILSON SONSINI GOODRICH
& ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
E-Mail: jmollick@wsgr.com

**SIGNATURE ATTESTATION**

I hereby attest that all signatories listed above, on whose behalf this motion is submitted, concur in the filing's content and have authorized the filing.

DATED: April 11, 2022

DAVIS WRIGHT TREMAINE LLP

By /s/ *Sanjay M. Nangia*
Sanjay M. Nangia
Attorneys for Defendant
AMAZON.COM, INC.

# EXHIBIT A



# COPY OF E-FILE APPLICATION

NOTE: The attached Application Report is a true representation of the information submitted to the Copyright Office in association with the electronic application for registration of material identified as **ACCIDENTAL LIVESTREAM FROM APRIL 10, 2021** service number **SR 1-10499343793**. In the course of the Copyright Office's consideration of the application, the submitted information may have been amended in accordance with the wishes of the applicant. However any such amendments are not reflected in this Application Report.   Any such amendments will be reflected via a comparison between the Application Report and the Registration Certificate.   Amendments may also be reflected in the correspondence records associated with an application.

The attached Application Template is meant to reflect the fields that are available to be populated in the application process.  The purpose of the Application Template is not to attempt to indicate the exact language used on the date upon which the application in question was submitted.  Rather, the purpose is to portray, and in a general sense explain, the fields that may be populated in an online application.

**Registration #:**    *-APPLICATION-*
**Service Request #:**    1-10499343793

## Mail Certificate

David Anthony Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601 United States

**Priority:** Routine     **Application Date:** May 25, 2021

## Correspondent

**Name:** David Anthony Stebbins
**Email:** acerthorn@yahoo.com
**Address:** 123 W. Ridge Ave.
APT D
Harrison, AR 72601 United States

Registration Number

# *-APPLICATION-*

**Copyright Registration for One Work by One Author**
Registration issued pursuant to 37 CFR §202.3

## Title

      **Title of Work:** Accidental Livestream from April 10, 2021

## Completion/Publication

      **Year of Completion:** 2021
      **Date of 1st Publication:** April 10, 2021
      **Nation of 1st Publication:** United States

## Author

-       **Author:** Acerthorn
      **Author Created:** Dramatic Work
      **Citizen of:** United States
      **Domiciled in:** United States
      **Pseudonymous:** Yes

## Copyright Claimant

      **Copyright Claimant:** Acerthorn
      123 W. Ridge Ave., APT D, Harrison, AR, 72601, United States

## Certification

      **Name:** David Stebbins, Author/Owner
      **Date**: May 25, 2021

      **Copyright Office notes:** Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3)

All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire.