1  RYAN S. BENYAMIN, State Bar No. 322594
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
   633 West Fifth Street, Suite 1550
3  Los Angeles, California 90071
   Telephone: (323) 210-2900
4  Facsimile: (866) 974-7329
   Email: rbenyamin@wsgr.com
5

6  JASON MOLLICK (*pro hac vice*)
   WILSON SONSINI GOODRICH & ROSATI
7  Professional Corporation
   1301 Avenue of the Americas, 40th Floor
8  New York, New York 10019
   Telephone: (212) 999-5800
9  Facsimile: (212) 999-5899
   Email: jmollick@wsgr.com
10

11 *Counsel for Defendant Alphabet Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| DAVID A. STEBBINS, | CASE NO.: 4:21-cv-04184-JSW |
| Plaintiff, | **JOINT RESPONSE TO PLAINTIFF'S MOTION TO STRIKE THE CORPORATE DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| KARL POLANO et al., | |
| Defendants. | Judge: Hon. Jeffrey S. White |

Defendants Alphabet Inc. ("Alphabet"), Amazon.com, Inc. ("Amazon"), and Discord Inc. ("Discord") (collectively, the "Corporate Defendants") respectfully respond to Plaintiff David Stebbins's Motion to Strike the Corporate Defendants' Joint Motion to Dismiss, which they filed at virtually the same time as Plaintiff's Notice of Voluntary Dismissal.  *See* Dkt. 128 (Plaintiff's Notice of Voluntary Dismissal); Dkt. 129 (Corporate Defendants' Joint Motion to Dismiss); Dkt. 130 (Plaintiff's Motion to Strike).  Because Plaintiff's dismissal was for the strategic purpose of obtaining a default judgment that he could leverage in a related action against the Corporate Defendants, the Court should simply deny the pending Motion for Default Judgment.  A grant of default judgment could lead to inconsistent results, which the Court previously recognized as sufficient for denial.  *See* Dkt. 99 at 3 (finding that "denial of a default judgment motion is necessary to avoid an inconsistent result").

Alternatively, and in the event the Court does not agree with the foregoing, the Court should consider the arguments raised in the Motion to Dismiss (namely, that Plaintiff does not have a valid copyright) when it rules on the pending Motion for Default Judgment, Dkt. 127.[1]  Specifically, Plaintiff admits that he voluntarily dismissed the Corporate Defendants, and is moving to strike their motion, in an attempt to prevent the Court from hearing dispositive arguments and evidence concerning the invalidity of his alleged copyrighted video.  That video is not only at issue in this action which remains pending against the Individual Defendants, but also in the related action (*Stebbins v. Rebolo et al.*, Case No. 4:22-cv-00546-JSW) where the Corporate Defendants and/or their subsidiaries are named (but not yet served) in the Amended Complaint that Plaintiff filed after the Court stayed the case at Plaintiff's request.  Related Case Dkt. 14.  The Court stayed the *Rebolo* case because "a ruling in [this first] case will be relevant and potentially fully dispositive in the [second] case."  *Id.*  Thus, because any ruling in this case will necessarily impact overlapping issues in the related case, the Court should consider the arguments set forth in the Corporate Defendants' Motion to Dismiss concerning the invalidity of

---

[1] To be clear, the Corporate Defendants defer to the Court on whether additional briefing and adjudication of the Joint Motion to Dismiss is necessary at this time.  Absent further instruction from the Court, they presume no further briefing on the Joint Motion to Dismiss is required.

JOINT RESPONSE TO　　　　　　　　　　　-1-　　　　　　　　　　CASE NO.: 4:21-CV-04184-JSW
MOTION TO STRIKE

1  Plaintiff's alleged copyright, and on that basis deny Plaintiff's Motion for Default Judgment
2  against the Individual Defendants.  Indeed, even if the Court is inclined to strike the Corporate
3  Defendants' Motion to Dismiss, those Defendants will still be entitled to intervene as to the
4  copyrightability defense in this case, given that the issue overlaps in the related case where they
5  remain as defendants.  *See* Fed. R. Civ. P. 24(b)(1)(B) ("On timely motion, the court may permit
6  anyone to intervene who … has a claim or defense that shares with the main action a common
7  question of law or fact.").

