David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                    PLAINTIFF

VS.                                    Case 3:21-cv-04184-JSW

KARL POLANO, et al                                                              DEFENDANTS

### REPLY TO [131] OPPOSITION TO [130] MOTION TO STRIKE

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply to the corporate defendants' Opposition to my Motion to Strike.

### FACTS

1. On April 11, 2022, I issued a Notice of Voluntary Dismissal in the above-styled action, seeking to dismiss the corporate defendants without prejudice from this case.

2. The Notice of Voluntary Dismissal was filed at 12:57PM in the pacific time zone. Twenty-three minutes later, at 1:20PM PST, the corporate defendants filed a joint motion to dismiss. This was 23 minutes after I had filed my Notice of Voluntary Dismissal. While it is a short time after the voluntary dismissal, it is not such a short time afterwards that the corporate defendants had no opportunity to notice the voluntary dismissal and abstain from filing their motion accordingly. While preparing a motion to dismiss may take several billable hours for attorneys, actually *filing* it on ECF only takes about 2-3 minutes. The odds are a million to one that the corporate defendants knew full well that they were already dismissed from the action.

3. Despite knowing that they were voluntarily dismissed from the action, the corporate defendants nonetheless proceeded to file their motion, knowing full well they no longer had the standing to do so.

4. I then moved to strike the corporate defendants' motion to dismiss, arguing that, since it was filed after the Notice of Voluntary Dismissal, it was filed without proper standing or

authority. It is therefore not properly before the Court and should not be considered.

5.      The corporate defendants proceeded to file a frivolous opposition to the Motion to Strike, claiming that the non-suit was filed for an improper purpose and asking the Court to still consider the contents of their untimely motion, neither of which the Court has any authority or discretion to do.

## ARGUMENT

6.      A nonsuit under Rule 41(a)(1)(A)(ii) is absolute and non-reviewable. Its effect is immediate and neither the Court nor the dismissed defendants get any say in the matter. This was made clear in the 9th Circuit case of Commercial Space Management Co. v. Boeing Co., 193 F. 3d 1074 (9th Cir. 1999), which states …

> "a court has no discretion to exercise once a Rule 41(a)(1) dismissal is filed.
>
> It is well settled that under Rule 41(a)(1)(i), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.
>
> The filing of notice itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.
>
> Because the dismissal is effective on filing and no court order is required, the filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. The effect is to leave the parties as though no action had been brought." See *id* at 1077 (citations and quotations omitted).

7.      The absoluteness of this right means that the Court *must* (not just should) deny the corporate defendants any and all relief which they seek in their opposition.

8.      The corporate defendants argue that I issued the voluntary dismissal for an improper purpose. But that is utterly irrelevant. My right to voluntary dismissal is *absolute*. It does not matter if I did it for an improper purpose, because the law does not entertain the Plaintiff's motives at this stage. The closest you can possibly get to a motive that Rule 41 frowns upon is

"forum-shopping," and even then, the only deterrent to such a motive is Rule 41(d), which only comes into play after the new case is already filed. Other than that, the plaintiff's motive for the voluntary dismissal is utterly irrelevant.

9. They want the Court to still consider the motion to dismiss? Well, the Court cannot do that, because that would effectively give the court some discretion to exercise, and the Court is supposed to have none. The Motion to Dismiss was filed in violation of a notice of voluntary dismissal and therefore is improper. Therefore, it must be struck and its contents must not be considered. Otherwise, the defendants would theoretically have a means of "fanning the ashes of [this] action into life," and that is not allowed.

10. It is likewise the case when the defendants ask for leave to re-join the party as intervenor defendants. Parties who have previously been voluntarily dismissed from the action must be irretrievably gone from the action. If they could simply re-join the case in *any* capacity, that would effectively give them a means of fanning the ashes of the case back into life, or "extinguishing or circumscribing" the dismissal by adversary or by court, which is absolutely not allowed. Ever. For any reason.

11. Therefore, per the absoluteness of my right to a nonsuit, the Court *must* (not just should) do all of the following:

- Strike the Motion to Dismiss in its entirety, as it was filed after the notice of voluntary dismissal and therefore was improper.
- Not consider any portion of the motion to dismiss, since it is black letter law that the Court cannot consider any arguments not properly filed on the record (which, once the motion to dismiss inevitably gets stricken, the contents thereof, they will no longer be on the record).
- Deny the corporate defendants any leave to re-appear in the case in any capacity.
- Award costs incurred for their frivolous delay.

12. To do any less would water down, and effectively extinguish or circumscribe by adversary or court, my right to a nonsuit.

13. For the record, I still feel that my copyright is valid, and if the Court insists on considering the motion to dismiss, I will provide a memorandum providing rebuttal arguments.

As I said in the voluntary dismissal, this is not a surrender, but a tactical retreat. I can indeed defend the validity of the copyright if I need to. But I should not need to, at least not at the moment. The motion to dismiss was filed in blatant violation of the voluntary dismissal and therefore should be stricken utterly. Without that motion, the Court is without any proper arguments with which it can entertain a challenge to the validity of the copyright. It is black letter law that a failure to properly raise either an affirmative defense or negative defense (such as a challenge to the validity of the copyright) generally results in forfeiture of that defense.

14.     In short, the corporate defendants are understandably disappointed by the fact that I played this trump card, stripping them of their opportunity to litigate the case with me. Their goal was to strip me of the right to pursue this copyright in future by creating res judicata against me, and they are disappointed that I swooped in at the last minute and denied them that opportunity.

15.     I even stated that I would re-file this claim in the near future. I just didn't want to delay the entry of default judgment, and the corporate defendants are understandably disappointed that I thought of this tactic.

16.     But at the end of the day, it ultimately does not matter. Rule 41 purports on its face to give the Plaintiff all the power. The voluntary dismissal purports on its face to give the Plaintiff a powerful cudgel that he has the absolute right to wield however he sees fit (albeit only once per party per claim). Even forum-shopping – the one motive that public policy actually frowns upon – is not a *disallowed* motive, per se. The plaintiff still has the absolute and non-reviewable right to nonsuit the case even for that motive.

17.     So at the end of the day, the corporate defendants have no case to plead and that's simply all there is to it. The motion to dismiss should be stricken in its entirety, and the Court should pledge that it will not consider any of the contents therein.

So requested on this, the 12th day of April, 2022.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
