David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                          PLAINTIFF

VS.                                         Case 3:21-cv-04184-JSW

KARL POLANO, et al                                                                    DEFENDANTS

### MOTION TO CLARIFY OR IN THE ALTERNATIVE FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion to Clarify whether the Court will consider the arguments contained in the corporate defendants' motion to dismiss. Depending on what clarification is provided, I may seek leave to file a supplemental brief to my Motion for Default Judgment.

1. On April 12, 2022, this Court acknowledged my absolute and un-reviewable right to voluntarily dismiss parties who have not yet filed either an answer or a motion for summary judgment. See **Dkt. 134**. However, at the same time, the Court admonished me for my alleged "efforts to manipulate the litigation process" and so-called "blatant gamesmanship."

2. For the record, I just want to reiterate that I respectfully disagree with the Cour'ts assessment of my behavior. I did not issue that voluntary dismissal in an attempt to "game" the system. I did it to facilitate a more timely entry of default judgment. See **Exhibit A** ("If you had only threatened to issue that challenge in the Rebolo case, I'd probably tell you to bring it on").

3. I only added the corporate defendants to the case in the first place as *nominal* defendants. If they had continued to act like nominal defendants, and not get actively involved in the case, I would have had no need to dismiss them from the case. It was only because they started to become litigious themselves that I had no choice but to dismiss them in order to focus on the

Case 3:21-cv-04184-JSW                                                              MOTION FOR LEAVE
                                                                                   TO FILE SUPPLEMENT

individual defendants, who *should* have been the focus all along. After all, by the corporate defendants' own admission, "This is a Dispute Between Mr. Stebbins and the Individual Defendants." See **Dkt. 129, p. 11, Line 1**.

4. I was never worried about the challenge to the validity of my copyright for its own sake. As I demonstrated when I attached **Exhibit S** to the motion for default judgment, I had an argument, with supporting evidence and legal authority, ready to be filed if a challenge to the validity of my copyright was ever validly made (the key word being "validly").

5. When filing his response in opposition to my Motion to Strike, counsel for the corporate defendants urged the Court to nonetheless consider the challenge they made to the validity of my copyright, despite those arguments being improperly submitted to the Court. See **Dkt 131**.

6. When issuing its order striking the Motion to Dismiss, the Court did not specify whether it would consider those arguments or not.

7. I therefore have two questions that I wish for the Court to give unambiguous answers to.

- First, will the Court consider the challenges to the validity of my copyright that were improperly submitted by the corporate defendants?
- If the answer to the first question is "no," then does that mean that all of the factual allegations in the Second Amended Complaint except the extent of damages – *including* the validity of the copyright – are still presumed to be true, pursuant to the precedent of TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987)?

8. I believe the answer to the first question should be "no." After all, as I've mentioned earlier, the corporate defendants had absolutely no right to file that motion after they've already been dismissed (and yes, they had sufficient notice that the dismissal had occurred that they could have put off filing their motion; they made the conscious choice to file it anyway). If the corporate defendants had done what they were already required to do, and abstain from filing anything at all, then these arguments would never have reached the Court's ear.

9. However, for better or worse, now that they have reached the Court's ear, there is the possibility that the Court will consider the arguments, just like how, in a jury trial, an attorney or witness may try to throw some evidence or testimony out there, in the hopes that they can get it

out before the judge even has the chance to strike it from the record, hoping that, even if the evidence is stricken from the record, it can never be stricken from the jurors' memories and therefore may still be considered by the jury. The corporate defendants' behavior seem like the equivalent of that, attempting to plant arguments in the Court's mind even if they aren't technically on the record.

10.     If the Court either plans to consider the corporate defendants' arguments, or for any other reason intends to hold the validity of my copyright in the slightest dispute while considering the motion for default judgment, then I would humbly request leave of the Court to file a supplemental brief, responding substantively to the corporate defendants' challenges to the validity of the copyright. When I filed the motion for default judgment, I attached an incomplete sample of my arguments as Exhibit S. If it is necessary, I can file the whole thing.

11.     One thing I absolutely feel the Court should not do, however, is simply declare the copyright invalid for reasons that are no longer even on the record, and give me no opportunity to argue in defense of the copyright. That would be an egregious violation of my constitutional right to due process. Even if the Court is upset at my supposed "gamesmanship" (which, again, I did not issue that voluntary dismissal in order to "game" anything, but rather to prevent an otherwise unnecessary delay), the Court nonetheless acknowledged that I am plainly allowed to do what I did. "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." See Bordenkircher v. Hayes, 434 US 357, 363 (1978).

12.     However, I believe that what the Court *should* do is simply answer "no" and "yes" to the two questions above, respectively. The motion to dismiss was improperly filed. The corporate defendants had, not much, but enough notice of the dismissal that they could have abstained from filing the motion. It was filed in blatant violation of the dismissal. Therefore, the Court should do whatever it takes to cast the contents therein from its mind, and proceed to rule on the motion for default judgment like he would any other, otherwise-unobstructed motion for default judgment, including assuming the copyright's validity to be unchallenged. Otherwise, what even was the point of striking the motion in the first place? This is, in my opinion, the only thing the

Court can do that is truly just, as it is the only thing the Court even *could* have done if the corporate defendants had never poisoned the well with their improper motion in the first place.

13. Wherefore, premises considered, I respectfully pray that the Court clarify its position and intentions moving forward, and if those intentions are not wholly consistent with my right to voluntarily dismiss the corporate defendants and my rights as a plaintiff whose defendants have been entered in default, then to grant me leave to answer those challenges with a supplemental brief.

So requested on this, the 13th day of April, 2022.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
