### Yesterday's offer

| | |
|---|---|
| From: | acerthorn (acerthorn@yahoo.com) |
| To: | jmollick@wsgr.com |
| Date: | Wednesday, April 6, 2022, 09:44 AM CDT |

Dear Mr. Mollick,

I am willing to accept your offer from yesterday (where you will not seek attorneys fees or challenge the validity of the copyright of the April 10 stream, as well as not reinstating the video I complained about in Dkt. 100, ¶ 4 in the Polano case, even if the Third Amended Complaint doesn't contain that claim so I don't have to re-serve him), PROVIDED that I have a formal offer with actual terms on the table. But before you send me one, I want to make it explicitly clear where we stand on this issue.

Your threat to challenge the validity of the copyright of the April 10 stream in the Polano case is far more concerning to me than the offer to waive attorneys fees, but not for the reasons you'd think. Rather, I'm worried that you threatened to issue that challenge in the Polano case, rather than the Rebolo case.

I honestly consider it rather below the belt that, as soon as I get default against all three individual defendants, you throw out a threat to bring this case - which is now on its deathbed - back from the dead. You are, in essence, threatening to heavily extend this case when it was otherwise close to wrapping up.

THAT is the prejudice I seek to avoid, here. If you had only threatened to issue that challenge in the Rebolo case, I'd probably tell you to bring it on! Considering how much I was able to tear your fair use defense to shreds (criticism is literally the ONLY thing these people have; check out this clip I found last night for details: https://www.youtube.com/clip/UgkxfC62VTSsxL66AaibJ7-3P-zxGCuQqFJU), it honestly seems like you're issuing this below-the-belt threat because you know deep down that's really the only ammunition you've got.

If your primary grounds for challenging the validity of the April 10 copyright is identical to those given by SidAlpha, then I'm not afraid of that challenge at all. In fact, I have a motion for partial summary judgment on that issue *already* primed and ready to go. All I need to do is update the respective dates of filing (e.g. "So requested on this, the _____th day of _____, 2022" and so on and so forth), and it's ready to be filed. Hell, I've been preparing for this challenge since I talked with *Facebook* about settling with them!

And let me tell you: I've got some arguments of law that you definitely do NOT want to end up on the books!

I will not tell you exactly what my legal strategy is to dispose of that challenge. I've since learned to not let my opponents see my cards. But I will at least give you a clue.

First, bear in mind that I still have one more amended complaint that I need to file. When I

filed **Dkt. 100** (my most recent motion for leave to file amended complaint), I never actually attached a copy of the new Third Amended Complaint. This means that I can still file whatever I want when the time comes.

So that being said, here is my "clue" as to what my legal strategy is to dispose of this challenge:

First, take a look at Dkt. 55, ¶ 22 in the Polano case, vs. Dkt. 15, ¶ 20 in the Rebolo case, side by side.

Second, consider ALL of the following legal authorities in unison:

- Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997)
- Loux v. Rhay, 375 F. 2d 55, 57 (9th Cir. 1967)
- Haines v. Kerner, 404 US 519 (1972)
- 17 USC § 411(b)(1)(A)
- 17 USC § 410(c)
- Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 US 574 (1986)

Maybe with this two-part clue, you can get sort of a grasp as to what my strategy is to deal with this challenge to the validity, and you can maybe see that your prospects of invalidating the copyright of the April 10 stream, whether in the Polano case or the Rebolo case, aren't quite as slam-dunk as you'd like them to be.

So please, hurry up with that formal offer, so we can get this show on the road.

Sincerely,
David Stebbins