1  RYAN S. BENYAMIN, State Bar No. 322594
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
3  633 West Fifth Street, Suite 1550
   Los Angeles, California 90071
4  Telephone: (323) 210-2900
   Facsimile: (866) 974-7329
5  rbenyamin@wsgr.com

6  JASON MOLLICK (*pro hac vice*)
   WILSON SONSINI GOODRICH & ROSATI
7  Professional Corporation
8  1301 Avenue of the Americas, 40th Floor
   New York, New York 10019
9  Telephone: (212) 999-5800
   Facsimile: (212) 999-5899
10 jmollick@wsgr.com

11 *Counsel for Intervenors*
12 *Alphabet Inc. and YouTube, LLC*

13                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
14                              OAKLAND DIVISION

15
   DAVID A. STEBBINS,                  )   CASE NO.: 4:21-cv-04184-JSW
16                                     )
              Plaintiff,               )   **REQUEST FOR JUDICIAL NOTICE**
17                                     )   **IN SUPPORT OF MOTION TO**
         v.                            )   **INTERVENE**
18                                     )
19 KARL POLANO et al.,                 )   Judge: Hon. Jeffrey S. White
                                       )   Date: June 3, 2022
20            Defendants.              )   Time: 9:00 AM
                                       )   By videoconference
21                                     )
                                       )   Action Filed: June 2, 2021
22                                     )
                                       )
23

24       Pursuant to Rule 201 of the Federal Rules of Evidence, non-parties Alphabet Inc.
25 ("Alphabet") and YouTube, LLC ("YouTube") request that the Court take judicial notice of the
26 attached copy of Plaintiff David Stebbins's application to register his allegedly infringed
27 Accidental Livestream with the United States Copyright Office, which the undersigned counsel
28 obtained from the Copyright Office on April 8, 2022. See <u>Exhibit A</u>.

REQUEST FOR JUDICIAL NOTICE                                    CASE NO.: 4:21-cv-04184-JSW

1  A court "must take judicial notice if a party requests it and the court is supplied with the
2  necessary information." Fed. R. Evid. 201(c)(2).  "The court may judicially notice a fact that is
3  not subject to reasonable dispute because it … can be accurately and readily determined from
4  sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Courts
5  routinely take judicial notice of matters of public record before administrative agencies,
6  including applications to register works with the Copyright Office.  *See, e.g.*, *Lewis v. Activision
7  Blizzard, Inc.*, 2012 U.S. Dist. LEXIS 151739, at *2 n.1 (N.D. Cal. Oct. 22, 2012) (taking
8  "judicial notice of [plaintiff's] applications for copyright registration which are matters of public
9  record and the subject of allegations in the complaint"); *Hyowon Elecs., Inc. v. Erom, Inc.*, 2014
10 U.S. Dist. LEXIS 190442, at *7 (C.D. Cal. May 15, 2014) ("[Plaintiff's] copyright registration
11 application and the copyright registration are certified copies from the United States Copyright
12 Office, and are matters of public record and the type of documents that the Court may judicially
13 notice under Rule 201(b)(2).").

14  Alphabet and YouTube request that the Court take judicial notice of the attached
15 application in connection with their accompanying Motion to Intervene.  The application is also
16 incorporated by reference and integral to the complaint.  *See* Dkt. 55 (SAC) ¶ 24 ("I have
17 registered this accidental livestream with the U.S. Copyright Office.").  Alphabet and YouTube
18 contend that the allegedly infringed work is not copyrightable because it lacks creativity and is
19 not a product of human authorship.  Although Plaintiff did register the video with the Copyright
20 Office, he admits in his complaint that the video was actually created when his "livestream
21 software turned on of its own accord without me realizing it.  It stayed on for nearly two hours
22 before I realized it was on and closed it down.  During this accidental livestream, my viewers
23 were able to see me engaging in mundane, daily activities[.]" *Id.* ¶ 22.  Plaintiff adds that "the
24 only interesting and memorable part of this otherwise boring and contentless livestream" were
25 "strange noises" that he "did not cause." *Id.* ¶ 23.

26  The attached application demonstrates that Plaintiff did not disclose any of this
27 information to the Copyright Office.  In the application Plaintiff characterizes the video as a
28 "Dramatic Work."  He does not explain (among other things) that the "livestream software

turned on of its own accord without [him] realizing it," and he does not disclose that "the only interesting and memorable part" of this otherwise "contentless" video was not caused by him. *Id.* ¶¶ 22-23. This is more than enough to overcome the "presumption of the validity" of Plaintiff's copyright and to "deny the plaintiff's prima facie case of infringement." *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144-47 (9th Cir. 2003) (citation omitted) (finding copyright invalid notwithstanding its registration with the Copyright Office, because information that was not disclosed in plaintiff's application showed that the work lacked creativity); *see also, e.g.*, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (finding that courts may, even at the pleading stage, rely on facts "contained in materials of which the court may take judicial notice"); *Chavez v. Wash. Mut. Bank*, 2013 U.S. Dist. LEXIS 79239, at *8-9 (N.D. Cal. June 5, 2013) ("[T]he Court need not accept as true allegations contradicted by judicially noticeable facts, and the [c]ourt may look beyond the plaintiff's complaint to matters of public record ….") (cleaned up).

Alphabet and YouTube are also prepared to provide a copy of the Accidental Livestream if requested by the Court. *Savage v. Council on Am.-Islamic Rels., Inc.*, 2008 U.S. Dist. LEXIS 60545, at *6 (N.D. Cal. July 25, 2008) (considering allegedly infringing content referenced in the complaint on a motion for judgment on the pleadings as to fair use) (citing, e.g., *Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118, 1121-22 (N.D. Cal. 2002) (considering television program referenced in, but not attached to, the complaint)); *City of Inglewood v. Teixeira*, 2015 U.S. Dist. LEXIS 114539, at *2-6, *15-17 (C.D. Cal. Aug. 20, 2015) (considering, on a motion to dismiss, alleged YouTube videos that criticized plaintiff even though the videos were not attached to the complaint, and dismissing complaint on grounds that those videos constituted fair use); *Hughes v. Benjamin*, 437 F. Supp. 3d 382, 386 n.1 (S.D.N.Y. 2020) (considering YouTube videos on motion to dismiss on fair use grounds, because those videos had been "incorporated by reference into the Complaint"). If requested, Alphabet and YouTube will follow the Court's direction as to the manner in which the video should be submitted.

| | |
|---|---|
| Dated:  April 20, 2022 | Respectfully submitted, |
| | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| | By:     s/ Jason Mollick |
| | Jason Mollick (*pro hac vice*)<br>1301 Avenue of the Americas, 40th Floor<br>New York, New York 10019<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5899<br>jmollick@wsgr.com |
| | *Counsel for Intervenors*<br>*Alphabet Inc. and YouTube, LLC* |