David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                        PLAINTIFF

VS.                           Case 3:21-cv-04184-JSW

KARL POLANO, et al                                     DEFENDANTS

## EMERGENCY MOTION TO STRIKE

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion to Strike **Dkt. 138**, Alphaet Inc.'s and Youtube LLC's motion to intervene.

### A substantive response will come soon.

1.     This is not a response to the substance of the motion to intervene. I have worked out an extension of time to respond to that motion with Jason Mollick (in light of my recent hospitalization which delayed my receipt of their filing; details and records can come at the court's request, assuming I am given sufficient safeguards to protect my right to medical privacy). This is NOT my substantive response to the defendants' motion. It is a motion to strike the defendants' motion which is being filed collaterally to the motion. A substantive response to the motion will come in due course, pursuant to the terms of the stipulated extension filed earlier today.

### Defendants' Motion should be stricken.

2.     Defendants Alphabet Inc., Youtube LLC, Discord Inc. Amazon.com Inc., and Twitch Interactive Inc., have already been dismissed from this case, pursuant to Fed.R.Civ.P. 41(a)(1)(i).

3.     Pursuant to FRCP 41(a)(1)(A)(i), the dismissal is automatic. The Court has no discretion to refuse it. See Commercial Space Management Co. v. Boeing Co., 193 F. 3d 1074, 1076 (9th Cir. 1999) ("a Rule 41(a)(1) dismissal, once filed, automatically terminates the action, and thus federal jurisdiction, without judicial involvement"). See also at 1077:

"a court has no discretion to exercise once a Rule 41(a)(1) dismissal is filed. It is well settled that under Rule 41(a)(1)(i), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.

The filing of notice itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

Because the dismissal is effective on filing and no court order is required, the filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. The effect is to leave the parties as though no action had been brought." See id at 1077 (citations and quotations omitted).

4.      The law makes itself perfectly clear on this. Now that these defendants have been dismissed from the case, they cannot reignite their interest in litigating the case, for any reason.

5.      As a result, this Court must strike the defendants' motion to intervene, as that would effectively give the defendants a back door to allow them to fan the ashes of the action back into life, or to circumscribe (however indirectly) the dismissal by adversary or by court. Such a result is explicitly not allowed under the binding precedent.

6.      You don't have to like what I did. In fact, the Court has already explicitly made it clear that it *doesn't* like what I did. But be that as it may, "the whole point of a Rule 41(a)(1) dismissal is to give the plaintiff an 'absolute' way out without further judicial involvement." See Commercial, supra at 1079-80. Therefore, the Court must act in accordance with this absolute right.

7.      Any further attempts by the corporate defendants to circumscribe this dismissal, in any way shape or form, for any reason, should not only be met with sua sponte striking of their filings, but with sanctions to deter further taxations on the Court in spite of the clearly-established, black latter law to the contrary.  They are dismissed. The dismissal is absolute. There is nothing they can do, directly or indirectly, to fan the ashes of the action back to life. It's over. They're gone. Period.

Case 3:21-cv-04184-JSW                                                          MOTION TO STRIKE

**The defendants will still get their day in court. They just need to hold their horses.**

8.        As the Defendants point out, they are involved in a sister case (Stebbins v. Rebolo) which has several common elements with this one. This means that they will indeed get their day in court. They just have to wait for this case to wrap up first. Alphabet's insistence on butting in on this case just comes off as severe impatience on their part. All the other defendants in that case (Creetosis, Just Emi, SidAlpha, etc.) seem to be waiting patiently for their day in court, so why can't Alphabet?

**Proposed Order Attached**

9.        Please find, attached to this motion, a proposed order striking this motion and warning the defendants that any further attempts to circumscribe the voluntary dismissal will risk sanctions by the Court.

**If the Court will allow intervention, Alphabet should be required to waive any past or future costs or attorneys fees.**

10.        If, despite my absolute right to voluntarily dismiss the corporate defendants, they still insist on butting in and having their day in court ahead of their allotted time, then they should, at the very least, be required to forego the possibility of ever recovering costs or attorneys fees from this action. Why? Because at this point, those costs are self-inflicted. If they insist on throwing away tens (if not hundreds) of thousands of dollars prematurely litigating a case just on principle alone, then that's their money. But that's just it: It's *their* money, and it should forever remain *their* money, since at this point, they're spending it voluntarily.

**Conclusion**

11.        It's one thing to disagree with the way I use my legal rights. But it is another thing entirely to try to find new and creative ways to strip me of the benefits of invoking my legal rights, precisely in accordance with legal procedure, simply because you disagree with the outcome that me invoking that legal right would yield.

12.        Think about it this way: The Court has admonished me for attempting to "game" the system in order to "achieve a different result." But is that only a one-way street? Am I the only one who has to not only follow the law, but do so in a way the court determines to be honorable, whereas the defendants still get to use whatever underhanded tactics they may have at their

disposal in order to direct whatever outcome is most beneficial to them? Because that is, essentially, what the defendants are attempting to do in this case. They are attempting to butt into a case where they have already been lawfully and properly dismissed from the action, just to delay what would otherwise have been a smooth and expedient entry of default judgment, simply out of spite towards me. Why are they allowed to keep doing that, but I'm not?

13.     Wherefore, premises considered, I respectfully pray that Alphabet's and Youtube's Motion to Intervene be stricken on the grounds that it was filed in violation of FRCP 41(a)(1)(A)(i), along with an admonishment that further attempts to circumvent the voluntary dismissal in any way, for any reason, risks sanctions by the Court.

So requested on this, the 27th day of April, 2022.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com