David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                    PLAINTIFF

VS.                            Case 3:21-cv-04184-JSW

KARL POLANO, et al                                                 DEFENDANTS

### MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND/OR REVISED OPPOSITION TO [138] MOTION TO INTERVENE, AND FOR LEAVE TO DO SO UNDER SEAL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Leave to file a Supplemental/Revised Opposition to the Motion to Intervene, in the above-styled action.

### Facts & Procedural History

1. On April 20, 2022, Youtube LLC and Alphabet Inc. submitted a Motion to Intervene, seeking to challenge the validity of the copyright of my April 10, 2021 accidental stream.

2. Among other things, one of their grounds for claiming that the stream was not eligible for copyright was that the stream was so devoid of creative content as to become subject to the precedent of Feist Publications, Inc. v. Rural Telephone Service Co., 499 US 340 (1991). See **Dkt. 138**.

3. To counter this, I offered numerous proofs that the stream did indeed have minimal creativity in it, even if the amount of content would not have, in my discretion, been enough to convince me to do an intentional stream just for this content alone.

4. One of the proofs I attempted to offer was an infringing copy of the accidental stream uploaded by an imposter account known as "Acerthorn the true Acerthorn." I provided the URL to that infringing video. However, rather than the video itself, my intention was to draw the

Court's attention to the comment section of that video, where the Court could find numerous instances of people reacting to various parts of the video (not just the strange noises), thereby demonstrating that the entirety of the accidental stream – not just the strange noises – had entertainment value (and therefore, creative value) to it, notwithstanding the fact that I pressed the "start stream" button on my keyboard by accident. See **Dkt. 144, ¶¶ 74-77**.

5. However, my attempts to show this proof were sabotaged by the intervenors when, merely six hours after the opposition brief was filed, they removed the video from their own platform, maliciously preventing the Court from seeing the proof that the accidental stream does indeed have entertainment value, and therefore creative value.

### Grounds for Filing a Supplemental or Revised Opposition

6. I have recently learned that the infringer has created an alternative account called "Acerthorn The True Acerthorn 2: Electric Boogaloo," where he has re-uploaded the accidental livestream in its entirety, with no alterations or modifications whatsoever. As of the time of this writing, the upload has over 2,100 views and over 50 comments. Those comments can show the proof that I originally intended to show when I filed my original Opposition, before the intervenors unscrupulously removed the video in order to cover up the evidence.

7. This time, I made sure to take video and screenshot records of the infringing video's description and comments section. This way, even if the intervenors unscrupulously attempt to remove the video *again* to cover up the evidence, I will provide the Court with a backup means of seeing the comments which prove the entertainment/creative value in the accidental stream.

8. To show the Court this proof, I request leave of the Court to file a revised Opposition to the Motion to Intervene. This additional brief is necessary to rectify the destruction of evidence that the intervenors maliciously and unscrupulously committed because they were scared and realized that this evidence would defeat their challenge utterly.

### Leave to file under seal

9. In addition to the comments section of that infringing video, I also attempted to submit to the Court a copy of the accidental livestream, while providing timestamps of non-exhaustive, representative examples of times when I engaged in acts of minimal creative expression. See

**Dkt. 144, ¶¶ 68-71**. However, to prevent the link to that livestream from becoming public record (thereby undermining the very copyright protection that I seek to enforce), I sent the URL to the judge's chambers' email address of jswcrd@cand.uscourts.gov. It is now my understanding that using the judge's chambers' contact for such a purpose was inappropriate.

10. As an alternative, I ask for leave to file the revised Opposition under seal, so that third parties cannot see it. That way, I can provide the URL to the accidental stream, either in the Opposition itself or as an exhibit (I haven't yet decided which one).

11. This is, to my understanding, the best way to provide this Court with a copy of the accidental stream for it to review for minimal creativity, without undermining the very copyright that this case is designed to enforce. However, I am also open to any alternative methods the Court may prefer. As long as I am not required to provide the accidental stream on public record, I will follow whatever other procedures the Court wants. See **LR 79-5(a)** ("A party must explore all reasonable alternatives to filing documents under seal").

**An expeditious granting of this motion means no further modifications of the briefing schedule will be required.**

12. As of the Court's recent granting-in-part of the Motion for Extension of Time, the intervenors now have until June 1, 2022 to submit their reply to my Opposition to Motion to Intervene. See **Dkt. 147**. This motion is being filed on May 7, 2022, which is a Saturday. The earliest the Court will be able to rule on it is May 9, 2022.

13. If the Court grants this motion quickly, I can have the revised Opposition filed by the middle of May. Then, the intervenors will have plenty of time to read the revised Opposition and draft their reply accordingly by June 1, 2022. As long as the Court grants this motion for leave within 1-2 business days of receiving notice of it, no further extensions of time or modifications to the briefing schedule will be required.

14. But the Court has to grant this motion quickly in order to avoid any further delay.

### Conclusion

15. In conclusion, the intervenors' unscrupulous attempts to cover up the evidence have made this revised opposition necessary. I am not simply requesting another go at the opposition just

because I feel I could have done better; it is designed to rectify an unscrupulous, even criminal, act by the intervenors designed to gain an undue advantage in litigation. Therefore, leave to file this revised opposition should be given.

16.     Wherefore, premises considered, I respectfully pray that leave to file this Supplemental or Revised Opposition to the Motion to Intervene be granted, and any other relief to which I may be entitled.

So requested on this, the 7th day of May, 2022.

/s/ David Stebbins
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com