1  RYAN S. BENYAMIN, State Bar No. 322594
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
3  633 West Fifth Street, Suite 1550
   Los Angeles, California 90071
4  Telephone: (323) 210-2900
   Facsimile: (866) 974-7329
5  rbenyamin@wsgr.com

6  JASON MOLLICK (*pro hac vice*)
7  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
8  1301 Avenue of the Americas, 40th Floor
   New York, New York 10019
9  Telephone: (212) 999-5800
   Facsimile: (212) 999-5899
10 jmollick@wsgr.com

11 *Counsel for Intervenors*
12 *Alphabet Inc. and YouTube, LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| DAVID A. STEBBINS, | CASE NO.: 4:21-cv-04184-JSW |
| Plaintiff, | **RESPONSE TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND/OR REVISED OPPOSITION TO MOTION TO INTERVENE [DKT. 148]** |
| v. | |
| KARL POLANO et al., | |
| Defendants. | Action Filed: June 2, 2021 |

Plaintiff's 35th motion in this case, like many of the others before it, is meritless. He seeks leave to file a "revised" opposition to Alphabet and YouTube's Motion to Intervene, on the grounds that a video he cited in his original brief is no longer available on YouTube. Plaintiff requests an opportunity to submit a new brief that cites a different video, and/or attaches screenshots of the comments section from that video, in place of the one that was disabled. Dkt. 148 (motion); *see also* Dkt. 144 ¶¶ 74-76 (opposition brief, citing to original video and comments that were disabled).

As an initial matter, we take issue with Plaintiff's accusation that YouTube's removal of the original link was "criminal" and done in an effort to hide something from the Court. YouTube disabled the link **at Plaintiff's request**, in response to his own DMCA takedown notice. His allegations of criminality and "sabotage" are baseless and irresponsible.

In addition, even though the link to the video he cited is no longer available, Plaintiff already copied and pasted excerpts from the link that he wanted the Court to see. *See* Dkt. 144 ¶ 76. There is no need for Plaintiff to file another brief for purposes of citing an additional link that contains the same type of content. His point is already made.

If, however, the Court is inclined to permit Plaintiff to file a revised opposition brief, the Court should make clear that Plaintiff is not permitted to use this as an opportunity to rewrite or expand upon his already-lengthy opposition. If anything, Plaintiff should only be permitted to supplement his brief for purposes of citing the new YouTube link that he refers to in his motion (Dkt. 148 ¶ 6) and nothing more. Plaintiff promises that he is "not simply requesting another go at the opposition just because I feel I could have done better[.]" *Id.* ¶ 15. The Court should hold him to that promise and not open the door for more procedural abuse.

Lastly, Plaintiff seeks leave to file a link to his Accidental Livestream under seal so the Court may use it to view the content at issue. Dkt. 148 ¶¶ 9-11. Alphabet and YouTube do not oppose this request. Indeed we encourage the Court to watch the video, as it demonstrates there was no creative authorship in it, as required for copyright protection.

| | | |
|---|---|---|
| 1 | Dated: May 23, 2022 | Respectfully submitted, |
| 2 | | WILSON SONSINI GOODRICH & ROSATI |
| 3 | | Professional Corporation |
| 4 | | By:   *s/ Jason Mollick* |
| 5 | | Jason Mollick (*pro hac vice*) |
| 6 | | 1301 Avenue of the Americas, 40th Floor<br>New York, New York 10019 |
| 7 | | Telephone: (212) 999-5800<br>Facsimile: (212) 999-5899 |
| 8 | | jmollick@wsgr.com |
| 9 | | *Counsel for Intervenors* |
| 10 | | *Alphabet Inc. and YouTube, LLC* |