David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                                   PLAINTIFF

VS.                                   Case 3:21-cv-04184-JSW

KARL POLANO, et al                                                                              DEFENDANTS

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN RESPONSE TO [151] REPLY TO MOTION TO INTERVENE**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following motion for leave to file a supplemental brief in response to [151] intervenors' Reply to Motion to Intervene.

**Intervenors' Reply**

1. In their reply, the intervenors raised, for the first time, several new arguments, including but not limited to …

(a) Youtube LLC was never included in the case in the first instance, and thus was not subject to dismissal via **Dkt. 128**. Thus, Youtube LLC should be allowed to remain as an intervenor defendant. See **Dkt. 151, p. 6, line 19**.

(b) Voluntary dismissal does not preempt the parties from rejoining the case under a Motion to Intervene. See **Dkt. 151, p. 6, lines 19-21**.

(c) The statements made in ¶¶ 22-23 of the SAC were affirmative admissions that I am now bound by, not simply speculative or figurative statements. See **p. 9, line 27**.

(d) The fact that I described the work as a "dramatic work" was an act of intentional fraud on my part. They say that "no matter how Plaintiff tries to speculate what the examiners understood," this classification is grounds for invalidating the registration. See **p.**

**8, lines 13-27**.

(e)     To prevail on a claim of copyright infringement, I must affirmatively allege that the work was one of human authorship, not simply admit to a lack of knowledge. See **p. 11, lines 6-10**.

(f)     Even if the work was fixed by errant keystroke, rather than autonomous computer software, it still is not a work of authorship as set forth by the statute. See **p. 11, line 17**.

(g)     That I only *appeared* in the accidental livestream, rather than participated in the fixation thereof, and that I "conflate being the subject of a work with being the author of a work."See **p. 12, line 6**.

(h)     Because the stream was accidentally affixed in any capacity, that means that it is not creative. Automatically. Categorically. Even if that same video could be considered minimally creative under otherwise identical circumstances. See **p. 11, lines 11-24**.

2.     Because these arguments were raised for the first time in the Reply, I never had a chance to argue against them in my Opposition. It would be tantamount to ex parte communi-cations if the Court were to consider these arguments without me having a fair opportunity to refute them and to offer contradictory legal authorities against them.

3.     To safeguard against this injustice, I ask for leave to file a supplemental brief in response to the intervenors' reply. Just like last time, this is not simply an attempt to have another go at the opposition just because I feel I could have done better in hindsight.

> **The Court should exercise whatever discretion it has in my favor, because**
> **I have been overwhelmingly victimized by the individual defendants and**
> **their enablers (such as the intervenors).**

4.     Before I sign off, I would like to take this opportunity to discuss something a bit more somber, because I might not get another chance after this, especially if this motion is denied. I believe this should apply to the current motion (the motion for leave to file a supplemental opposition), but it should also apply to the entire case, as well as the related case of Stebbins v. Rebolo in its entirety. Please read until the end, because it may seem at first like I am simply venting frustrations that I have kept bottled up inside me for a while, but when you read the

whole thing, you will see that it is not like that after all.

5.      As I have made perfectly clear this entire case (which has been going on for over a year now), the individual defendants in this case have not simply infringed on my copyright. That copyright infringement was only one part of a massive, months-long campaign to harass me, dox me, and generally just inflict as much pain and misery on me as they possibly could, all simply because they don't like me. There was, at least among these individual defendants[1], no effort to justify their actions beyond that. Just pure hatred, pure malice, pure spite.

6.      I have ample evidence to prove this, and I have provided said evidence at numerous stages in the litigation. It started with a "Harassment & Doxxing Report," which I have attached as an exhibit to numerous motions, containing more than 100 sub-exhibits which document the harassment I have endured, and also contain confessions from the individual defendants that they are only doing this because they hate me. They have not simply failed to give any better motive for their conduct that malice for its own sake; they have actively admitted to having no better motive. Also, that report was written in November and thus is limited only to the events up to that point. Other exhibits – such as **Dkt. 106-4** through **106-10** – show that the harassment has continued, and that the individual defendants have recruited new parties to join in the harassment, since then. The harassment I speak of has easily been proven, many times over.

