David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                        PLAINTIFF

VS.                                    Case 3:21-cv-04184-JSW

KARL POLANO, et al                                                                  DEFENDANTS

### REPLY TO [154] RESPONSE TO OBJECTION TO REPLY EVIDENCE AND OPPOSITION TO [152] MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply to the intervenors' Opposition to my Motion to Intervene.

1. First, intervenors claim that this Objection to Reply Evidence is improper. It is worth noting that I sought the advice of counsel before filing this Objection. See **Exhibit A**. If this objection were wholly improper, it seems unlikely that the Pro Bono Office would have neglected to advise me accordingly. In fact, they made numerous recommendations for *revisions* to the objection so as to better frame my arguments! Only once in a while did they recommend the removal of *individual sentences* in their entirety without revising them.

2. As such, I disagree that the objection was improper. Rather, it is clear that, because my Objection thoroughly debunks several of the factual allegations the intervenors made in their reply (such as me not positioning the camera, or the fact that me improperly listing the work as a "dramatic work" singlehandedly constitutes grounds for rejecting the application), they are running scared because they know their lies have been exposed.

3. Intervenors have also stated that they oppose the granting of the second Motion for Leave to File Supplemental Brief. Therefore, their response also counts as their Opposition to that

Motion. This means that my Reply to that motion is now timely.

4.      Intervenors sole grounds for opposing the supplemental reply is that they claim that they raised no new arguments or facts that were not raised in their original motion. This is false. They clearly did raise new specific factual allegations that were not present in the original motion. For example, at **Dkt. 151, p. 8, lines 20-22,** intervenors argue that me improperly classifying the work as a "dramatic work" is singlehandedly grounds for invalidating the registration "[n]o matter how Plaintiff tries to speculate what the examiners understood." Also, at **Dkt. 151, p. 11, lines 13-14**, the intervenors claim that I "did not direct the scenery, position the camera, [or] focus the lens." Bear in mind that they are not arguing that, because me hitting the start button for the streaming software was accidental *this one time*, none of those things count as a matter of law; they are alleging that I literally did not do them in the first instance.

5.      These things were never alleged at any point in the original motion to intervene, or even the now-stricken motion to dismiss (from which a vast portion of the motion to intervene was copied and pasted). I went back and checked. At no point in either of those filings do the words "focus," "lens," or "position" ever appear through a Ctrl+F search. The word "camera" appears only in reference to the camera accidentally turning on, not that I didn't "position" it, and the word "dramatic work" is only to make the argument that such a classification implies that the content was choreographed[1], not that this improper classification is singlehandedly grounds for invalidating the registration entirely. They raised general allegations of a lack of creativity in the stream, and I was able to (and therefore did) make general rebuttals against those general allegations. But now, they raise far more specific indictments that require more specific rebuttals.

6.      As such, these three things are being alleged for the first time in the reply. I had previously offered proof that the stream had general creativity, but not proof of these specific things, since I previously had no reason to suspect that these three specific things were even in dispute. It would be an egregious violation of my due process rights if they were allowed to raise these never-before-seen factual allegations at the last minute, without me being given at least one

---

1  For the record … says who? On what *objective source* do they base their allegation that this classification necessarily implies choreography, and that using that category when the work wasn't choreographed is necessarily an act of fraud on my part? And more importantly, how is this implication apparent just from the face of the SAC?

opportunity to offer evidence to rebut them.

7.     Therefore, the Court should either accept my Objection to Reply Evidence (even if it was improper in the first instance, which I doubt, since pro bono counsel would likely have advised me of such if it were) or grant the motion for leave to file a supplemental brief.

8.     If, in spite of my clearly-established constitutional right to at least one opportunity to offer rebuttal evidence against the allegations made against me, the Court still refuses to grant me leave to file this supplemental brief and still insists on striking the Objection to Reply Evidence, then I would, at the very least, like to respectfully remind the Court of the following:

   (a)    On a motion to dismiss (or something tantamount to a motion to dismiss), the Court must accept the allegations of the complaint, not only as true, but in a light most favorable to the Plaintiff, meaning that statements that could potentially be taken figuratively (such as "of its own accord") must be construed as such if it gives the Plaintiff's case the best chance of winning.

   (b)    The Court cannot look beyond the complaint for undisputed facts. This means that every factual allegation offered by the intervenors (such as their allegations that I "did not direct the scenery, position the camera, [or] focus the lens," or their allegation that my statements made in the SAC were definitive admissions of fact rather than figures of speech) must be apparent on the face of the Complaint itself for their motion to be granted, and absolutely nowhere else in the record or in the evidence.

   (c)    Pro se complaints are to be construed liberally.

   (d)    The voluntary dismissal is absolute and cannot be circumscribed in any way, shape, or form, no matter how indirect or roundabout the method used.

9.     Wherefore, premises considered, I respectfully pray that the motion for leave to file this supplemental brief be granted. So requested on this, the 7th day of June, 2022.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave., APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
