David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                              PLAINTIFF

VS.                           Case 3:21-cv-04184-JSW

KARL POLANO, et al                                           DEFENDANTS

## MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND TO RECUSE

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following motion for leave to file a motion for reconsideration.

1. This Court stated that I cited no legal authority showing that a motion to intervene cannot be used to circumscribe a voluntary dismissal. If the Court grants me leave to file this motion for reconsideration, I can indeed show case law stating as much. See Dukes v. Wal-Mart Stores, Inc., Case No. 01-cv-02252-CRB, 5 (N.D. Cal. Aug. 15, 2016)[1] ("[T]he Court lacks jurisdiction to adjudicate the Proposed Intervenors' Motion to Intervene"). See also Fort Sill Apache Tribe of Okla. v. United States, 2008 WL 2891654, at *1 (W.D. Okla. July 23, 2008)[2] ("The fact that a motion to intervene is pending at the time the notice is filed does not affect the automatic dismissal provided for by Rule 41(a)(1)(A)(i) and (B) … a motion to intervene should not affect the plaintiff's right to dismiss as of right").

2. Therefore, leave to file a motion to reconsider should be granted so I can provide this legal authority which the Court says I lack.

3. Second, this Court has admitted that it is dismissing this case in part to punish me for my "abusive behavior." See Dkt. 158 ("Plaintiff's behavior in this case favors permissive

---

1 The unpublished opinion can be found at https://scholar.google.com/scholar_case?case=1581261639147081396
2 The unpublished opinion can be found at https://scholar.google.com/scholar_case?case=7366738215539446155

intervention. Plaintiff has made no secret that he dismissed the Corporate Defendants to prevent them from challenging the validity of the livestream's copyright and that he intends to re-litigate the same issue in the Related Case. Plaintiff's abuse of the litigation process and his attempt to evade a ruling on an essential question at the core of both cases, favor intervention").

4.      I have tried to tell the Court time and time again that this is not the reason I issued the voluntary dismissal. It was just to avoid tedious delay in the litigation. Alphabet and Youtube were never meant to be anything other than nominal defendants in this case. Unless the Court has some actual *proof* to the contrary, and gives me an opportunity to show cause against it, it would be a violation of my due process rights for the Court to punish me in this case.

5.      Third, I should not have been required to show any of these things. The precedent of Commercial Space Management Co. v. Boeing Co., 193 F. 3d 1074, 1076 (9th Cir. 1999) already precludes *any* means of circumscribing the voluntary dismissal, literally the entire scope of any attorneys' imagination, from negative infinity to positive infinity, on the X, Y, and Z spectrums.

6.      Fourth, the Court finds that, because I did not intend to create this livestream, none of the creative expressions contained therein count as minimally creative, even if those same things would constitute minimal creativity if done under any other circumstances. The Court cites no legal authority for this. If given leave to file the motion to reconsider, I can show ample argument as to (A) how I was indeed intending to do something creative when I created the accidental livestream by mistake, and (B) why, even barring that, there is no good reason as a matter of public policy to bar copyright protection in such a case.

7.      Fifth, the Court finds that my copyright is lacking in human authorship. However, in doing so, it completely ignores my argument where I point out that this allegation in the complaint *is not based on personal knowledge*. That does not simply dampen the probative value of the allegation; it renders the allegation completely inadmissible. See Federal Rule of Evidence 602. This means that the Intervenors *can't use it against me*, even if they wanted to. It might as well be hearsay.

8.      Sixth, the Court finds that the "registration application contained inaccurate and incomplete information." But in making this finding, it completely ignores the evidence that I

provided which showed that the Copyright Office was indeed fully aware of this error and chose to grant registration anyway!

### There is still a claim remaining

9. Last but not least, I feel this error needed to be kept to a separate section, just to make it stand out: Contrary to the intervenors' assertions, there are still claims to be litigated in this case, even if the April 10, 2021 livestream is not copyrightable. Remember, I also included a claim for § 512(f) misrepresentation, which the Court allowed to remain. See **Dkt. 21, Page 3 Line 12 thru Page 4 Line 5**. Just because I didn't move for summary judgment on that claim (because I was seeking leave to amend the complaint anyway) does not mean it was not still pending before the court.

10. The Court has offered no basis whatsoever for dismissing that claim. Therefore, the case should be allowed to continue just on that alone.

### Motion to Recuse

11. In addition allowing this case to be re-opened, I ask this Court to recuse itself from the proceeding. It has demonstrated that it personally doesn't like me because of my voluntary dismissal and plans to issue adverse rulings against me from here on out just to punish me for doing so.

12. If the Court cannot set aside its personal grudges and issue rulings with impartiality, it must recuse. My right to an impartial judge is absolute. See Tumey v. Ohio, 273 US 510, 535 (1927) ("No matter what the evidence was against him, he had the right to have an impartial judge").

### Conclusion

13. Wherefore, premises considered, I respectfully pray that this Motion for Leave to File a Motion for Reconsideration be granted. So requested on this, the 11th day of July 2022.

>  */s/ David Stebbins*
> David Stebbins
> 123 W. Ridge Ave., APT D
> Harrison, AR 72601
> (870) 212-4947
> acerthorn@yahoo.com