David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                               PLAINTIFF

VS.                        Case 3:21-cv-04184-JSW

KARL POLANO, et al                                  DEFENDANTS

## MOTION FOR RELIEF OF JUDGMENT

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Relief of Judgment pursuant to Federal Rule of Civil Procedure 60.

1. There is currently a pending motion for leave to file a motion for reconsideration. See Dkt. 159. This motion was filed before the entry of judgment (which is Dkt. 160), so it is still validly before the court. However, I spoke with California's pro bono office today, and they advised me that the filing of that motion may, but also may not, toll the 30-day time limit to file a notice of appeal. They said that the best thing I could do to ensure that this time limit is tolled is to file a Motion for Relief of Judgment pursuant to Rule 60[1]. That is what I am doing now. This motion is not being filed just to arbitrarily increase the Court's workload, but to ensure that the Court can rule on my pleas for reconsideration before I am forced to appeal.

2. Rule 60(b)(6) allows the Court to set aside a judgment for "any other reason that justifies relief," even if that reason is not explicitly stated in Rule 60(b).

3. As I stated in Dkt. 159, there are several reasons this Court should vacate the judgment against me, including but not limited to …

    (a) The judge has openly admitted to holding a personal grudge against me because I

---

[1] See Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) ("If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion ... for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.")

Case 3:21-cv-04184-JSW                      -1-                      Motion for Relief of Judgment

issued the voluntary dismissal that he didn't like, thereby violating my absolute right to an impartial judge. Therefore, the judge should have recused himself.

(b) The Court stated that I failed to show any legal authority that a motion to intervene cannot be used to circumvent a voluntary dismissal, even though I provided binding precedent that stated that *nothing* can circumscribe it. This means that everything under the sun is necessarily precluded from interfering with the voluntary dismissal in any way, shape, or form.

(c) The Court made a completely new, arbitrary conclusion of law that, in order to be copyrightable, a work must be comprised of creative *choices*. The law does not have this requirement. To be copyrightable, a work need only contain minimal *creativity*, not creative *choices*.

(d) The Court erred in finding admissible my allegation in the SAC that the stream came on "of its own accord." Since that statement was not based on personal knowledge, it was not admissible under Rule of Evidence 602.

(e) The Court failed to make any finding (let alone one based on a lack of evidence) that the erroneous classification of the accidental stream as a "dramatic work" was actually grounds for invalidating the registration.

(f) There is still a claim that has yet to be adjudicated.

4. The contents of Dkt. 159 are hereby incorporated by reference.

Wherefore, premises considered, I respectfully request that the judgment be vacated. So requested on this 25th day of July, 2022.

/s/ David Stebbins
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com