David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                            PLAINTIFF

VS.                          Case 3:21-cv-04184-JSW

KARL POLANO, et al                                                          DEFENDANTS

### REPLY IN SUPORT OF [159] MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply in Support of my Motion for Leave to File Motion for Reconsideration.

1. The deadline to file an opposition to this motion was July 25, 2022. The intervenors neither filed an opposition nor sought an extension of time to file. Therefore, their opportunity to argue against this motion has passed.

2. However, I do want to say this: The Motion for Leave does not contain very thorough arguments. It wasn't supposed to. According to the local rules, I must first file a motion for leave to file a motion for reconsideration, and if that motion is granted, then and only then am I allowed to file the motion for reconsideration itself. See Local Rule 7-9(a). That is where the bulk of arguments will be made if leave is granted.

3. My basis for granting leave to file a motion for reconsideration is in found in Local Rule 7-9(b)(3) (a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court). Namely, the Court did not consider …

    (a) the dispositive legal authority that said that a voluntary dismissal cannot be circumscribed by *any* means (meaning it is not necessary for the precedent to mention motions to intervene in particular, because the precedent already covers literally

    everything under the sun),

    (b) that the Court failed to consider the binding legal authority that only *creativity*, not creative *choices*.

    (c) That the Court failed to consider the binding legal authority that, because relevant portions of my SAC were not based on personal knowledge, they were not admissible and therefore could not be used against me.

    (d) That the Court failed to consider the evidence I presented that my erroneous categorization of the accidental stream as a "dramatic work" did not occasion the rejection of the application.

    (e) The Court manifestly failed to dispose of all claims that were still pending before it, namely that it left unadjudicated the DMCA misrepresentation claim.

4. The Court manifestly failed to consider all of these arguments because, by its own admission, it was angry at me for issuing the voluntary dismissal. However, because I had an absolute right to do that, the Court should recuse itself if it cannot set aside its personal dislike towards me.

So notified on this, the 27th day of July, 2022.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com