UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| in re DAVID STEBBINS,<br>Petitioner | )<br>)<br>)<br>)<br>)<br>) | Case No. _____<br><br>**PETITION FOR WRIT OF MANDAMUS<br>AND WRITS OF PROHIBITION** |

Comes now, pro se Petitioner David Stebbins, who hereby submits the following Petition for Writ of Mandamus and for two Writs of Prohibition in the above-styled action.

## TABLE OF CONTENTS

| **Section** | **Page** |
|---|---|
| I.  TABLE OF CONTENTS | 1 |
| II.  TABLE OF AUTHORITES | 2 |
| III. RELIEF SOUGHT | 3 |
| IV. ISSUES PRESENTED | 3 |
| V.  FACTS OF THE CASE | 3 |
| VI. REASONS WHY THE WRITS SHOULD ISSUE | 9 |
|     1.  Unreasonable Delay | 9 |
|     2.  Lack of Availability of Other Remedies | 10 |
|     3.  Prejudice I have suffered as a result of the delay | 10 |
| VII.  SERVICE ON RESPONDENTS | 11 |
| VIII. CONCLUSION | 11 |

## TABLE OF AUTHORITIES

**Rules and Statutes**                                                                 Page(s)

- 17 USC § 512(f)                                                                      3
- 17 USC § 411(b)                                                                      5,6
- 17 USC § 107                                                                         7
- Canon 3(A)(5) of the Code of Conduct for United States Judges                        9
- Fed. R. App. P. 4(a)(4)(A)                                                           11
- Fed.R.App.P. 21(a)(1)                                                                11
- FRE 404                                                                              6,8
- N.D. CA Local Rule 7-13                                                              9

**Case Law**                                                                           Page(s)

- Arizona v. Fulminante, 499 US 279, 308 (1991)                                        8
- Bordenkircher v. Hayes, 434 US 357, 363 (1978)                                       8
- Burlington Nort. & Santa Fe Ry. v. Dist. Court, MT, 408 F. 3d 1142, 1146 (9th Cir. 2005)   9
- Liljeberg v. Health Services Acquisition Corp., 486 US 847 (1988)                    8,10
- in re A Community Voice, 878 F. 3d 779 (9th Cir. 2017)                               9,10
- Kenna v. US Dist. Court for CD Cal., 435 F. 3d 1011, 1017 (9th Cir. 2006)            9
- Mallard v. United States Dist. Court for Southern Dist. of Iowa, 490 US 296, 309 (1989)   10
- Tumey v. Ohio, 273 U.S. 510 (1927)                                                   8

**RELIEF SOUGHT**

1.      I seek a writ of mandamus ordering the District Court to make current the motions for leave to file motion for reconsideration, as well as the motions for relief of judgment in Case Nos. 4:21-cv-04184-JSW (Stebbins v. Polano) and 4:22-cv-00546-JSW (Stebbins v. Rebolo) in the United States District Court for the Northern District of California.

**ISSUES PRESENTED**

2.      The issues are whether …

   (a)     The District Court has a duty to rule on the motions for leave to file motion for reconsideration and/or the motions for relief of judgment, and

   (b)     Whether the District Court has unnecessarily delayed in doing so.

**FACTS OF THE CASE**

3.      On or around February 2021, some people on the Internet began harassing and doxxing me, and infringing on my copyright out of pure malice and spite, creating new accounts after the old ones were blocked or deleted so that they could recommence their harassing and infringing behavior with no accountability. So on June 1, 2021, I filed a federal lawsuit against three of them for copyright infringement, intentional infliction of emotional distress, and DMCA Misrepresentation in violation of 17 USC § 512(f). It was assigned Case No. 4:21-cv-04184-JSW. In addition, I also listed three of the websites where their actions were hosted as nominal defendants(Youtube, Discord, and Twitch), seeking prospective injunctions ordering those sites to terminate the individual accounts permanently. While I also included another website as a non-nominal defendant, they were dismissed with prejudice by my own notice.

