RYAN S. BENYAMIN, State Bar No. 322594
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
rbenyamin@wsgr.com

JASON MOLLICK (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
jmollick@wsgr.com

*Counsel for Intervenors*
*Alphabet Inc. and YouTube, LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| DAVID A. STEBBINS, | CASE NO.: 4:21-cv-04184-JSW |
| Plaintiff, | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| v. | |
| KARL POLANO et al., | Judge: Hon. Jeffrey S. White |
| Defendants. | Action Filed: June 2, 2021 |

**ADMINISTRATIVE MOTION**

Pursuant to Civil L.R. 3-12, Intervenors Alphabet Inc. ("Alphabet") and YouTube, LLC ("YouTube") request that the Court relate the present action and the already-related case, *Stebbins v. Rebolo et al.*, No. 4:22-cv-00546-JSW, to a new copyright infringement action filed in this District by Plaintiff David A. Stebbins against Intervenors' affiliate, Google LLC ("Google"), *David A. Stebbins v. Google LLC*, No. 3:23-cv-00322-LJC (filed Jan. 20, 2023). Alphabet, YouTube, and Google are represented by the undersigned counsel in all three cases.

**IDENTIFICATION OF RELATED CASES (CIVIL L.R. 3-12(d)(1))**

1) Lowest-Numbered Case: *Stebbins v. Polano*, No. 4:21-cv-04184-JSW (filed June 2, 2021);

2) Already-Related Case: *Stebbins v. Rebolo*, No. 4:22-cv-00546-JSW (filed Jan. 27, 2022); and

3) New Case: *Stebbins v. Google LLC*, No. 3:23-cv-00322-LJC (filed Jan. 20, 2023).

**RELATIONSHIP OF THE ACTIONS (CIVIL L.R. 3-12(d)(2))**

Plaintiff is a self-proclaimed "YouTuber" who goes by the online alias, "Acerthorn." This Court is all-too familiar with his years' long abuse of the court system. That abuse is continuing with yet another baseless and wasteful copyright action in this District that is designed to stifle fair use criticism of his litigation tactics—his third such case against Intervenors and their affiliates in the last two years alone. Intervenors respectfully request that the Court take appropriate action by relating the new case to the two existing cases, at which point the Court can consider screening the new case under the *in forma pauperis* statute, dismissing it, and (as it has warned multiple times) declaring Plaintiff a vexatious litigant in the Northern District of California.

**A.    The *Polano* and *Rebolo* Actions**

As Intervenors detailed in prior filings (*see, e.g.*, Motion to Intervene, Dkt. 138 at 3-4), Plaintiff's home district, the Western District of Arkansas, has already declared him a "vexatious" litigant who has "abused the system" with "a history of filing ultimately meritless cases upon which the Court has been forced to expend countless hours of time and judicial resources." *Stebbins v. Stebbins*, 2013 U.S. Dist. LEXIS 93528, at *3-4 (W.D. Ark. July 3, 2013). Here in this District, for example, he once sued Google to confirm a purported "arbitration award" for half a trillion dollars, even though no arbitration actually occurred. *Stebbins v. Google, Inc.*, 2011 U.S.

1  Dist. LEXIS 125701, at *11-12 (N.D. Cal. Oct. 27, 2011) (dismissing *sua sponte* as "frivolous"
2  and "clearly baseless").  Plaintiff has also filed at least **three** mandamus petitions in the Ninth
3  Circuit alone, two of which are aimed at this Court in connection with this case.  *See* 9th Cir. Case
4  Nos. 11-72595 (denied), 22-70132 (denied), 22-70269 (pending).

