David Stebbins, pro se
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
870-212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| DAVID STEBBINS, | | PLAINTIFF |
| VS. | Case 3:21-cv-04184-JSW | |
| KARL POLANO, et al | | DEFENDANTS |

Judge: Hon. Jeffrey S. White

Action Filed: June 2, 2021

## OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Opposition to the Intervenors' Motion to Relate.

### The Motion to Recuse is Still Pending

1. First, I wish to remind the Court that I have filed a Motion to Recuse in this case. See Dkt. 159. My grounds for recusal is that Judge Jeffrey White has openly admitted, on record, to holding a grudge against me for issuing the voluntary dismissal he disapproved of. Not only does his grudge against me deprive me of my right to an impartial judge, but it is also an unconstitutional retaliation against me in its own right. See Bordenkircher v. Hayes, 434 US 357, 363 (1978) ("To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is patently unconstitutional") (citations and quotations omitted).

2. Remember that the judge has *already admitted* that he holds this grudge against me over what he considers to be an abuse of my absolute right to a voluntary dismissal. So I don't even have to prove it. Furthermore, remember that recusal is required, even when there is no actual judicial partiality, so long as there is a reasonable appearance of judicial partiality. See Liljeberg v. Health Services Acquisition Corp., 486 US 847 (1988). Moreover, the right to an impartial judge is so fundamental that it can "never be treated as harmless error." Arizona v. Fulminante, 499 US 279, 308 (1991) (citing Tumey v. Ohio, 273 U.S. 510 (1927)).

3. This Court must make a decision on the motion to recuse before it can take any other action in the case. Otherwise, it risks imposing an adverse ruling on me in direct violation of my absolute constitutional right to an impartial judge.

### It is not the same parties, property, transaction, or event

4. Once the motion to recuse is dealt with, there is no basis upon which to deem the cases related. Civil Local Rule 3-12(a) states that two conditions must be met in order for two or more cases to be related. They are …

> **(1)** The actions concern substantially the same parties, property, transaction, or event; and
>
> **(2)** It appears likely that there will be an unduly burdensome duplication of labor and

expense or conflicting results if the cases are conducted before different Judges.

5.      *Both* conditions must be met in order for the cases to be related, as evidenced by the word "and" at the end of Local Rule 3-12(a)(1). Neither condition is met.

6.      First, it is not the same parties. Google LLC is the defendant in the allegedly-related case, but Google LLC was never a defendant in either the Polano or Rebolo cases. While I filed a motion in the Rebolo case to include an act of infringement against ATTA, that motion was denied for reasons entirely unrelated to the merits of that infringement action. Therefore, there are no identical parties between the two cases.

7.      The same property (in this case, intellectual property) is not in controversy. I have never before filed suit over an infringement of the copyright whose registration number is PA0002340792, and certainly not part of this or the Rebolo cases. Therefore, the new case does not concern the same property.

8.      Nor does it concern the same transaction or event. Even in the previous motion for leave to amend complaint (which, to remind everyone, was denied for reasons unrelated to the merits, so it doesn't count, even as-is) concerned the uploading of a video, not the adopting of a channel icon. So neither the transaction, nor the event, are the same across both cases.

9.      Therefore, the first element of a related case has not been met. That alone is an absolute bar to the cases being deemed "related," because again, both requirements must be met.

**There is no duplication of labor or expense, or a risk of conflicting results.**

10.     In addition, the second requirement is also not met, which would also constitute an absolute bar to the cases being related, even if the first requirement was met.

11.     In fact, the intervenors have not even *tried* to satisfy this requirement. All they offer is some baseless, nebulous, uncorroborated allegations of "undue waste of judicial resources and a risk of conflicting results if the cases proceed before different Judges," but they fail to articulate exactly how the results of each case could possibly conflict with one another. If I prevail on the claim against Google LLC, how does that in any way, shape, or form conflict with anything that happened in this case or the Rebolo case? It doesn't. There is no same issues at present. Period.

### The new infringement is not "obviously" fair use.

12.     The defendants insist that ATTA's infringing channel icon is "clearly" fair use, which forms the exclusive basis upon which they claim that case is frivolous and, therefore, related to this one. But they offer absolutely no evidence, or even the *pretense* of good faith arguments, to back up these baseless claims.

   (a)     They say the icon's purpose is to criticize me. But they never explain exactly what that criticism is.

   (b)     They say that the underlying work is "minimally creative." How is it minimally creative? It's nearly four hours of exchanging opinions. How is that minimally creative?

   (c)     They say there is no adverse impact on the market for my video. Bear in mind that fair use takes into account, not just the market for the video itself, but also for derivative markets. So if I have a legal right to royalties for channel icons made using my copyrighted works, that's a derivative market, so it still counts as infringement.

