1  RYAN S. BENYAMIN, State Bar No. 322594
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
3  1900 Avenue of the Stars, 28th Floor
   Los Angeles, California 90067
4  Telephone: (424) 446-6913
   Facsimile: (866) 974-7329
5  rbenyamin@wsgr.com

6  JASON MOLLICK (*pro hac vice*)
7  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
8  1301 Avenue of the Americas, 40th Floor
   New York, New York 10019
9  Telephone: (212) 999-5800
   Facsimile: (212) 999-5899
10 jmollick@wsgr.com

11 *Counsel for Intervenors*
12 *Alphabet Inc. and YouTube, LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| DAVID A. STEBBINS, | CASE NO.: 4:21-cv-04184-JSW |
| Plaintiff, | **OPPOSITION TO MOTION FOR PROTECTIVE ORDER AND FOR SANCTIONS [DKT. 179]** |
| v. | |
| KARL POLANO et al., | Judge: Hon. Jeffrey S. White |
| Defendants. | Action Filed: June 2, 2021 |

When Plaintiff claimed to need an extension of time to respond to Intervenors' Administrative Motion to Consider Whether Cases Should be Related, the Court granted his request, but instructed him to "carefully review Civil Local Rule 3-12(e) to ensure his response comports with the requirements of the rule and addresses only the issues required by the rule." Dkt. 177; *see also* Dkt. 175. The Local Rules also state that any opposition to an Administrative Motion "may not exceed 5 pages[.]" Civ. L.R. 7-11(b). Plaintiff disregarded the Court's instructions and the Local Rule by filing (in addition to an opposition) a 17-page "Motion for Protective Order and For Sanctions." Dkt. 179. Though styled as a separate "motion," the filing directly addresses the Administrative Motion and is a transparent end-run around the Local Rule. It also reveals the true reason why Plaintiff needed more time to respond to the 5-page Administrative Motion.

This is another example of "Plaintiff's efforts to manipulate the litigation process and his blatant gamesmanship," which this Court has noted in the past. Dkt. 134. Plaintiff has been declared a vexatious litigant elsewhere. *Stebbins v. Stebbins*, 2013 WL 3353865, at *1 (W.D. Ark. July 3, 2013). The dockets in his other cases are littered with meritless motions like this one. *See, e.g., id.* ("Not only has [Plaintiff] filed numerous cases, but he has also filed over one hundred motions within those cases, some of which have been repetitive, and few of which have had any merit."); *Stebbins v. Microsoft, Inc.*, 2012 WL 12896360, at *1 (W.D. Wash. Jan. 13, 2012) (noting that "time spent dealing with Mr. Stebbins' filings prevents the Court from addressing the genuine, vexing problems that people trust the Court to resolve quickly and fairly"), *aff'd*, 520 F. App'x 589 (9th Cir. 2013). Unfortunately, we have no doubt that more is to come.

As for the substance of Plaintiff's "motion," it is simply a screed against Intervenors' counsel for making arguments with which Plaintiff disagrees. He identifies no legal or factual basis for any relief, and in any event, he failed to comply with the procedures set forth in Federal Rule 11(c)(2). The motion is frivolous and should be denied.

| | | |
|---|---|---|
| 1 | Dated: February 21, 2023 | Respectfully submitted, |
| 2 | | WILSON SONSINI GOODRICH & ROSATI |
| 3 | | Professional Corporation |
| 4 | | By:     s/ Jason Mollick |
| 5 | | Jason Mollick (*pro hac vice*) |
| 6 | | 1301 Avenue of the Americas, 40th Floor |
| | | New York, New York 10019 |
| 7 | | Telephone: (212) 999-5800 |
| | | Facsimile: (212) 999-5899 |
| 8 | | jmollick@wsgr.com |
| 9 | | *Counsel for Intervenors* |
| 10 | | *Alphabet Inc. and YouTube, LLC* |