David Stebbins (pro se Plaintiff)      123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947                         acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                              PLAINTIFF

VS.                     Case 3:21-cv-04184-JSW

KARL POLANO, et al                                           DEFENDANTS

### REPLY IN SUPPPORT OF MOTION OF RPROTECTIVE ORDER AND FOR SANCTIONS

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply in Support of Motion for Protective Order and for Sanctions.

**There is still a motion to recuse pending.**

1. There is still a motion to recuse pending. See Dkt. 159. The Court must rule on that motion before it does anything else that might substantially affect the rights of the parties in this case.

**Exceeding five pages**

2. The intervenors complain that this motion for sanctions is nothing more than a work-around to get around the five (5) page limitation. This is false. As the Court can clearly see, I filed my own Opposition to the Administrative Motion alongside this motion, and I stayed within the 5 page limit on that brief. The title page made it six pages total, but that still counts, as evidenced by the fact that the intervenors' motion itself was 7 pages if you count the title page (p. 1) and the signature page (p. 7). So either both briefs exceeded the 5 page limit, or neither of them did.

3. The Court was clearly able to reach a decision on the Motion to Relate without needing to wait for a response to this motion. See Dkt. 180. So clearly, the five pages I spent addressing that one motion clearly was sufficient to defeat the motion. The intervenors' accusations that I used the current motion in order to sidestep the 5 page limit is clearly just them making excuses at this point. Clearly, I didn't need this current motion in order to defeat their administrative motion,

otherwise the Court would have waited for their Opposition to this motion before ruling on either one!

4. The Court never said that I was not allowed to file any additional motions except the one Opposition to Administrative Motion. In fact, it literally could not restrict me from doing that, even if it wanted to, without extraordinary cause, because my right to file a motion with the Court is secured by the First Amendment of the Constitution. See California Motor Transport Co. v. Trucking Unlimited, 404 US 508, 510 (1972) ("The right of access to the courts is indeed but one aspect of the right of petition").

5. It is telling that the intervenors complain about me not following the procedures in Rule 11(c), yet complain that I didn't incorporate this motion for sanctions into the 5-page Opposition to their Administrative Motion. Those two complaints are not compatible with one another. Rule 11(c) very clearly states that the motion for sanctions "must be made separately from any other motion."

6. Therefore, the intervenors' complaint that this motion is in violation of the Court's order restricting the subject matter is itself frivolous.

### More bad faith ad hominem attacks

7. Next in the ultra-short brief in opposition, the intervenors once again dig up my past transgressions. Once again, they fail to do anything with these past acts. It is important to remember that a party's prior bad acts are inadmissible to prove that the party is acting in accordance therewith in the instant case. See Fed.R.Evid. 404(b)(1). See also Rule 404 Notes of Advisory Committee on Proposed Rules:

> "Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened."

8. While it *could* be used to prove motive or intent (See Fed.R.Evid. 404(b)(2)), my past lawsuits cannot be used to prove that, due to a lack of probative value. The only way they could be used to prove anything like motive or intent is if (A) the intervenors are alleging that I am

filing this motion *solely* to harass them, and (B) they had proof that the previous lawsuits were similarly filed *solely to harass*, rather than out of a good faith (albeit mistaken) belief that I was legally entitled to recourse. In fact, the opposite is true: In the July 3, 2013 order the intervenors cite, the court conceded that I was indeed acting in good faith!

9. Therefore, those past actions cannot be used to prove that the current motion is being filed solely to harass. This means that for the intervenors to bring it up amounts to nothing more than an attempt to manipulate the Court into rewarding them and punishing me because of our respective characters, something the advisory notes explicitly warned against.

### More invincible ignorance, appeals to the stone, and proof by assertion

10. When they finally get around to addressing the substance of the current motion, their counter arguments amount to nothing more than a blanket denial of any accountability. They insist that my sole basis for filing this motion is because I "disagree" with their arguments, and then they make the baseless assertion that the motion is "frivolous." Ironically, the defendants are maintaining the very behavior that I moved for sanctions over in the first place: Invincible ignorance, appeals to the stone, and proof by assertion.

11. They claim that my motion complains merely about the intervenors "making arguments with which Plaintiff disagrees." Apparently, they didn't actually read the motion very thoroughly, because if they had, they would have seen just how far this counter-argument misses the mark. It's not that I *disagree* with their arguments. It's not that I *agree* with their arguments. It's that there are *literally no arguments at all*. I can't disagree with anything, because there's literally nothing for me to disagree with! If the intervenors had actually *read the motion*, they would have seen that.

12. This is just more instances of blatant invincible ignorance, appeal to the stone, and proof by assertion. Their baseless[1] denials need to be stamped out.

13. It is extraordinarily telling that, in a separate Motion for Protective Order in the case of Stebbins v. Google, the same counsel as here claimed that my motion was asking the Court "to admonish counsel ***not to criticize him***" (emphasis in original), even though nothing could be

---

1  "Baseless" because they literally provide no basis for them whatsoever, not simply because I disagree with the basis for them.

further from the truth. On multiple occasions in that motion and the attached proposed order, I made it clear that they should indeed still be allowed to make these arguments against me, so long as they back these accusations up with even an iota of evidence. Just an iota. If defense counsel truly believes that this bare minimum requirement on their criticism towards me is tantamount to complete and total censorship of criticism against me in its entirety, that speaks far more to how little they know their accusations against me are supported by any evidence at all than it could ever speak to me having thin skin.

### There is indeed a legal basis for sanctioning the intervenors.

14. The intervenors make the blanket assertion that my motion "identifies no legal or factual basis for any relief," but I clearly did. I cited Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F. 2d 1531 (9th Cir. 1986) as binding precedent. That precedent clearly states that "Rule 11 sanctions shall be assessed if the paper … is … without factual foundation." See id at 1538. The logical fallacies of invincible ignorance, appeal to the stone, and proof by assertion are, by their very nature, claims that lack any/all factual foundation.

15. Therefore, there is indeed a legal basis for this relief.

### Conclusion

16. Wherefore, premises considered, I respectfully pray that the Court issue the intervenors an appropriate sanction in order to deter them from making further accusations cut from whole cloth with absolutely no evidence to back them up, and any other relief to which I may be entitled.

       Submitted on Feb. 27, 2023.

*/s/ David Stebbins*
David Stebbins (pro se)
