UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DAVID A. STEBBINS,<br><br>Plaintiff,<br><br>v.<br><br>KARL POLANO, et al.,<br><br>Defendants. | Case No. 21-cv-04184-JSW<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND RECUSAL AND DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br>Re: Dkt. Nos. 159, 162, 165 |
|---|---|

Now before the Court for consideration are the motion for reconsideration and recusal and motion for relief from judgment filed by Plaintiff David Stebbins ("Plaintiff"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument.[1] *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court DENIES Plaintiff's motions.

## BACKGROUND

On July 11, 2022, this Court issued an order denying Plaintiff's motion for default judgment and dismissing the action. That same day, before the Court entered judgment, Plaintiff filed a motion requesting leave to file a motion for reconsideration. The Court entered judgment on July 11, 2022. Plaintiff subsequently filed a motion to set aside judgment pursuant to Federal Rule of Civil Procedure 60(b). In his motions, Plaintiff moves the Court to reconsider its order dismissing the case for five reasons: (1) the Court erred in permitting intervention by Alphabet and YouTube; (2) the Court erred in finding the work showed minimal creativity; (3) the Court improperly considered certain "inadmissible" allegations in the SAC in finding the work lacked

---

[1] The Court also considered Plaintiff's supplemental filing in support of both motions. (*See* Dkt. No. 165.)

1 human authorship; (4) the Court ignored evidence that showed the Copyright Office was aware of
2 errors in his registration application; and (5) the Court failed to adjudicate the claim for
3 misrepresentation under 512(f)(1).

4 The Court will address additional facts as necessary in the analysis.

## ANALYSIS

### A. The Court Denies Plaintiff's Motion for Reconsideration.

Under Local Rule 7-9(b), reconsideration may be sought only if one of the following circumstances exists: (1) a material difference in fact or law from that presented to the Court prior to issuance of the order that is the subject of the motion for reconsideration; (2) new material facts or a change of law occurring after issuance of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before issuance of such order. N.D. Civ. L.R. 7-9(b)(1)-(3). In addition, a party seeking leave to file a motion for reconsideration may not reargue any written or oral argument previously asserted to the Court. Civ. L.R. 7-9(c); *see also United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), rev'd on other grounds, 474 F.3d 1150 (9th Cir. 2007) ("A motion for reconsideration is not to be used as a means to reargue a case or to ask a court to rethink a decision it has made.").

Plaintiff brings his motion pursuant to Local Rule 7-9(b)(3), asserting manifest failure to consider material facts or dispositive legal arguments presented to the Court. Plaintiff seeks reconsideration of five aspects of the Court's order dismissing this action. First, Plaintiff asserts that the Court erred in permitting Alphabet and YouTube to intervene, which circumvented Plaintiff's earlier voluntary dismissal of the Corporate Defendants. Second, Plaintiff asserts that the Court erred in finding the work showed minimal creativity. Third, Plaintiff contends that in finding the work lacked human authorship, the Court improperly considered certain "inadmissible" allegations in the SAC. Fourth, Plaintiff contends that the Court ignored evidence that showed the Copyright Office was aware of errors in his registration application and still granted registration. Fifth, Plaintiff asserts that the Court failed to adjudicate the claim for misrepresentation under 512(f)(1) which he asserted against one of the individual defendants, Raul Mateas ("Mateas"). The Court finds Plaintiff's arguments unavailing for the reasons below and

concludes that he has not shown that reconsideration is warranted under Civil Local Rule 7-9.

Plaintiff first argues that the Court erred in permitting Alphabet and YouTube to intervene because it circumvented his earlier voluntary dismissal of Alphabet and Amazon. The Court already considered and rejected this argument in its order dismissing the action and thus it is improper under the Local Rule's prohibition against repeating previous arguments. *See* N.D. Civ. L.R. 7-9(c).[2]

Plaintiff's second and third arguments for reconsideration challenge the Court's conclusions regarding the creativity and human authorship of his livestream video. The Court considered and rejected Plaintiff's arguments regarding these elements in its order dismissing the case. Thus, Plaintiff's motion for reconsideration improperly attempts to reargue issues already presented to and decided by the Court. As the Court explained in the order dismissing the case, the SAC establishes that the livestream does not contain the minimal creativity required to be copyrightable and lacks human authorship. These allegations are fatal to Plaintiff's copyright claims related to the livestream. Plaintiff cannot now recast his allegations as "inadmissible hearsay" or use his motion for reconsideration as an attempt to amend his complaint. As the Court explained in its prior order, Plaintiff could not amend this complaint to cure these fatal defects without impermissibly contradicting his original allegations that the software turned on of its own accord and was "contentless and boring." *See Weilbeurg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal of a pro se complaint with prejudice is proper where it is "absolute clear" that the deficiencies in the complaint could not be cured by amendment).

