youDavid Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                    PLAINTIFF

VS.                                    Case 3:21-cv-04184-JSW

KARL POLANO, et al                                          DEFENDANTS

**NOTICE OF APPEAL**

      Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Notice of Appeal in the above-styled action. The District Court erred in the following ways:

1.     First, the District Court erred in dismissing with prejudice my claim for intentional infliction of emotional distress. This was erroneous for two reasons:

    (a)    First, it was error for the District Court to find that my factual allegations (which included computer viruses and doxxing) were not sufficiently outrageous to constitute the tort of IIED.

    (b)    Second, the District Court should only have dismissed the claim without prejudice, so I could refile it if I corrected the deficiencies and ended up suffering a more severe injury.

2.     Second, the intervenors should not have been allowed to intervene. This was not even an abuse of discretion by the District Court, because the District Court had no discretion to circumscribe the voluntary dismissal in any way, shape, or form.

3.     Third, the District Court abused its discretion when it considered my voluntary dismissal as a factor when granting the Motion to Intervene. Since his goal was to discourage this behavior in the future, that amounted to punishment in everything but name. However, "to punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to

penalize a person's reliance on his legal rights is patently unconstitutional." See Bordenkircher v. Hayes, 434 US 357, 363 (1978) (citations and quotations omitted).

4.      Fourth, the District Court erred in finding that the April 10, 2021 livestream lacked minimal creativity. The District Court even admitted, in its per curiam opinion, that there was indeed small bursts of creative expression in the livestream, but found that these were not "creative choices." However, copyright law does not require "creative choices" as a requirement for copyright protection; it only requires *creativity*. The District Court's claim that the mere fact that the work was created by accident automatically and necessarily strips it of minimal creativity has absolutely no basis in reality.

5.      Fifth, the District Court properly found that I improperly categorized the livestream as a "dramatic work" when registering the copyright. However, it improperly found that this miscategorization, alone, was grounds to invalidate the registration. The District Court also acknowledged that the law required a "knowingly" inaccurate statement on the registration, yet made no finding that the improper categorization was done with knowledge that it was improper.

6.      Sixth, the District Court erred when it found that the livestream was not one of human authorship. The alleged admission offered in support of this finding of fact was not admissible, and the finding was made in direct violation of the binding precedent which states that the Court, on a Rule 12(b)(6) motion to dismiss, must not only assume all facts in the complaint to be true, but also make all reasonable inferences in the plaintiff's favor. The latter means that, as long as a "figurative" interpretation of that section of the complaint is a reasonable one, the court is required to give me that benefit of the doubt and allow me to test the claim of the merits. See Navarro v. Block, 250 F. 3d 729, 732 (9th Cir. 2001). The court denied me that legal right.

7.      Seventh, the District Court left the Section 512(f) misrepresentation claim unresolved when it closed the case.

8.      Eighth, leave to amend was improperly denied. He claims that leave to amend would be futile, but this is not the case. He says that an amended complaint cannot contradict earlier statements, but I never said in any of the complaints that the stream lacked minimal creativity. Furthermore, the supposed "admission" that the streaming software turned on "of its own

accord" was not admissible because it was not based on personal knowledge, meaning it cannot be used against me. Therefore, there is no reason why an amended complaint could not correct these deficiencies.

9.      Ninth, the District Court abused its discretion when it denied my Motion for Sanctions.

10.     Lastly, Judge Jeffrey White should have recused himself, since he, by his own admission, sought to punish me with adverse rulings primarily because he personally does not like me, because I invoked my absolute right to voluntarily dismiss parties in a way that he, personally, did not like. He has demonstrated "a deep-seated favoritism or antagonism that would make fair judgment impossible,"[1] because he has proven that every ruling going forward will be made with a healthy regard for his disdain towards me for issuing that voluntary dismissal. This deprived me of my absolute right to an impartial judge.

So notified on this, the 3rd day of April, 2023.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave., APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

---

[1]  See Liteky v. United States, 510 US 540, 555 (1994).