David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D     Harrison, AR 72601
(870) 212-4947     acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                          PLAINTIFF

VS.                            Case 3:21-cv-04184-JSW

KARL POLANO, et al                                       DEFENDANTS

## NOTICE REGARDING REFERRAL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Notice to the Court regarding the Court of Appeals' Referral (Dkt. 192).

1.  I wish to remind the Court of the extremely high bar that must be cleared before it can declare a case frivolous. Such a finding requires much more than just a garden-variety disagreement with my position. According to the case of Denton v. Hernandez, 504 US 25, 33 (1992), the Court can only find the case to be frivolous if the allegations contained therein are "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." This is an extremely high bar to clear.

2.  In addition, the Court should also remember that, according to the very precedent the Court of Appeals cites, "§ 1915(a) requires in forma pauperis status to be authorized for an appeal as a whole and not on a piecemeal basis by particular claims... If at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole." See Hooker v. American Airlines, 302 F. 3d 1091, 1092 (9th Cir. 2002).

3.  I have alleged numerous grounds for appeal, all of which were taken in subjective good faith. These include …

  (a)  There is no "intent" requirement for copyright eligibility.

  (b)  The District Court did not construe the facts in the Complaint "in the light most favorable to the Plaintiff," which is reversible error.

  (c)  The voluntary dismissal was absolute and could not be circumscribed in any way, shape, or form, no matter what.

        i.        For what it's worth, on appeal, the intervenors concede that, if the language of that case law were indeed applicable to the instant case, it would indeed support my argument that the voluntary dismissal was indeed an absolute bar to them being allowed intervenor status. Instead, they attempt to draw a distinction that the Court of Appeals already explicitly rejected in an earlier precedent. This should help give the Court an indication of just how non-frivolous my appeal is.

    (d)    The dismissal of the § 512(f) claim was in error.

4.    There were plenty of other issues on appeal besides these, and only one non-frivolous claim on appeal is necessary for me to be entitled in forma pauperis status for the entire appeal.

5.    Consider this: I had already raised half of the issues on appeal in a Motion for Summary Reversal. The Court of Appeals accepted that motion. But as soon as I filed the Opening Brief and argued the remainder of my issues, then and only then do they get cold feet about the alleged frivolousness of this case. But if every issue on appeal was frivolous (which it must, if I am to be denied IFP status on appeal), why not refer the case back to the district court as soon as I file my Motion for Summary Reversal?

6.    The only explanation that makes sense is that the Motion for Summary Reversal contained non-frivolous claims, and only upon seeing the opening brief (which also contained non-frivolous claims) did they suddenly feel uncomfortable continuing with the case.

7.    So why did they only just now feel uncomfortable about continuing with the case? Well, as I point out in the opening brief, siding with the appellees in this case has the potential to create a dangerous slippery slope that the Court of Appeals should not adopt lightly. See Opening Brief, ¶¶ 104-107.

8.    However, it is very possible that the Court of Appeals may have opined that *this case* was not a good case to set this important precedent. Much like how you can have a circuit split, but the Supreme Court, for whatever reason, may determine that the case before it is not a "good case" with which to resolve that circuit split, perhaps the Court of Appeals felt uncomfortable having the instant case be the precedent-setting case. There certainly are quite a few problems with this case that make it less than ideal to serve as "the" case that sets this precedent from this

day forth. The fact that it has a pro se appellant is one problem. Another is the fact that the central issue on appeal (whether copyright law requires a work to be intentional in order to be copyrighted) is coupled with some gratuitous "voluntary dismissal" drama, which complicates the matter considerably.

9. But that does not mean the solution is to strip me of my constitutional right to court access, wholesale. Again, as long as even one issue on appeal is non-frivolous, I am entitled to proceed in forma pauperis.

10. Besides, the part about this case having a pro se appellant is easily remediable. Instead of considering revoking my in forma pauperis status, maybe they should consider issuing a sua sponte order asking me to consider accepting appointed counsel! Then, there's no more pro se appellant, is there?!

11. The latter problem (the additional "voluntary dismissal" baggage) can be remedied through the simple expedient of granting the Motion for Summary Reversal. Then, they can remand the case back to the District Court for further proceedings, and, if I still lose despite being granted the relief requested in the Summary Reversal motion, I can file another appeal, this time with the "intent requirement" issue being the sole issue on appeal.

12. In other words, these problems do indeed have solutions to them. But arbitrarily revoking my in forma pauperis status when we're already waste deep into appellate proceedings is not the answer. For these reasons, I ask the District Court certify that at least one of my issues on appeal is non-frivolous.

So notified on this, the 6th day of June, 2023.

/s/ David Stebbins<br>David Stebbins