8  As the Corporate Defendants explained in their Motion to Dismiss, Plaintiff is a
9  "vexatious" litigant with a long and well-documented history of filing frivolous lawsuits and
10 hundreds of repetitive, baseless motions in those respective cases.  *Stebbins v. Stebbins*, 2013
11 U.S. Dist. LEXIS 93528 (W.D. Ark. July 3, 2013); *see also* Dkt. 129 at 2-3 & n.1.  This lawsuit,
12 and the related case, are just the latest episodes.  As Plaintiff made clear in his Notice of
13 Voluntary Dismissal, his reason for abruptly dismissing the Corporate Defendants on the day
14 their responses were due is because Plaintiff was concerned that the Defendants would, in their
15 motion, expose the fact that the sole alleged copyrighted video at issue in this case is actually
16 invalid.  *See* Dkt. 128.  Defendants explain in their motion that the "Accidental Livestream" is
17 not copyrightable because it lacks creativity and human authorship, based on facts admitted in
18 the complaint.  Dkt. 129 at 5-7.  Defendants also provided a copy of Plaintiff's application to
19 register the video with the United States Copyright Office, which reveals that he did not disclose
20 the true nature and circumstances of the video to the Copyright Office.  Dkt. 129-1.  This
21 necessitates dismissal of Plaintiff's entire copyright lawsuit with prejudice – not only against the
22 Corporate Defendants, but also against the Individual Defendants.  It also necessitates dismissal
23 of many of Plaintiff's claims in the related case, which largely concerns infringements of the
24 same video and similar claims against the same Corporate Defendants.  *See* Related Case Dkt. 15
25 ¶¶ 20-25.

26 Realizing that the Corporate Defendants would bring these facts to the Court's attention,
27 Plaintiff emailed the undersigned counsel for Alphabet shortly before the Corporate Defendants
28 filed their Motion to Dismiss.  In that email Plaintiff taunted that he could hide the issue from the

1  Court's attention and secure an unopposed default judgment against the Individual Defendants,

2  simply by dismissing the Corporate Defendants voluntarily on the day they file their motion.

3  And in the process, he can require the Corporate Defendants to expend even more legal fees by

4  relitigating the same issue in the related case:

> I could simply ... dismiss your client from the Polano case!  If I did that, the dismissal would be without prejudice, allowing me to re-file the request for prospective injunctive relief as part of the Rebolo case.  So I wouldn't even be missing out on that injunction.  The[n], you won't have a choice but to wait until the Rebolo case to challenge the validity of the copyright, at which point you will get nowhere with that challenge because my copyright is indeed valid.  If I dismissed Alphabet as a party, you would likely not get your attorneys [sic] fees, for the reasons I set forth last weekend.[2]

11  Minutes later, at the same time as the Corporate Defendants were in the process of filing

12  their Motion to Dismiss, Plaintiff filed his Notice of Voluntarily Dismissal.  Dkt. 128.  In this

13  Notice he admits that he is dismissing the Corporate Defendants because he does not want the

14  trouble of defending his copyright, which he claims "would only result in tedious delays in a

15  case where I was about to get a default judgment otherwise."  Dkt. 128 ¶ 1.  Plaintiff then says

16  that he intends to re-litigate the same issue against the same Corporate Defendants "in the near

17  future," after he gets an unopposed default judgment:

> This is not a surrender. This is a tactical retreat.  I wish to have this action dismissed *without prejudice*, so I can re-file the case again, seeking to obtain the prospective injunctive relief under 17 USC § 512(j) in the near future.  This is just being done so that Alphabet (and possibly the other nominal defendants) cannot delay this case that is already in the eleventh hour, just out of sheer pettiness.

22  *Id.* ¶ 3 (emphasis in original).  All of this is emblematic of Plaintiff's years-long abuse of the

23  court system.  The Court should not countenance Plaintiff's attempt to evade its consideration of

24  an important issue that remains dispositive in this case and much of the related case.

---

[2] We do not attach the remainder of this email correspondence because prior communications in the thread contain confidential settlement communications.

Accordingly, even if it is no longer necessary to hear the Corporate Defendants' Motion to Dismiss, the Court should still review and consider certain arguments and evidence in that motion to the extent they remain relevant to Plaintiff's Motion for Default Judgment against the Individual Defendants. Specifically, the Court should consider (1) Plaintiff's history as a vexatious litigant [Dkt. 129 at 2-3 & n.1] and (2) the non-copyrightability of the Accidental Livestream that was allegedly infringed by the Individual Defendants [*id.* at 5-7; *id.* at 4:2-10; Dkt. 129-1]. The remaining arguments concerning Plaintiff's claim of injunctive relief against the Corporate Defendants are now moot and need not be considered at this time.

Dated: April 11, 2022

| For Alphabet Inc., Defendant | For Amazon.com, Inc., Defendant |
|---|---|
| s/ Jason Mollick | s/ Sanjay Nangia |
| Jason Mollick (*pro hac vice*) | Sanjay Nangia |
| WILSON SONSINI GOODRICH & ROSATI, P.C. | DAVIS WRIGHT TREMAINE LLP |
| 1301 Avenue of the Americans, 40th Floor | 505 Montgomery Street, Suite 800 |
| New York, New York 10019 | San Francisco, California 94111 |
| Telephone: (212) 999-5800 | Telephone: (415) 276-6577 |
| Email: jmollick@wsgr.com | Email: sanjaynangia@dwt.com |

For Discord Inc., Defendant

s/ James Orenstein
James Orenstein (*pro hac vice*)
ZWILLGEN PLLC
183 Madison Avenue, Suite 1504
New York, New York 10016
Telephone: (646) 362-5590
Email: orenstein@zwillgen.com