7.      Ever since the start of this case, I have been aware of the ~~possibility~~ inevitability that there would be some aspects of the law that I, as a pro se litigant, did not fully understand. However, in light of all the harassment I have endured at the hands of these individual defendants, I have always maintained that "If the judge has any empathy at all, he will give me whatever relief he can to help me make this harassment go away, unless he feels that he simply has no choice but to give me nothing." Yes, this Court has already declared that the harassment does not amount to an IIED tort as a matter of law, but even though something may be not be independently illegal, the Court can still consider it when dispensing of its discretionary judgments.

---

1   When we get to the Rebolo case, some of them will attempt to justify their behavior in equally frivolous terms (such as claiming that they are punishing me for perceived wrongdoing, even though that is little better than malice for its own sake, since it effectively means they are taking the law into their own hands), but at least in this case, the individual defendants have admitted to their motive being malice for its own sake.

8.     I find it sickeningly unfair that I am vilified, both by the intervenors and in the court of public opinion, for supposedly "abusing" copyright law for an end that, by the intervenors' own admission, is sympathetic, yet the individual defendants are not vilified for "abusing" fair use in order to continue to perpetrate their reprehensible behavior with impunity by hiding behind a thin veil of "providing criticism." What, is fair use such a holy grail of law that it cannot be abused for any improper purpose, but copyright lawsuits still can?!

9.     While we're on the topic, why am I the only one who gets vilified for exercising my "absolute[2]" right to a voluntary dismissal, simply because *this specific judge* does not think it should be a right, yet the intervenors do not get vilified for essentially re-filing their motion to dismiss[3] but re-styling it as a motion to intervene, just in an attempt to circumscribe the dismissal and deprive me of the benefits thereof, in spite of the binding precedent which states that they aren't allowed to circumscribe the dismissal in any way, shape, or form[4]?!

10.    Who is the one who is *really* abusing the system here? The one who is just trying to get the harassment to stop, or the people who are hiding behind fair use to perpetrate that harassment in the first place? The one who invoked an absolute right that was at his disposal in precisely the manner it was designed for, or the ones attempting to circumvent that absolute right in spite of clearly-established law saying that no circumvention is allowed? Why am I the *only one* who is vilified in all of this when, at worst, my behavior is no more unscrupulous than what anyone else has done in this entire debacle, and at best, I am clearly acting in self-defense?

11.    Like I said, this is not meant simply as a rant that I have kept bottled up inside me until now. There is a point to all of this, and that point is this: If the Court has any empathy, it should recognize that I am the victim, not the villain, in this entire debacle. I have provided ample proof of this. If anyone is deserving of the kind of discretionary judicial anger that was on display in **Dkt. 134, p. 1, lines 24-26**, it is the individual defendants, unless the Court is so cold and

---

2   See Commercial Space Management Co. v. Boeing Co., 193 F. 3d 1074, 1079-80 (9th Cir. 1999) ("the whole point of a Rule 41(a)(1) dismissal is to give the plaintiff an 'absolute' way out).
3   Although the motion to dismiss is no longer part of the record, it is still accessible from Pacer. If the Court were to go and read that motion, it would see that large portions of the motion to intervene were copied verbatim from the motion to dismiss. The intervenors are not even attempting to hide the fact that they are attempting to circumscribe the dismissal with nothing more than a title change.
4   See Commercial, supra at 1077 ("[the dismissal] may not be extinguished or circumscribed by adversary or court").

heartless that it honestly sees nothing wrong – not just legally, but morally or ethically as well – with the harassment I have endured.

12.     If the Court is indeed so heartless, then I suppose I can't do anything about it. The Court certainly has the right to be that way. But if the Court has any empathy, I feel that siding with me – the true victim in all of this – is the only reasonable path it could take.

## Conclusion

13.     Wherefore, premises considered, I respectfully pray that leave to file this supplemental opposition be granted.

So requested on this, the 1st day of June, 2022.

<u>/s/ David Stebbins</u>  
David Stebbins  
123 W. Ridge Ave.,  
APT D  
Harrison, AR 72601  
(870) 212-4947  
acerthorn@yahoo.com