4.      The last of the individual defendants to be served with process was served on May 15, 2022 (see Dkt. 118). All three individual defendants were entered in default, with the last of the three individual defendants so entered on April 6, 2022 (see Dkt. 91, 123, and 125).

5.      Meanwhile, the individual defendants recruited new people in their campaign to harass and dox me out of pure hatred, malice, and spite, so I ended up filing another lawsuit in the Northern District of California. That case was given Case No. 4:22-cv-00546-JSW. The case was eventually related to the Polano case and was stayed, pending resolution of the Polano case.

6.      Youtube, however, indicated that they intended to litigate the matter against me despite

only being nominal defendants. I never signed up for that, I only ever wanted to enter into an adversarial, litigious relationship in that case against the individual defendants. The nominal defendants were just there to terminate the individual defendants' accounts after I won.

7.  To prevent this, and to avoid delaying the entry of default judgment in my favor, I issued a Notice of Voluntary Dismissal (or NVD, for short) against the nominal defendants on April 11, 2022. See Dkt. 128. Twenty minutes later, the nominal defendants filed a Motion to Dismiss anyway, despite having been terminated as parties in the case. See Dkt. 129. I filed a motion to strike the motion to dismiss (Dkt. 130), and the Court struck the motion (Dkt. 134).

8.  However, while the district court acknowledged that I was well within my legal right to issue the NVD, and was entitled to its effects, he nonetheless personally did not approve of my filing of the NVD. As such, he admonished my alleged "abuse" of the system and threatened to declare me a vexatious litigant if I did it again. See Dkt. 134 ("the Court does not endorse Plaintiff's efforts to manipulate the litigation process and his blatant gamesmanship. Should Plaintiff continue to dismiss and refile cases in bad faith to obtain a different result, he risks being declared a vexatious litigant in this district").

9.  There was no attempt to legally justify his anger towards me beyond that. His entire justification began and ended with "You had the right to do what you did, but I still don't like it, so I'm still going to hold a grudge against you for it, just because I can." He didn't even *pretend* like there was anything more to it than that.

10. Nine days later, Youtube filed a Motion to Intervene (Dkt. 138), alleging the same grounds for dismissal of the complaint as were previously argued in the Motion to Dismiss. In this motion, they openly admitted that they were hoping to circumvent the NVD. See Dkt. 138, p. 6, lines 21-22 ("Fortunately, the Court does have discretion to deal with Plaintiff's abusive tactics in another way").

11. On July 11, 2022, the District Court issued two simultaneous orders in the Polano and Rebolo cases, dismissing both cases with prejudice. His reasons for doing so can be summed up as follows:

    (a)    In the Polano case,

        i.    He granted the Motion to Intervene because …

           (1)    I did not provide legal citation stating that a motion to intervene cannot be used to overcome an NVD. Dkt. 158, p. 4, Lines 9-11 ("Plaintiff cites no authority for

the proposition that Rule 41(a) dismissal prevents permissive intervention Rule 24(b)").

(2) He still held a grudge against me for issuing the NVD, so he was going to grant the motion out of spite. Dkt. 158, p. 4, lines 17-21 ("Plaintiff's behavior in this case favors permissive intervention. Plaintiff has made no secret that he dismissed the Corporate Defendants ... Plaintiff's abuse of the litigation process ... favor intervention").

ii. He found my stream was not copyrightable because …

(1) Because I did not create the stream *on purpose*, it lacked minimal creativity. He created some new legal requirement out of thin air that, in order to be valid as a matter of law, creativity must come from intentional "creative choices," and thus accidental works were not copyrightable. See Dkt. 158, pp. 5-6 ("First, the livestream lacks even the minimal degree of creativity required to be copyrightable... the livestream occurred unbeknownst to Plaintiff and without his creative input or direction and thus, is not copyrightable ... Because Plaintiff did not know he was being recorded, his facial expressions were not creative choices ... Plaintiff was not engaged in the process of creating an intended work because he the recording occurred without his knowledge. Accordingly, the livestream does not possess the creativity necessary for it to be copyrightable").