5  Plaintiff's litigious behavior has engendered a chorus of social media users who are critical
6  of him.  In response, Plaintiff has filed a barrage of bogus "copyright" actions, Digital Millennium
7  Copyright Act (DMCA) takedown notices, and related claims for virtually every instance where
8  anyone uses pieces of his content to criticize him—including *de minimis* snippets of his YouTube
9  videos, displays of his YouTube channel logo, the sounds of his voice, and screenshots of his face.
10 For example, in the already-related *Rebolo* case, Plaintiff sued an online user for creating a
11 YouTube channel designed to criticize him which used a picture of his face as its channel icon.
12 *Rebolo* Dkt. 15 ¶ 128.  He also sought leave to add infringement claims against another channel
13 critical of him, called "Acerthorn The True Acerthorn."  *Id.* Dkt. 16-1 ¶¶ 154-59.  For these
14 "infringements" Plaintiff sought approximately $3.5 million in damages, plus (as in the *Polano*
15 case) injunctive relief requiring YouTube to permanently ban all user-defendants.  *Id.* Dkt. 15 at
16 33.  Plaintiff not only sued the individuals who criticized him, but also the online services that
17 hosted those criticisms, including YouTube, Alphabet (Google's parent company), and now
18 Google (which provides the YouTube service).

19 This Court dismissed the present case, *Polano*, and warned Plaintiff that continuing to file
20 frivolous copyright claims aimed at stifling online criticism would result in him being declared a
21 vexatious litigant and subjected to a pre-screening order:

22> Plaintiff clearly feels aggrieved by comments made about him online by the Individual Defendants and others, but that does not
23> mean Plaintiff has a viable copyright claim.  He does not, and his pursuit of his claim has caused the Court to expend significant
24> resources addressing his meritless claims.  Plaintiff is warned that if he persists in filing frivolous or meritless lawsuits, the Court may
25> impose sanctions, bar from him from filing further actions without
26> prior approval, and/or deem him a vexatious litigant.

27 *Polano* Dkt. 158 at 8.  The Court issued the same warning in the *Rebolo* case, noting specifically
28 that Plaintiff was improperly targeting fair use criticism:

> [M]uch of the alleged infringement is plainly fair use criticism as Plaintiff himself concedes in the complaint…. Plaintiff's attempt to manufacture and pursue ultimately meritless copyright infringement claims in an effort to silence online criticism smacks of bad faith and abuse of the Court system.  Plaintiff's bad faith and his history of filing frivolous lawsuits further justifies dismissal without leave to amend…. Plaintiff is warned that if he persists in filing frivolous or meritless lawsuits, the Court may impose sanctions, bar him from filing further actions without prior approval, and/or deem him a vexatious litigant.

*Rebolo* Dkt. 20 at 4-5.  Both actions, however, remain pending.

### B. The New Action

On January 20, 2023, Plaintiff filed a new copyright action against Google that follows the same pattern, and features many of the same parties and facts, as the *Polano* and *Rebolo* cases.  *Stebbins v. Google LLC*, No. 3:23-cv-00322-LJC.  The case is currently assigned to Magistrate Judge Lisa J. Cisneros.  The Complaint (Dkt. 5) alleges that the channel "Acerthorn The True Acerthorn"—one of the same channels that Plaintiff complained about in the *Rebolo* case—is using a channel icon that displays a screenshot of his face superimposed with the phrase "ACERTHORN LAW."  *Id.* ¶¶ 5-13.[1]  Because the icon allegedly derives from a nearly four-hour video that Plaintiff created and copyrighted, he asserts a claim of copyright infringement against Google for hosting the icon on YouTube.  *Id.* ¶¶ 15-20.  As in the prior cases, he requests $150,000 in statutory damages and an injunction ordering Google to remove the content and ban the channel operator from YouTube.  *Id.* ¶¶ 52-56.  Plaintiff has also been granted leave to proceed *in forma pauperis*.  *Google* Dkt. 6.

Tellingly, Plaintiff spends the vast majority of his new Complaint defensively arguing that the channel icon is not fair use under the Copyright Act.  *Google* Dkt. 5 ¶¶ 35-51.  But clearly, it is: (1) the entire purpose and character of the challenged use is to criticize Plaintiff; (2) the underlying copyrighted video is of minimal creativity; (3) the channel uses an infinitesimal screenshot from a four-hour video; and (4) the channel's use of that screenshot has no impact

---

[1] The "Acerthorn The True Acerthorn" channel and associated icon can be found at https://www.youtube.com/@acerthornthetrueacerthorn4532/featured.  Plaintiff's allegedly-infringed video can be found at https://www.youtube.com/watch?v=iDKSx4oi-r0.