13.     Furthermore, because ATTA has despoiled the evidence (more on that in the concurrent motion), the Court can no longer see for itself whether the icon is fair use or not. This means that it cannot determine if the new case is frivolous, which means it cannot determine at this stage if the frivolousness of the case makes it related to this one.

14.     More details will be offered in the motion for protective order and for sanctions, which I am filing alongside this Opposition. But suffice it to say, the intervenors are merely attempting to make blanket assertions with absolutely no proof and no effort put behind them. This is blatant bad faith and it should be stamped out.

### The intervenors' accusations against me are entirely uncorroborated.

15.     Once again, the intervenors make entirely uncorroborated accusations against me, out of a malicious desire to keep me from having my day in court and to deny me my constitutional right of access to the courts.

16.     I have repeatedly said, time and again, that this is false. All I want is to not be harassed. Criticism is one thing, but harassment is a crime.

17.     The intervenors have offered absolutely no evidence whatsoever that I am simply

attempting to silence people who are critical of me. They have also made no effort whatsoever to show that my two newest lawsuits are somehow frivolous, other than their baseless accusations of fair use that are unsupported by even a scintilla of evidence. Their logic amounts to nothing more than an Appeal to the Stone[1].

18.     For that matter, why do they continue to call me vexatious when I literally make efforts to correct what the Court took issue with previously?! For example, the Court previously held that I was understandably aggrieved by the harassment I have suffered, but held that this was not material to a copyright infringement action. Ok, so I filed a new lawsuit, alleging defamation instead. So what's the problem?! I corrected what you said was frivolous about the old lawsuit!

19.     Rather, when they call me a vexatious litigant, it is clear that don't want me to stop filing *frivolous* lawsuits (I haven't filed any of them to begin with), but to stop filing *any* lawsuits, period. It's frivolous because they personally don't like me. Nothing more, nothing less.

20.     So unless they can show some proof that I am not being harassed, and that the accusations of harassment are all in my head, they should be ordered to cease and desist making these baseless accusations against me. A separate motion to this effect will be filed shortly.

### The intervenors' proposed orders conflict with Judge Cisneros's Order

21.     Judge Cisoneros has already ordered process to be issued in that case. See Dkt. 6 ("The Clerk of Court shall issue the summons. Furthermore, the U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the complaint, any amendments or attachments, Plaintiff's affidavit and this order upon Defendant(s)").

22.     However, the intervenors' proposed order contains a provision that conflicts with that order. See Dkt. 174-2 ("IT IS FURTHER ORDERED that Defendant's time to respond to the Complaint in Case No. 3:23-cv-00322 shall be stayed pending the Court's initial screening of the Complaint under 28 U.S.C. § 1915").

---

1   See https://cognitive-liberty.online/argumentum-ad-lapidem-appeal-to-the-stone/ …
"Argumentum ad lapidem (Latin: "appeal to the stone") is a logical fallacy that consists in dismissing a statement as absurd without giving proof of its absurdity.
...
**Example**
Speaker A: Infectious diseases are caused by microbes.
Speaker B: What a ridiculous idea!
Speaker A: How so?
Speaker B: It's obviously ridiculous."

23.     If anything else, this portion of the order should be vacated. It is clear that Judge Cisneros reviewed the complaint and found it to be nonfrivolous. See Dkt. 6 ("Having considered the … complaint"). The intervenors are simply trying to get themselves a do-over, despite no showing that they are entitled to reconsideration.

24.     Therefore, the Court should ignore this portion of the proposed order, since that issue has already been adjudicated. If they believe Judge Cisneros overlooked something, the appropriate course of action in that case is to file a motion to dismiss, not to request *another* Sec. 1915 review.

## Conclusion

25.     The intervenors' motion is patently frivolous and is merely designed to throw me out of the court system entirely, depriving me of my First Amendment right to court access. They have offered no proof of frivolousness or bad faith, instead offering only their blanket assertions that it is fair use, which are nothing more than an appeal to the stone.

26.     But for the instant motion, the defendants have offered no evidence whatsoever that the current case against Google LLC is related to this one. They are two separate acts of infringement from a new direct infringer, a new defendant, and a new copyrighted work. Furthermore, me prevailing in the case against Google LLC does not in any way, shape, or form contradict anything that was or will continue to be adjudicated in the instant case. Therefore, the intervenors' motion to relate is frivolous (and this time, it's not an appeal to the stone because I've given tangible reasons why it's frivolous).

27.     Wherefore, premises considered, I respectfully pray that the motion to relate be denied, and that the defendants be sanctioned for delaying the administration of the other case by filing this frivolous motion. So requested on this, the 7th day of February, 2023.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