Fourth, Plaintiff argues reconsideration is warranted because the Court failed to consider

---

[2] Even if this were not the case, the additional cases Plaintiff now cites do not support reconsideration. *See Fort Sill Apache Tribe of Oklahoma v. United States*, No. CIV-08-0541-F, 2008 WL 2891654 (W.D. Okla. July 23, 2008); *Dukes v. Wal-Mart Stores, Inc.*, No. 01-CV-02252-CRB, 2016 WL 4269093 (N.D. Cal. Aug. 15, 2016). Those cases stand for the proposition that a court loses jurisdiction to entertain a motion to intervene once a case is dismissed pursuant to Rule 41(a)(1) because there is no longer a pending case or controversy. Here, in contrast, Plaintiff's voluntary dismissal of Alphabet and Amazon did not terminate the action because the claims against the individual defendants remained. Thus, the Court retained jurisdiction over the ongoing case into which a non-party could intervene. Finally, even if the Court credited Plaintiff's argument, it would not alter the outcome as to YouTube who was not named in this action prior to seeking to intervene.

3

evidence regarding his classification of the accidental livestream as a "dramatic work." Plaintiff does not provide a citation to the evidence he claims the Court failed to consider. On review of Plaintiff's filing, it appears that Plaintiff may be referring to his request for judicial notice of the assertion that the Copyright Office required him to upload a copy of his work. (*See* Dkt. No. 144-1 at ¶ 1.) However, Plaintiff's assertion is not proper for judicial notice. To be entitled to judicial notice of a fact under Federal Rule of Evidence 201, Plaintiff must establish that the fact is not subject to reasonable dispute and is capable of immediate and accurate determination by resort to a source that cannot be reasonably questioned. Plaintiff's conclusory request for judicial notice did not satisfy either factor, and he did not supply the Court with any source material to determine if his request was justified. To the extent this is the evidence Plaintiff claims the Court failed to consider, reconsideration is not warranted on this basis.

Finally, Plaintiff asserts that reconsideration is warranted because the Court's order did not address his claim for misrepresentation against one of the individual defendants, Raul Mateas ("Mateas") pursuant to 17 U.S.C. section 512(f) ("Section 512(f)").

Plaintiff is correct that the Court did not expressly address Plaintiff's request for default judgment on this claim in its order dismissing the action. However, the Court has carefully reviewed Plaintiff's motion for default judgment and for the reasons discussed below, Plaintiff is not entitled to default judgment against Mateas on this claim.

A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment. *See Draper v. Coombs,* 792 F.2d 915, 924-25 (9th Cir.1986). Rather, granting or denying relief is entirely within the court's discretion. *See id.* The Ninth Circuit has enumerated the following factors (collectively, the *Eitel* factors) that a court may consider in determining whether to grant default judgment: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *See Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir.1986).

Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, except for allegations as to the amount of damages. *See TeleVideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir.1987). Further, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Id.* (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Here, after considering the *Eitel* factors, the Court finds in its discretion that granting default judgment against Mateas as to the misrepresentation claim is not warranted. In particular, the first and second *Eitel* factors, which analyze the substantive merits of Plaintiff's claim and the sufficiency of the complaint, do not favor default judgment. Under Section 512(f)(1), "[a]ny person who knowingly materially misrepresents…that material or activity is infringing…shall be liable for any damages…incurred by the alleged infringer…who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material." 17 U.S.C. § 512(f). Thus, a plaintiff must allege that the defendant "knowingly and materially misrepresent[ed] that copyright infringement ... occurred." *Online Policy Group v. Diebold*, 337 F. Supp. 1195, 1204 (N.D. Cal. 2004). However, "[a] copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake." *Rossi v. MPAA*, 391 F.3d 1000, 1004 (9th Cir. 2004); *see also Arista Records v. MP3Board*, 00 Civ. 4660 (SHS), 2002 WL 1997918, at *15 (S.D.N.Y. Aug. 29, 2002).

Plaintiff alleges that on May 25, 2021, he posted a video to YouTube in which he displayed a screenshot that included Mateas' Discord icon. (SAC ¶ 53.) Plaintiff alleges that Mateas issued a fraudulent takedown notice, and YouTube removed the video. (*Id*. ¶ 54.) Plaintiff alleges Mateas "does not own the copyright" to the allegedly infringing picture and "probably just pulled it off the Internet." (*Id*.) Plaintiff further alleges "[n]o reasonable person could…reasonably determined [sic] that [his] use of the screenshot was not fair use." (*Id*. ¶ 55.) Plaintiff issued a counter-notification, and YouTube reinstated the video by June 13, 2021. (*Id*. ¶ 56.) The video was removed for nineteen days. (*Id*.) Plaintiff alleges during this time "it was not getting views and thus not getting ad revenue." (*Id*.)