(2) Using language in my own complaint that wasn't even based off personal knowledge, he concluded that I had admitted that the stream was not a product of human authorship, and therefore was not copyrightable under the precedent of Naruto v Slater, 888 F. 3d 418 (9th Cir. 2018).

(3) My copyright registration improperly categorized the stream as a "dramatic work" when it should have been categorized as an "audiovisual work." Although the court never made the finding that this error was made intentionally by me, nor did it ever find that the Copyright Office would have rejected the registration had I properly categorized the work as an audiovisual, it still found the registration to be invalid under 17 USC § 411(b).

iii. The DMCA Misrepresentation claim was left entirely unadjudicated. The District Court never even mentioned it.

 (b) In the Rebolo case (Dkt. 20 in Case No. 4:22-cv-00546-JSW), the District Court found …

  i. The inaccurate information in my first copyright registration not only invalidated that registration, but all other registrations as well. See Dkt 20, p. 4, lines 2-4 ("The Court finds that Plaintiff's proven lack of candor in his prior application overcomes the presumption of validity afforded by registration of the other livestream videos").

   (1) Again, this finding was made even without finding that the improper categorization was done on purpose or that properly categorizing the first stream as an audiovisual work would have resulted in the registration being rejected, as is required by 17 USC § 411(b). But here, the District Court took it even further, and used this prior, allegedly bad act as evidence that I acted in conformity therewith on unrelated occasions, in blatant violation of FRE 404.

  ii. All other copyrights in that case which I sought to enforce were lacking in minimal creativity. See Dkt. 20, p. 4, lines 6-9 ("Plaintiff's allegations of ownership regarding the additional livestreams are insufficient. Plaintiff does not allege facts that permit the Court to assess whether the content is eligible for copyright protection. He does not describe the material or address how it meets any of the criteria for copyright protection, such as creativity or originality").

   (1) Unlike in the Polano case, this time, no reason whatsoever was given for finding a lack of creativity. They all lacked minimal creativity, literally for no other reason than … because he said so.

  iii. He declared my allegations of copying to be "vague" and "cryptic," while simultaneously and unironically being extremely vague and cryptic in his own right, giving absolutely no details whatsoever to support this finding. See Dkt. 20, p. 4, lines 9 ("his allegations of copying are vague and conclusory").

  iv. The infringing videos were all "plainly fair use criticism." See Dkt. 20, p. 4, line 22.

   (1) Bear in mind that, in the Polano case, the district court had already found that I am not required to disprove fair use at the pleading stage[1]. Now, without warning or

---

1 See Dkt. 10 of the Polano case ("it is not necessary to plead facts that disprove fair use for the complaint to survive... although the complaint suggests Defendant will raise the issue of fair use, that is an affirmative defense that Plaintiff need not disprove at this stage"). See also Dkt. 21 (district judge adopting magistrate judge's

reason, he is switching his position and declaring the infringing videos to be "plainly fair use" at the pleading stage.

(2) It is also worth noting that, when denying a motion for preliminary injunction, the District Court stated, in no uncertain terms, held that fair use always … always … must be determined on a case by case basis[2]. Yet here he is, making a blanket ruling on multiple fair use disputes at once.

(3) He also did not even so much as *attempt* to analyze the infringements based on the Four Factors Test as outlined under 17 USC § 107(1)-(4). Instead, he insisted that the videos were all "plainly fair use" *exclusively* on the basis that they were "criticism," and nothing more.

v. My two lawsuits were only designed to silence online criticism.

(1) Again, the district court provides absolutely no evidence, nor does he even remotely hint at the existence of any, to support this finding. He certainly provides no evidence found in the complaint - the only place he is supposed to look to when dismissing a complaint for failure to state a claim - to support this extremely accusatory finding.

vi. Once again, the copyright infringement claims were the only claims the District Court addressed, even partially. All other claims were left unadjudicated, yet the entire case was still dismissed with prejudice.