1  whatsoever on the market for Plaintiff's video, if there even is such a market at all. *See* 17 U.S.C.
2  § 107 (listing the fair use factors). If the case is not dismissed *sua sponte* (as it should be), Google
3  intends to file a motion to dismiss on fair use grounds, followed by a motion to recover all attorney
4  fees expended in defending yet another frivolous copyright case. *See* 17 U.S.C. § 505.

5        The new case should be deemed related to *Polano* and *Rebolo*. Under Civil L.R. 3-12(a),
6  an action is related to another when (1) "The actions concern substantially the same parties,
7  property, transaction, or event"; and (2) "It appears likely that there will be an unduly burdensome
8  duplication of labor and expense or conflicting results if the cases are conducted before different
9  Judges." Both requirements are easily met here. First, the new case involves the same Plaintiff
10 bringing the same type of claim against Google, which operates the YouTube service that was sued
11 (along with Google's parent, Alphabet) in the related *Polano* and *Rebolo* cases. The alleged
12 infringing channel, "Acerthorn The True Acerthorn," is one of the same channels at issue in the
13 *Rebolo* case. *Rebolo* Dkt. 16-1 ¶¶ 154-59. *Rebolo* also alleged the same type of infringing conduct
14 that is at issue in the new case: that another channel designed to criticize him infringed his
15 copyright by using a screenshot of his face as an icon. *Id.* Dkt. 15 ¶ 128. More fundamentally,
16 the new case follows the same abusive pattern as *Polano* and *Rebolo*: Plaintiff's use of copyright
17 law to silence fair use criticism of him.

18       Second, because the facts and circumstances are essentially the same across all cases, there
19 would be an undue waste of judicial resources and a risk of conflicting results if the cases proceed
20 before different Judges. Unfortunately, this Court is already well-versed in Plaintiff's litigation
21 history and abuse. And, this Court has repeatedly warned Plaintiff that he will be subject to a
22 vexatious litigant order if he continues to file frivolous copyright claims—warnings that he is
23 clearly ignoring. Accordingly, this Court is uniquely positioned to address the ongoing waste of
24 judicial resources that Plaintiff is causing.[2]

---

[2] Intervenors have also learned that Plaintiff recently filed ***another*** lawsuit in this District, *Stebbins v. Doe d.b.a. SidAlpha*, No. 4:23-cv-00321-DMR (filed Jan. 20, 2023), which the Court should consider relating as well. In this latest action Plaintiff is suing a YouTube user with the alias "SidAlpha" for defamation based on a video that SidAlpha posted about Plaintiff's litigation history, which can be found at https://www.youtube.com/watch?v=WB-Xd1qDKIY. Although

(continued...)

# CONCLUSION

For the foregoing reasons, Intervenors respectfully request that the Court consider whether *Stebbins v. Google* should be related to the *Polano* and *Rebolo* actions. Should the Court see fit to relate the cases, Intervenors respectfully urge the Court to consider screening the new complaint under 28 U.S.C. § 1915(e)(2)(B), dismissing it, declaring Plaintiff a vexatious litigant, and subjecting him to a pre-filing screening order in this District.

Dated: January 25, 2023

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   *s/ Jason Mollick*

Jason Mollick (*pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
jmollick@wsgr.com

*Counsel for Intervenors*
*Alphabet Inc. and YouTube, LLC*

---

Intervenors are not a party to this case, and it does not feature a copyright claim, SidAlpha was one of the individual defendants in the *Rebolo* case, and the video about which Plaintiff complains is the same video that he alleged was "copyright infringement" in the *Rebolo* action. *Rebolo* Dkt. 15 ¶¶ 109-21. Plaintiff also attempted to use this same video as a measuring stick for claiming copyright damages in the *Polano* case. *Polano* Dkt. 127-20 ¶ 5. Thus the facts, circumstances, and parties overlap substantially between all cases.

**CERTIFICATE OF SERVICE**

Pursuant to Civil L.R. 3-12(b), I certify that a copy of this motion will be served on all known parties who have appeared in each apparently-related case via CM/ECF. I further certify that a courtesy copy of this motion will be lodged with the assigned Judge in each apparently-related case under Civil L.R. 5-1(d)(7).

Dated: January 25, 2023	Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   *s/ Jason Mollick*

Jason Mollick (*pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
jmollick@wsgr.com

*Counsel for Intervenors*
*Alphabet Inc. and YouTube, LLC*