5

Plaintiff's allegations lack sufficient specificity to state a claim for misrepresentation. Plaintiff offers only conclusory assertions; he does not allege facts which identify how or why Mateas knew or should have known that the material was non-infringing. Plaintiff claims that he is entitled to default judgment on this claim because his allegations are deemed true. (*See* Dkt. No. 127-20, ¶ 26.) However, on default judgment, a defendant "is not held to facts that are not well-pleaded or to admit conclusions of law." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1078 (C.D. Cal. 2012). Plaintiff's conclusory allegations not well-pleaded, and are thus insufficient to establish a claim for misrepresentation.

Additionally, Plaintiff has not established he suffered damages because of the misrepresentation. Plaintiff alleges he lost views and ad revenue while the video was taken down. However, at default judgment, a plaintiff must offer evidence of the amount of damages suffered. *TeleVideo Systems, Inc.*, 826 F.2d at 917-18 ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); *see also PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1174-75 (C.D. Cal. 2002) ("[T]he plaintiff is required to provide proof of all damages sought in the complaint."). In his motion for default judgment, Plaintiff does not address the damages element of his misrepresentation claim and his conclusory allegations are insufficient to establish that the alleged misrepresentation caused him damage. *See Lenz v. Universal Music Corp.*, No. C 07-3783 JF, 2010 WL 702466, at *10 (N.D. Cal. Feb. 25, 2010) (Section 512(f) damages "must be proximately caused by the misrepresentation"). For these reasons, the first and second *Eitel* factors do not weigh in favor of default judgment.

The third *Eitel* factor requires the Court to consider the amount of money at stake in relation to the seriousness of Defendant's conduct. *See Eitel*, 782 F.2d at 1471. "Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions." *Valentin v. Grant Mercantile Agency, Inc.*, No. 1:17-cv-01019-AWI-SKO, 2017 WL 6604410, at *7 (E.D. Cal. Dec. 27, 2017) (internal citation omitted). In his motion for default judgment, Plaintiff seeks damages in the amount of $1,800,000 from the Individual Defendants. This is a substantial amount of money. Moreover, it is unreasonable given

1   that the video at issue in the misrepresentation claim was reinstated after being down for a

2   relatively short time. The Court finds this factor weighs against granting default judgment.

3         The fourth factor, which considers the possibility of prejudice to Plaintiff, also does not

4   weigh in favor of default judgment.  Despite Mateas' failure to appear and defend himself in this

5   action, Plaintiff has not shown that he will be prejudiced if default judgment on the

6   misrepresentation claim is not granted.  The video underlying this claim has been restored and as

7   discussed above, Plaintiff has shown that he suffered damages from the alleged misrepresentation.

8   Finally, the strong policy favoring decisions on the merits also weighs against default judgment.

9   On balance, the Court concludes that the *Eitel* factors do not favor default judgment against

10  Mateas on Plaintiff's Section 512(f) claim.

11        Accordingly, Plaintiff has failed to show that reconsideration is warranted, and the Court

12  DENIES his motion.

### B.     Plaintiff is Not Entitled to Relief Under Rule 60(b)(6).

Plaintiff has also filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides that a court may provide relief from judgment for "any other reason that justifies relief."  Rule 60(b)(6) is to be used "sparingly as an equitable remedy to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  "To receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered [her] unable to prosecute" her case.  *Id.* (citation and internal quotation marks omitted).  A party seeking relief under this Rule "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the prosecution or defense of the action in a proper fashion." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

Plaintiff argues that judgment should be set aside under Rule 60(b)(6) for the same reasons identified in his motion for reconsideration.  However, Rule 60(b)(6) is not intended to redress error on the part of the district court, or to provide a party a substitute for an appeal.  *Evans v. Woodford*, No. 1:06-cv-01250-ALA(P), 2008 WL 5114653, at *1 (E.D. Cal. Dec. 4, 2008) (quoting *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)).

7

Because Rule 60(b)(6) is not a basis for relief here, the Court DENIES Plaintiff's motion.

C. **Plaintiff's Request for Recusal is Denied.**

Plaintiff asserts that the Court should recuse itself if it decides to re-open the case on the basis that the Court holds a personal grudge against Plaintiff based on his behavior and dismissed the case to punish him for his "abusive behavior." Because Plaintiff has not shown that reconsideration or relief from judgment is warranted, the request for recusal is moot. In any event, 28 U.S.C. section 455(a) "require[s] recusal only if the bias or prejudice stem from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988). Judges are presumed to be impartial and, accordingly, parties seeking recusal bear "the substantial burden of proving otherwise." *United States v. Dehghani,* 550 F.3d 716, 721 (8th Cir.2008) (internal quotation marks and citation omitted). Here, Plaintiff seeks recusal based on this Court's rulings, but an adverse judicial ruling is not an adequate basis for recusal. *Litkey v. United States*, 510 U.S. 540, 549 (1994); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999). Plaintiff's request for recusal is DENIED.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' motion for reconsideration, motion for relief from judgment, and motion for recusal.

**IT IS SO ORDERED.**

Dated: March 28, 2023

_____
JEFFREY S. WHITE
United States District Judge

8