12. Immediately after these two orders were issued, but before the judgment was entered, I filed dual motions for leave to file motions for reconsideration (Dkt 159). Under the local rules for the Northern District of California, I am required to file this motion before filing the motion for reconsideration itself ([insert citation here]). It also must be filed before final judgment is entered, but again, I just barely met that deadline.

13. Because I was only supposed to file a motion *for leave to file a motion* for reconsideration, my arguments contained in the motion were admittedly underdeveloped. This was not meant to be the main motion for reconsideration, so I saved my best arguments for the motion proper.

14. However, the motion also contained another motion in it: A Motion to Recuse. My

---

findings).

2   See Dkt. 115, p. 5, line 11 ("The fair use doctrine calls for a case-by-case analysis of several factors").

grounds for recusal were as follows:

(a) The District Court was clearly biased against me, as evidenced by …

    i. The District Court has admitted, twice, on the record, that he holds a grudge against me for filing the NVD, and that he issued these adverse rulings against me in part because of his personal dislike towards me. He *admitted* to holding this grudge, so I don't even have to prove what is normally a substantial burden.

    ii. In addition to that admission, the numerous arbitrary (and sometimes even self-contradictory) rulings of the District Court mentioned above (including, but not limited to, his inconsistent handling of fair use, his arbitrary finding that my other registrations were invalid in violation of FRE 404, his entirely arbitrary finding that the other copyrights lack minimal creativity absolutely for no reason whatsoever, and his entirely out-of-nowhere finding that I am simply trying to silence online criticism with absolutely no evidence supporting this finding) are all circumstantial evidence that the District Court simply powered through both cases in an attempt to get them (and by extension, me) out of his hair as quickly as possible without regard to whether his findings stood up to the slightest scrutiny. In other words, they are evidence that his rulings were fueled primarily (if not exclusively) by personal hatred towards me.

(b) This is a blatant violation of my constitutional right to due process. See Bordenkircher v. Hayes, 434 US 357, 363 (1978) ("To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is patently unconstitutional") (citations and quotations omitted).

(c) Recusal is required, even when there is no *actual* judicial partiality, so long as there is a *reasonable appearance* of judicial partiality. See Liljeberg v. Health Services Acquisition Corp., 486 US 847 (1988).

(d) The right to an impartial judge is so fundamental that it can "never be treated as harmless error." Arizona v. Fulminante, 499 US 279, 308 (1991) (citing Tumey v. Ohio, 273 U.S. 510 (1927)).

(e) Therefore, the only thing the District Court can do that would not be an additional violation of my constitutional rights is (A) re-open both cases, (B) vacate the orders dismissing each case, and (C) recuse himself from both cases and allow a new judge to step

in and handle the cases from there.

15. On July 25, 2022, I filed joint motions to set aside the judgment. See Dkt. 162. These motions were largely redundant of the motions for leave to file motions for reconsideration. Rather, they were filed primarily to make 100% certain that the 30-day deadline to file a Notice of Appeal would be stayed pending resolution of the post-judgment motions.

16. On November 8, 2022, I filed joint Notices of Submitted Matters in both cases. See Dkt. 170. These notices were filed pursuant to Local Rule 7-13, and were meant as courtesy reminders that these motions needed to be ruled on. So far, however, the motions still have not been ruled on. The case has had no significant developments since then.

## REASONS WHY THE WRIT SHOULD ISSUE

17. "A judge should dispose promptly of the business of the court." See Canon 3(A)(5) of the Code of Conduct for United States Judges. It is well-established that one of the most common grounds for granting a writ of mandamus is to compel a court to issue a ruling on a motion that has sat on its docket without a ruling for an unreasonable amount of time. See in re A Community Voice, 878 F. 3d 779 (9th Cir. 2017). In addition to undue delay in ruling on a pending motion, other grounds for mandamus relief include "clear … legal error by the district court [and] no other means for the petitioner to obtain review" as well as "issue[s] of first impression." See Kenna v. US Dist. Court for CD Cal., 435 F. 3d 1011, 1017 (9th Cir. 2006). "In order to gain the benefit of the writ, ... the right to the writ must be clear and indisputable." See Burlington Nort. & Santa Fe Ry. v. Dist. Court, MT, 408 F. 3d 1142, 1146 (9th Cir. 2005).

### Unreasonable Delay

18. The motions have laid dormant for five months. This is an objectively unreasonable length of time, made even more unreasonable when you realize that I have only filed motions *for leave to file* motions for reconsideration, not the motions for reconsideration themselves. Even if leave is granted, the motion for reconsideration itself must also be filed, with the intervenors being allowed to issue their own brief in opposition thereof. The relative lack of stakes make the already excessive delay in disposing of these motions even more unreasonable.

19. There was a motion to recuse, and granting that motion would have consequences all on its own. However, if the District Court is so on the fence about whether or not recusal is required,

that is, in itself, evidence that recusal is indeed required. Think about it: If he's taking this long to decide, that just means he accepts that my request for recusal is not patently frivolous. There is an arguable basis for me to believe that I am entitled to recusal, which in turn means that it is objectively reasonable that his impartiality might reasonably be questioned.

20. At that point, the discussion is already over. Recusal at that point is required, even in the absence of actual judicial bias (see Liljeberg, supra), and without regard to the harmless error rule (see Arizona, supra).

21. Alternatively, perhaps he is reviewing the cases with a fine-toothed comb in order to make up for his previous, extremely hastily-put-together orders previously. But at that point, the district court is effectively admitting that his initial orders were indeed hastily-put-together without regard for compliance with the law. That, in turn, just begs the question: Why weren't they carefully considered in the first place? If it was because he was angry at me for filing the NVD and he wanted to punish me for it, then he is admitting to having *actual* judicial bias against me. If it wasn't for that reason, then what was it? It is often said that the simplest explanation is almost always the correct one, and here, judicial bias is the simplest explanation that best accounts for all of his seemingly arbitrary rulings.

22. Put simply, there is no reason for the District Court to be taking this long to issue his rulings. Therefore, he should be ordered to enter rulings on the motions.

## Lack of availability of other remedies

23. It is well settled law that a writ of mandamus should not issue if alternative methods are available for obtaining the same relief. See Mallard v. United States Dist. Court for Southern Dist. of Iowa, 490 US 296, 309 (1989) ("To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek"). In the instant case, no adequate alternative remedy is available. It is equally well established that a district court's refusal to rule on a pending motion can only be corrected by mandamus. See in re A Community Voice, 878 F. 3d 779 (9th Cir. 2017).

## Prejudice I have suffered from the delay

24. It is well established that the filing of a motion for postjudgment relief tolls the 30-day

deadline to file a notice of appeal. See Fed. R. App. P. 4(a)(4)(A). So not only am I not required to file a notice of appeal just yet, but in my experience, whenever a motion like this is timely filed, the appellant isn't even allowed to file a notice of appeal just yet, even if he wanted to. See Case No. 13-2687 in the 8th Circuit Court of Appeals (dismissing appeal without prejudice for lack of jurisdiction for this exact reason).

25. Therefore, I have been prejudiced by being shut out of the Court of Appeals.

## SERVICE ON RESPONDENTS

26. Once I submit this Petition to the email address of prose_pleadings@ca9.uscourts.gov, I will file a "Notice of Application for Writ" in the district court case, using the ECF system. I will include a copy of this Petition with that notice, thereby complying with the requirements of Fed.R.App.P. 21(a)(1) to serve the district court judge and opposing parties.

## CONCLUSION

27. Wherefore, premises considered, I respectfully pray that these extraordinary remedies be issued, and any other relief to which I may be entitled.

28. So requested on this, the 7th day of December, 2022.

*[signature]*

David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com